**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PIERO CRIVELLARO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIAOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, and LEI NIE,<br><br>Defendants. | Case No.: 1:22-cv-07499 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RUIBIN WANG, SEN GAO, LUXIAO XU AND CONGLI HUO FOR APPOINTMENT AS**
**<u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND ............................................................................................. 3

ARGUMENT ..................................................................................................................... 5

I.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF ........................................ 5

      A.    The PSLRA Standard For Appointing Lead Plaintiff ............................................ 5

      B.    Movants Are The "Most Adequate Plaintiffs" ...................................................... 6

            1.    Movants' Motion Is Timely .......................................................................... 6

            2.    Movants Have A Substantial Financial Interest ........................................... 7

            3.    Movants Satisfy Rule 23's Typicality And Adequacy Requirements ........ 8

                  a.    Movants' Claims Are Typical Of Those Of The Class .................. 8

                  b.    Movants Satisfy The Adequacy Requirement Of Rule 23 .............. 9

II.   MOVANTS' SELECTION OF LEAD COUNSEL MERITS APPROVAL ..................... 10

CONCLUSION ................................................................................................................. 11

## TABLE OF AUTHORITIES

<u>Cases</u>                                                            <u>Page(s)</u>

*Denny v. Canaan, Inc.*,
Case No. 21-cv-3299 (JPC), 2021 WL 5847647 (S.D.N.Y. Dec. 9, 2021) ............................... 7

*Faig v. Bioscrip, Inc.*,
Case No. 13-cv-06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013).......................... 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 10

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005)................................................................................................... 9

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008).................................................................................................. 7

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998).............................................................................................. 7

*In re Sequans Communications S.A. Sec. Litig.*,
289 F.Supp.3d 416 (E.D.N.Y. 2018)............................................................................................ 9

*In re Third Ave. Mgmt. LLC Sec. Litig.*,
Case No. 16-cv-02758 (PKC), 2016 WL 2986235 (S.D.N.Y. May 13, 2016) .......................... 8

*Kemp v. Universal Am. Fin. Corp.*,
Case No. 05-cv-9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ............................... 7

*Kux-Kardos v. VimpelCom, Ltd.*,
151 F. Supp. 3d 471 (S.D.N.Y. 2016)......................................................................................... 8

*Lax v. First Merchs. Acceptance Corp.*, Case,
No. 97-cv-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ................................................... 7

*Martingano v. Am. Int'l Grp., Inc.*,
Case No. 06-cv-1625 (JG) (JMA), 2006 WL 1912724 (E.D.N.Y. July 11, 2006) ................... 6

*Micholle v. Ophthotech Corp.*,
Case No. 17-cv-210 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018).......................... 6, 8

*Randall v. Fifth St. Fin. Corp.*,
Case No. 15-cv-7759 (LAK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ................................ 7

*Richman v. Goldman Sachs Grp.*,
274 F.R.D. 473 (S.D.N.Y. 2011).................................................................................................. 7

ii

*Silverberg v. Dryships Inc.*,
    Case No. 17-cv-4547, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) ...................................... 7

*Tan v. NIO, Inc.*,
    Case No. 19-cv-1424 (NGG) (VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ................. 8

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
    Case No. 10-cv-01405 (SLT) (RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ................ 7

Statutes

15 U.S.C. § 78u-4(a)(1) ................................................................................................................ 5
15 U.S.C. § 78u-4(a)(3)(A)(i) ....................................................................................................... 6
15 U.S.C. § 78u-4(a)(3)(A)(i)(II) .................................................................................................. 9
15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................... 1, 5
15 U.S.C. § 78u-4(a)(3)(B)(i) ................................................................................................... 1, 6
15 U.S.C. § 78u-4(a)(3)(B)(iii) .................................................................................................... 7
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................................ 2, 6
15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .......................................................................................... 6, 10
15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................ 2, 9, 10

Other Authorities

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 ........................... 10

Proposed Lead Plaintiffs Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo (collectively "Movants") respectfully submit this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (i) appointing Movants as Lead Plaintiff on behalf of a class consisting of all persons who purchased or otherwise acquired publicly traded Singularity Future Technology Ltd. f/k/a Sino-Global Shipping America Ltd. ("Singularity" or the "Company")[1] securities during the period between February 12, 2021 and November 17, 2022, inclusive (the "Class Period"); (ii) approving Movants' selection of the law firm of Berger Montague PC ("Berger Montague") as Lead Counsel and Kirby McInerney LLP ("Kirby McInerney") as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Movants respectfully submit that they should be appointed Lead Plaintiff on behalf of all investors who purchased or acquired Singularity securities during the Class Period, and who were damaged thereby (the "Class").[2] This action alleges violations of Sections 10(b) and 20(a) of the Exchange Act against Singularity and certain of its directors and officers (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant

---

[1] On January 5, 2022, Sino-Global Shipping America, Ltd. ("Sino-Global") announced that it would change its name to Singularity Future Technology Ltd. Sino-Global shares (NASDAQ: SINO) began trading on NASDAQ under the new ticker symbol "SGLY" on January 7, 2022.

[2] A copy of Movants' Certifications pursuant to the PSLRA are attached as Exhibit ("Ex.") A to the Declaration of Ira M. Press ("Press Decl."), submitted concurrently herewith. All exhibit references are to the Press Decl.

1

has the "largest financial interest" in the relief sought by the Class and whether such movant has made a *prima facie* showing that the movant is a typical and adequate Class representative under Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u- 4(a)(3)(B)(iii)(I).

For the reasons stated herein, Movants respectfully submit that they are the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff. Movants have a substantial financial interest in this litigation. Collectively, Movants purchased 219,391 shares of Singularity and Sino-Global during the Class Period, with a total Class Period expenditure of approximately $1,367,146, and suffered total Class Period investment losses of approximately $799,453 on a last-in-first-out ("LIFO") basis for claims arising under the Exchange Act. *See* Ex. C. Movants have the largest known loss of any other movant and a substantial financial interest in recovering losses attributable to Defendants' violations of federal securities laws; they are therefore, the "most adequate plaintiff" under the PSLRA. *See* Section I.B.2, *infra*.

Further, Movants satisfy the typicality and adequacy requirements of Rule 23 in that: (i) Movants' claims arise from the same course of events as those of the other Class members, (ii) Movants rely on similar legal theories to prove Defendants' liability, and (iii) Movants have retained experienced counsel and are committed to vigorously prosecuting the claims. *See* Section I.B.3, *infra*.

Finally, pursuant to the PSLRA, Movants respectfully request that the Court approve their selection of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"). Both proposed Lead Counsel and proposed Local Counsel have decades worth of experience representing investors in shareholder litigation and securities class actions and have the expertise and resources necessary

2

to handle this complex litigation. *See* Section II, *infra*.

Accordingly, Movants respectfully request that the Court appoint them as Lead Plaintiff for the Class and approve their selection of Lead Counsel and Local Counsel.

## **FACTUAL BACKGROUND[3]**

Singularity is a global logistics company that, in late 2021, pivoted to develop a presence in the blockchain supply management area and distribute, sell, and market crypto mining equipment.

The complaint alleges that, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose, among other things, that: (1) Yang Jie, the Company's Chief Executive Officer ("CEO"), President and Executive Chairman from November 1, 2021 through August 9, 2022, had an outstanding warrant for his arrest in China, committed forgery, and was the largest shareholder and VP of Finance for a Nasdaq-listed lending company, China Commercial Credit ("CCC"), which failed after reporting massive losses; (2) the Company engaged in material related party transactions with SOS Information Technology New York Inc. ("SOS") and Rich Trading Co. Ltd USA ("Rich Trading"); (3) Director John Levy had a prior tenure from January 2013 through December 2016 as a director of CCC, which failed amidst detailed allegations that Jie, when he was an executive and shareholder of CCC, misappropriated assets; and (4) the Company lacked adequate internal controls and, as a result, had a heightened risk of scrutiny and ultimately was subject to a United States Attorney's Office for the Southern District of New York and Securities and Exchange Commission ("SEC") investigation and action as well as a potential delisting by NASDAQ.

---

[3] The factual allegations are derived from the initial complaint filed in the above-captioned action.

The truth regarding Singularity began to emerge on May 5, 2022, when Hindenburg Research issued a report about Singularity entitled "Singularity Future Technology: This Nasdaq-Listed Company's CEO Is A Fugitive, On The Run For Allegedly Operating A Massive Ponzi Scheme." The Hindenburg report disclosed that Defendants made false and/or misleading statements and/or failed to disclose, among other things:

(a) the truth about Jie's educational background, that there was an outstanding warrant for his arrest in China, that he committed forgery, was the largest shareholder and VP of Finance for a Nasdaq-listed lending company, CCC, which failed after reporting massive losses;

(b) that the Company engaged in material related party transactions with SOS and Rich Trading;

(c) that independent director John Levy had a long tenure as a director of CCC; and

(d) that the Company lacked adequate internal controls and as a result had a heightened risk of scrutiny and ultimately was subject to a United States Attorney's Office for the Southern District of New York and SEC investigation and action as well as a potential delisting by NASDAQ.

Following this news, the price of Singularity shares declined by 40.63% to close at $4.80 per share on May 5, 2022, on heavy trading volume. The stock price fell further on May 6, 2022 – an additional 13.21% – to close at $4.24 per share.

Then, on October 7, 2022, Singularity filed with the SEC a Form 8-K in which the Company partially disclosed issues with internal controls and reported a potential delisting by NASDAQ. Following this news, on October 7, 2022, the price of Singularity shares declined by 11.79% to close at $2.29 per share.

4

Finally, on November 16, 2022, Singularity filed with the SEC a Form 8-K in which it disclosed governmental investigations of Singularity related to the claims raised by Hindenburg Research on May 5, 2022 and other related matters. Following this news, on November 16, 2022, the price of Singularity shares declined by 22.97% to close at $2.09 per share on heavy trading volume.  It fell further on November 17, 2022 - 84.96% - to close at $1.13 per share.

**ARGUMENT**

## I.   MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFF

Movants respectfully submit that they should be appointed Lead Plaintiff because they filed the instant Motion in a timely manner, have a substantial—if not the largest—financial interest in this litigation under the Exchange Act claims, and satisfy the typicality and adequacy requirements of Rule 23.  Moreover, they are a group of investors with a long-standing relationship, one that predates this litigation.  *See* Ex. D.  They are familiar with each other and know how to communicate efficiency and effectively with each other.  *Id.*

### A.   The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a Lead Plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff). First, the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and

5

> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, a court is to consider any motion made by class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court should adopt a presumption that the "most adequate plaintiff" is the person or group of persons who: (i) filed a complaint or timely filed a motion to serve as Lead Plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Micholle v. Ophthotech Corp.*, Case No. 17-cv-210 (VSB), 2018 WL 1307285, at *4 (S.D.N.Y. Mar. 13, 2018); *Martingano v. Am. Int'l Grp., Inc.*, Case No. 06-cv-1625 (JG) (JMA), 2006 WL 1912724, at *3 (E.D.N.Y. July 11, 2006). Under the criteria established by the PSLRA, Movants are the most adequate plaintiffs and should be appointed Lead Plaintiff.

### B.    Movants Are The "Most Adequate Plaintiffs"

#### 1.    Movants' Motion Is Timely

Movants have timely filed this Motion to serve as Lead Plaintiff. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the above-captioned action caused notice regarding the pending nature of this case to be published on *Business Wire,* a widely circulated, business-oriented news wire service, on December 9, 2022. *See* Ex. B. The PSLRA provides that any person who is a member of the proposed Class may apply to be appointed Lead Plaintiff within sixty days after

publication of the notice, *i.e.*, on or before February 7, 2023. Movants filed this Motion seeking appointment as Lead Plaintiff within this deadline and thus have satisfied the procedural requirements of the PSLRA.

### 2.    Movants Have A Substantial Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Kemp v. Universal Am. Fin. Corp.*, Case No. 05-cv-9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).[4]

Movants have suffered a collective loss of approximately $799,453 on a LIFO basis for claims arising under the Exchange Act. *See* Ex. C; *see also Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, Case No. 10-cv-01405 (SLT) (RER), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (finding the movant with the largest financial interest to be the presumptive "most adequate plaintiff"). Accordingly, Movants have a substantial financial interest in the outcome of the litigation and are presumptively the "most adequate plaintiff(s)." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Randall v. Fifth St. Fin. Corp.*, Case No. 15-cv-7759 (LAK), 2016

---

[4] "[T]he PSLRA does not delineate how to calculate which plaintiff has the 'largest financial interest.'" *Denny v. Canaan, Inc.*, Case No. 21-cv-3299 (JPC), 2021 WL 5847647, at *2 (S.D.N.Y. Dec. 9, 2021). Courts typically regard the factors that comprise the *Olsten-Lax* test: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, Case No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Many courts place "the most emphasis on the last of the four factors." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (citation omitted) (internal quotation marks omitted); *see also Silverberg v. Dryships Inc.*, Case No. 17-cv-4547, 2018 WL 10669653, at *4 (E.D.N.Y. Aug. 21, 2018) ("Courts generally consider those factors to be 'properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important.'") (quoting *Richman v. Goldman Sachs Grp.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011).

WL 462479, at *1 (S.D.N.Y. Feb. 1, 2016) (same).

### 3.    Movants Satisfy Rule 23's Typicality And Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Federal Rule of Civil Procedure 23." *See Tan v. NIO, Inc.*, Case No. 19-cv-1424 (NGG) (VMS), 2020 WL 1031489, at *2-3 (E.D.N.Y. Mar. 3, 2020); *see also In re Third Ave. Mgmt. LLC Sec. Litig.*, Case No. 16-cv-02758 (PKC), 2016 WL 2986235, at *1 (S.D.N.Y. May 13, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate. *See Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016). Here, Movants satisfy both requirements.

### a.    Movants' Claims Are Typical Of Those Of The Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Faig v. Bioscrip, Inc.*, Case No. 13-cv-06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *See id.*

Movants' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movants allege that, in violation of federal securities laws, Defendants, among other things, failed to disclose to investors that Singularity's CEO had misrepresented his educational background and had an outstanding warrant for his arrest in China, and that the Company engaged in material related party transactions. Because Movants' claims arise from the same course of events as the claims of all other Class members, the typicality requirement is satisfied. *See Micholle*, 2018 WL 1307285, at *6.

8

**b.      Movants Satisfy The Adequacy Requirement Of Rule 23**

In addition, Movants satisfy the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class."

Courts in this District have held that "[t]he adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *In re Sequans Communications S.A. Sec. Litig.*, 289 F.Supp.3d 416, 422 (E.D.N.Y. 2018) (quoting *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

Here, Movants will fairly and adequately represent the interests of the proposed Class. Movants have the resources and motivation sufficient to pursue a class action to a successful conclusion, and are committed to jointly prosecuting the claims on behalf of Singularity investors. *See* Ex. D. Moreover, Movants are committed to pursuing the best recovery possible for themselves and all other Class members. *See id*. Movants incurred substantial losses and thus are highly motivated to maximize any recovery. Movants also have selected and retained experienced counsel, Berger Montague as proposed Lead Counsel and Kirby McInerney as proposed Local Counsel, both of which have an extensive record of prosecuting securities class actions vigorously and efficiently. *See* Section II, *infra*. Movants have timely submitted their choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) & (B)(v).

Furthermore, no antagonism exists between Movants' interests and those of the absent Class members. Rather, they are aligned. Like all other Class members, Movants suffered substantial losses due to Defendants' alleged misconduct and, therefore, have a sufficient and

9

identical interest in the outcome of this case to ensure vigorous prosecution of the litigation for the benefit of all Class members.

Finally, there is no evidence to suggest that Movants are "subject to unique defenses that render such plaintiff incapable of representing the class," because no such evidence exists. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, Movants satisfy the adequacy requirement.

Thus, Movants clearly satisfy the requirements of the PSLRA for lead plaintiff appointment and should be appointed Lead Plaintiff on behalf of the putative Class of damaged Singularity investors here.

## II.     MOVANTS' SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." H.R. Conf. Rep. No. 104-369, at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Movants have selected the law firm of Berger Montague to represent the Class. Berger Montague has a long record of success in securities litigation and has achieved many of the largest securities recoveries since Congress enacted the PSLRA. The firm advises clients on litigation and recovery options in securities proceedings throughout the United States and internationally. Berger Montague has served as lead or co-lead counsel in numerous other major securities class action cases, both within this District and beyond, where substantial settlements were achieved on behalf of investors. *See* Ex. E.

10

In addition, Movants have selected the law firm of Kirby McInerney to serve as Local Counsel. Kirby McInerney has over seventy years of experience representing investors in connection with securities litigation. The firm's efforts on behalf of shareholders in securities litigation have resulted in recoveries totaling billions of dollars. *See* Ex. F.

In light of the foregoing, by approving Movants' selection of the law firms of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class, the Court can be assured that the Class will receive the highest quality representation. Thus, the Court should approve this selection.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court grant their Motion and enter an Order of the following: (i) appointing Movants as Lead Plaintiff on behalf of a Class consisting of all persons other than Defendants who purchased or otherwise acquired Singularity securities during the Class Period; (ii) approving Movants' selection of the law firm of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class; and (iii) granting such other and further relief as the Court may deem just and proper.

Dated: February 7, 2023                                   Respectfully submitted,

**KIRBY McINERNEY LLP**

/s/ *Ira M. Press*
Ira M. Press
Thomas W. Elrod
250 Park Avenue, Suite 820
New York, York 10177
Telephone: (212) 371-6600
Email: ipress@kmllp.com
      telrod@kmllp.com

*Local Counsel for Lead Plaintiff Movants, Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo, and Proposed Local Counsel for the Class*

11

**BERGER MONTAGUE PC**
Sherrie R. Savett
Michael Dell'Angelo
Andrew D. Abramowitz
James A. Maro
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net
       mdellangelo@bm.net
       aabramowitz@bm.net
       jmaro@bm.net

*Counsel for Lead Plaintiff Movants, Ruibin Wang,
Sen Gao, Luxiao Xu, and Congli Huo and Proposed
Lead Counsel for the Class*

**SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel: (310) 301-3335
Email:  brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant,
Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo*

12

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2023, a true and correct copy of the foregoing document

was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Ira M. Press
Ira M. Press

13