**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PIERO CRIVELLARO, Individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIAOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, and LEI NIE,<br><br>  Defendants. | Case No.: 1:22-cv-07499 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION BY RUIBIN WANG, SEN GAO, LUXIAO XU AND CONGLI HUO FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL, <u>AND IN OPPOSITION TO COMPETING MOTIONS</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .............................................................................................................................. 3

     I.       Movants Should Be Appointed As Lead Plaintiff ................................................... 3

          A.      Movant Has The Largest Financial Interest................................................ 3

          B.      Movant Satisfies The Requirements Of Rule 23 ....................................... 4

          C.      Movant's Selection Of Counsel Should Be Approved .............................. 7

     II.      The Competing Motions Should Be Denied............................................................ 7

CONCLUSION........................................................................................................................... 8

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                    <u>Page(s)</u>

*Atanasio v. Tenaris S.A.*,
   331 F.R.D. 21 (E.D.N.Y. 2019) ................................................................................... 1, 4

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*,
   No. 18-cv-3608 (VSB), 2019 WL 364570 (S.D.N.Y. Jan. 30, 2019) ........................................ 4

*Faig v. Bioscrip, Inc.*,
   No. 13-cv-06922 (AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ................................... 5

*Glavan v. Revolution Lighting Techs., Inc.*,
   No. 19-cv-980 (JPO), 2019 WL 3406582 (S.D.N.Y. July 29, 2019) ........................................ 4

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ......................... 6

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................ 8

*In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825 (NGG) (RER),
   2007 WL 680779 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration*, No. 06-cv-1825
   (NGG) (RER), 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) ...................................................... 3

*In re Drexel Burnham Lambert Grp., Inc.*,
   960 F.2d 285 (2d Cir. 1992) .......................................................................................... 5

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008) ................................................................................... 4

*In re Initial Pub. Offering Sec. Litig.*,
   214 F.R.D. 117 (S.D.N.Y. 2002) ................................................................................... 5

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................... 3

*In re Sequans Commc'ns S.A. Sec. Litig.*,
   289 F. Supp. 3d 416 (E.D.N.Y. 2018) ........................................................................... 6

*In re Sesen Bio, Inc. Sec. Litig.*,
   No. 21 CIV. 7025 (AKH), 2022 WL 3996712 (S.D.N.Y. Sept. 1, 2022) ................................. 6

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015) .......................................................................... 2, 8

*Lax v. First Merchs. Acceptance Corp.*,
  No. 97-cv-2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ...................................................... 3

*Lee v. iQIYI, Inc.*,
  No. 20CV1830LDHJO, 2020 WL 6146862 (E.D.N.Y. Oct. 20, 2020) ..................................... 6

*Moshell v. Sasol Limited*,
  No. 20-cv-1008 (JR), 2020 WL 2115410 (S.D.N.Y. Feb. 5, 2020) ........................................... 6

*Plaut v. The Goldman Sachs Grp., Inc.*,
  No. 18-cv-12084 (VSB), 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) .................................. 5

*Richman v. Goldman Sachs Grp.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) ............................................................................................... 4

*Salinger v. Sarepta Therapeutics, Inc.*,
  No. 19-cv-8122 (VSB), 2019 WL 6873807 (S.D.N.Y. Dec. 17, 2019) .................................... 6

*Silverberg v. Dryships Inc.*,
  No. 17-cv-4547, 2018 WL 10669653 (E.D.N.Y. Aug. 21, 2018) ............................................. 4

*Skeels v. Piedmont Lithium Inc.*,
  No. 21-cv-4161, 2022 WL 1236797 (E.D.N.Y. Feb. 4, 2022) .................................................. 3

*Tan v. NIO Inc.*,
  No. 19-cv-1424 (NGG) (VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ..................... 5, 6

Statutes

15 U.S.C. § 78u-4(a)(3)(B) .............................................................................................. 4, 7, 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ....................................................................................... 1, 2, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ....................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) .............................................................................................. 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ....................................................................................... 7

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................................................................... 7

Lead Plaintiff Movants Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo (collectively, "Movants") respectfully submit this memorandum of law in further support of their motion for appointment as Lead Plaintiff and approval of selection of Lead Counsel, and in opposition to the pending competing lead plaintiff motions.[1]

## PRELIMINARY STATEMENT

Under the PSLRA, Movants are without question the "most adequate plaintiff" and are entitled to Lead Plaintiff appointment. *First*, and most importantly in the analysis, Movants have far and away the "largest financial interest" in the outcome of this litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).[2] As the following chart demonstrates, Movants' loss of $799,453.25[3] is more than $773,589 larger than the next largest movant (who claims only $25,864 in losses).

| Table 1: Losses by Movant | |
|---|---|
| **Movant** | **Reported Losses** |
| Sen Gao | $552,179.66 |
| Ruibin Wang | $162,274.34 |
| Luxiao Xu | $63,006.40 |
| Congli Huo | $21,992.85 |
| | |
| | Total:  $799,453.25 |
| Ghadir Ishqaidef | $25,864.00 |
| Piero Crivellaro | $8,718.42 |

There is therefore no comparison between Movants and the two competing investors in terms of incentive to act as a vigorous advocate on behalf of the Class. *See* Section I.A., *infra*; *see also Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27–28 (E.D.N.Y. 2019) (finding approximate loss suffered to be dispositive factor in financial interest analysis under the PSLRA).

---

[1] Competing lead plaintiff motions were filed by movants Ghadir Ishqaidef (*see* ECF No. 5), and Piero Crivellaro (*see* ECF No. 8).

[2] All definitions and abbreviations used herein are the same as those defined in Movants' opening submission. *See* ECF No. 11.

[3] *See* ECF No. 10.

*Second*, Movants also satisfy the typicality and adequacy requirements of Rule 23. *See* Section I.B.1., *infra.* Movants are typical of the Class as a whole because they transacted in Singularity securities and, upon the disclosure of corrective information into the market, were harmed thereby. Likewise, Movants are adequate in that they lack any antagonism towards absent Class members. *See* Section I.B.2., *infra.* Movants further demonstrate their adequacy through the selection of the law firms of Berger Montague, as proposed Lead Counsel, and Kirby McInerney, as proposed Local Counsel, insofar as the firms are highly experienced in securities class action litigation. *See* Section I.B.2., *infra*; *see also* ECF No. 12-5, 12-6 (firm resumes).

Therefore, in accordance with the PSLRA, Movants are entitled to a strong presumption that they are the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

No other movant has, or will be able to, submit the requisite "***proof***" to rebut this presumption. *Id*. (emphasis added). As a result, the PSLRA's "sequential" review process dictates that the Court's inquiry begins and ends with Movants. *Khunt v. Alibaba Grp. Holding Ltd*., 102 F. Supp. 3d 523, 535 (S.D.N.Y. 2015) ("Once the court 'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'") (citation omitted). Movants are thus entitled to appointment as Lead Plaintiff.

Lastly, Movants' selection of the law firms of Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel should be approved. *See* Section I.C., *infra*.

2

**ARGUMENT**

### I.   Movants Should Be Appointed As Lead Plaintiff

As the Lead Plaintiff applicant who satisfies all criteria set forth under the PSLRA, Movants deserve the presumption that they are the "most adequate plaintiff." Accordingly, as this strong presumption in favor of Movants' appointment has not been rebutted – nor can it – Movants are entitled to appointment as Lead Plaintiff.

### A.   Movant Has The Largest Financial Interest

The PSLRA provides that there is a "rebuttable presumption … that the most adequate plaintiff … is the person or group of persons … that … has the largest financial interest in the relief sought by the class." *See* 15 U.S.C.§ 78u-4(a)(3)(B)(iii)(I). Here, Movants suffered the largest loss – by far – of any movant. Courts in this District recognize this factor as the most significant factor to be considered. *See, e.g.*, *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825 (NGG) (RER), 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration*, No. 06-cv-1825 (NGG) (RER), 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest.").

Movants' loss of $799,453.25 is $773,589 higher – and more than ***thirty times larger*** – than the next largest movant's loss. Namely, Ghadir Ishqaidef, the second largest investor of the three, claims a loss of a mere $25,864.[4] As Movants' losses "well exceed" the competing movants,

---

[4] Courts in the Second Circuit typically regard the four "*Olsen*" factors to determine which plaintiff has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered. *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); *Skeels v. Piedmont Lithium Inc.*, No. 21-cv-4161, 2022 WL 1236797, at *2 (E.D.N.Y. Feb. 4, 2022). Many courts place "the most emphasis on the

3

each movant is rightly "out of the running from the get-go." *Glavan v. Revolution Lighting Techs., Inc.*, No. 19-cv-980 (JPO), 2019 WL 3406582, at *3 (S.D.N.Y. July 29, 2019). Movants indisputably have "the largest financial interest in the relief sought by the [C]lass," and is thus the presumptive "most adequate plaintiff." *Id.*, at *2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)); *see also Atanasio v. Tenaris S.A.*, 331 F.R.D. at 27 (finding lead plaintiff movant with largest approximate loss to have the largest financial interest under the *Olsten* criteria).

### B.    Movant Satisfies The Requirements Of Rule 23

In addition to suffering the largest loss, Movants also satisfy the PSLRA's preliminary showing of typicality and adequacy. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-cv-3608 (VSB), 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotation and internal citations omitted). As no other movant has, or will be able to, submit the required "proof" that Movants fail on typicality or adequacy grounds, Movants are entitled to appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (evidentiary burden required to rebut presumption of most adequate plaintiff is "proof"); *see also Macquarie Infrastructure Corp.*, 2019 WL 364570, at *7 (rejecting speculative arguments against presumptive lead plaintiff).

### 1.    Movants Are Typical

Movants are typical to the Class as a whole and not subject to any potentially disqualifying

---

last of the four factors." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) (citation omitted) (internal quotation marks omitted); *see also Silverberg v. Dryships Inc.*, No. 17-cv-4547, 2018 WL 10669653, at *4 (E.D.N.Y. Aug. 21, 2018) ("Courts generally consider those factors to be 'properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important.'") (quoting *Richman v. Goldman Sachs Grp.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011)).

unique defenses. *See* ECF No. 11, at 8. "With respect to typicality, courts consider whether the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Plaut v. The Goldman Sachs Grp., Inc.*, No. 18-cv-12084 (VSB), 2019 WL 4512774, at *3 (S.D.N.Y. Sept. 19, 2019) (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)); *see also In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). Importantly, Rule 23 does not require the lead plaintiff to be identically situated with all class members to satisfy the typicality requirement. *See Plaut v. The Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *3 (noting that "claims need not be identical"); *see also Faig v. Bioscrip, Inc.*, No. 13-cv-06922 (AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013) (same).

Here, Movants claims are typical to the class as a whole. Movants: (i) suffered losses on their investments in Singularity securities; (ii) as a result of their reliance on Defendants' alleged misstatements and/or omissions; (iii) therefore, the claims of Movants are based on the same course of events as the claims of the Class; and (iv) as a result thereof, Movants' claims will rely upon the same legal theories as the Class as a whole. Therefore, Movants satisfy the typicality requirement. *See Tan v. NIO Inc.*, No. 19-cv-1424 (NGG) (VMS), 2020 WL 1031489, at *5 (E.D.N.Y. Mar. 3, 2020) (noting that movant's "claims appear to be typical because, like all members of the class, he alleges that he purchased [company] stock during the class period and suffered losses after it was discovered that [company's] misleading statements artificially inflated the stock price during that period.") (internal quotation marks and citation omitted).

### 2.    Movants are Adequate

Movants also satisfy Rule 23's adequacy requirement. *See* ECF No. 11, at 9-10. In analyzing a movant's adequacy, "a court must consider whether the proposed lead plaintiff: (1)

maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Salinger v. Sarepta Therapeutics, Inc.*, No. 19-cv-8122 (VSB), 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019) (citation omitted).

Movants readily satisfy the adequacy requirement. Courts in this Circuit routinely appoint groups of individual investors as lead plaintiff.[5]  Here, Movants have a long-standing preexisting litigation relationship and are committed to overseeing this litigation for the benefit of the putative class. *See* ECF No. 12-4 (Joint Declaration in Support of Lead Plaintiff Motion). Given their significant losses, Movants are strongly motivated to vigorously act as advocates and fiduciaries on behalf of the Class and are well equipped to oversee counsel in this regard. *Tan v. NIO Inc.*, 2020 WL 1031489, at *5. The fact that three of the four Movants have larger losses than competing movants also weighs heavily in favor of appointment.[6]

Finally, Movants further demonstrated their adequacy through their selection of the law firms of Berger Montague, as proposed Lead Counsel for the Class, and Kirby McInerney LLP, as proposed Local Counsel for the Class. *See* Section I.C., *infra*; *see also Moshell v. Sasol Limited*, No. 20-cv-1008 (JR), 2020 WL 2115410, at *2 (S.D.N.Y. Feb. 5, 2020) (finding adequacy

---

[5] *See, e.g., Lee v. iQIYI, Inc.*, No. 20CV1830LDHJO, 2020 WL 6146862, at *3 (E.D.N.Y. Oct. 20, 2020) (appointing group of unrelated individual investors as lead plaintiff and Rosen Legal as Co-Lead Counsel); *In re Sesen Bio, Inc. Sec. Litig.*, No. 21 CIV. 7025 (AKH), 2022 WL 3996712, at *3 (S.D.N.Y. Sept. 1, 2022) (denying reconsideration of order appointing group of individual investors as lead plaintiff and Glancy Prongay & Murray as Lead Counsel).

[6] *In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 425 (E.D.N.Y. 2018) (when a member of a proposed group has the largest individual loss, "potential lead plaintiffs are not being deprived of the PSLRA presumption by the aggregation of parties."); *see In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017) (appointing group where individual member of group had largest loss of all competing movants).

requirement satisfied where movant selected "firm experienced in securities class action litigation").

Based on the foregoing, Movants, as the movant with the largest financial interest who also satisfies the typicality and adequacy requirements of Rule 23, are entitled to appointment as Lead Plaintiff.

### C.     Movant's Selection Of Counsel Should Be Approved

Subject to Court's approval, the PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movants selected the law firm of Berger Montague to serve as Lead Counsel for the class. As discussed in the memorandum of law submitted in support of Movants' Motion (ECF No. 11 at 10-11), Berger Montague is highly experienced in securities litigation and the full range of class actions, and has successfully prosecuted numerous cases – including through trial – on behalf of investors. *See id.* Likewise, Movants have selected the law firm of Kirby McInerney LLP to serve as Local Counsel. As discussed in Movants' opening papers, Kirby McInerney has over seventy years of experience representing investors in securities litigation and has recovered billions of dollars on behalf of investors. *Id.*

Accordingly, this Court can confidently approve Movants' selection of Lead Counsel and Local Counsel.

### II.     The Competing Motions Should Be Denied

As the unrebutted presumptive PSLRA Lead Plaintiff in this case, the plain language of the statute mandates Movants' appointment and the denial of all competing motions. *See* 15 U.S.C.

7

§ 78u-4(a)(3)(B); *see also Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d at 535–36 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .") (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)). As shown herein, none of the other competing movants has anywhere close to the losses suffered by Movants, and correspondingly, none will be as motivated as Movants to maximize the recovery for the Class. For this reason alone, Ghadir Ishqaidef and Piero Crivellaro's competing motions should be denied.

## CONCLUSION

For the foregoing reasons, Movants respectfully requests the Court grant their Motion and enter an Order: (1) appointing Movants as Lead Plaintiff; (2) approving Movants' selection of Berger Montague as Lead Counsel, and Kirby McInerney as Local Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: February 21, 2023                Respectfully submitted,

                                        **KIRBY McINERNEY LLP**

                                        /s/ *Ira M. Press*
                                        Ira M. Press
                                        Thomas W. Elrod
                                        250 Park Avenue, Suite 820
                                        New York, York 10177
                                        Telephone: (212) 371-6600
                                        Email: telrod@kmllp.com
                                              ipress@kmllp.com

                                        *Local Counsel for Lead Plaintiff Movants, Ruibin*
                                        *Wang, Sen Gao, Luxiao Xu, and Congli Huo, and*
                                        *Proposed Local Counsel for the Class*

8

**BERGER MONTAGUE PC**
Sherrie R. Savett
Michael Dell'Angelo
Andrew D. Abramowitz
James A. Maro
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net
      mdellangelo@bm.net
      aabramowitz@bm.net
      jmaro@bm.net

*Counsel for Lead Plaintiff Movants, Ruibin Wang,
Sen Gao, Luxiao Xu, and Congli Huo and Proposed
Lead Counsel for the Class*

**SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel: (310) 301-3335
Email:  brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant,
Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo*

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Ira M. Press
Ira M. Press