**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PIERO CRIVELLARO, Individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>       v.<br><br>SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIAOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, and LEI NIE,<br><br>            Defendants. | Case No. 1:22-cv-07499-BMC |

**GHADIR ISHQAIDEF'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND <u>APPROVAL OF LEAD COUNSEL</u>**

Lead Plaintiff Movant Ghadir Ishqaidef ("Ishqaidef") submits this memorandum of law in opposition to the competing motions for appointment as lead plaintiff and approval of lead counsel (Dkt. Nos. 8, 10).

## I.      ARGUMENT

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by Ishqaidef (Dkt. No. 5); Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo (the "Singularity Investor Group") (Dkt. No. 10); and Piero Crivellaro ("Crivellaro") (Dkt. No. 8).

The PSLRA directs courts to appoint the "most adequate plaintiff"—*i.e.*, the plaintiff "most capable of adequately representing the interests of class members"—as lead plaintiff and provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B). However, the presumption may be rebutted by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the inquiry continues with the movant who has the next largest financial interest until a suitable lead plaintiff is identified.

### A.      The Singularity Investor Group Should Be Disqualified from Consideration for Appointment as Lead Plaintiff Because It Has Not Demonstrated Its Members Will Be Actively Involved in the Litigation

While the Singularity Investor Group claims to have a larger financial interest than Ishqaidef, the Singularity Investor Group should be disqualified from consideration because it is inadequate to represent the class. Every member of the Singularity Investor Group is a resident of China. However, the Singularity Investor Group does not state in its joint declaration that the group members have the required legal authority (visas or otherwise) to travel to and stay in the United

States for extended periods to participate in this litigation. *See* Dkt. No. 12-4 (Joint Declaration in Support of Lead Plaintiff Motion). Failure to provide this basic assurance should be disqualifying. *See Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-cv-7432, 2022 WL 17539172, at \*5 (S.D.N.Y. Dec. 8, 2022) (appointing a foreign lead plaintiff because she submitted a declaration stating "that she has a visa that will permit[] her to travel to the United States frequently and for as long as six months, and that her visa will not expire for another nine years").

Moreover, given the relationship between the United States and China, the Court may have difficulty binding the Singularity Investor Group to the Court's rulings. For example, even if they could travel to and stay in the United States, there's no assurance that the Singularity Investor Group will comply with Court orders to appear for deposition, settlement, or trial. There is a real risk, given the Singularity Investor Group members' employment or other obligations in China, that one or more Singularity Investor Group members will determine that complying with the Court's orders to appear in the United States is not worth the effort and elect to relinquish their lead plaintiff role in favor of being an absent class member. The Court should foreclose this risk at the outset by declining to appoint the Singularity Investor Group as lead plaintiff. *See Haghebaert v. Tandy Leather Factory, Inc.*, No. 19-cv-1000, 2020 WL 4680193, at \*3 (N.D. Tex. Apr. 8, 2020) (declining to appoint a foreign movant with the largest financial interest as lead plaintiff because he may not be motivated to "travel from Europe to the Northern District of Texas to attend hearings or settlement conferences in this action"); *In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3, 13 (D.D.C. 2002) (declining to appoint a German resident as lead plaintiff in part because "geographic . . . barriers impose an additional challenge"); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1030 (N.D. Cal. 1999) (declining to appoint foreign lead plaintiffs in part because "[t]he distances involved and some differences in business culture would impede

their ability to manage and to control American lawyers conducting litigation in California" and "it would be obviously difficult for [movants] to attend [the trial] in its entirety"). For these reasons, the Singularity Investor Group should be eliminated from consideration for appointment as lead plaintiff.

### B.       Ishqaidef Should Be Appointed as Lead Plaintiff

Since the Singularity Investor Group is eliminated from consideration, Ishqaidef is the presumptively most adequate plaintiff. Ishqaidef satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, Ishqaidef filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 5. Second, Ishqaidef demonstrated that she satisfies the typicality and adequacy requirements of Rule 23 in her memorandum of law in support of her lead plaintiff motion. *See* Dkt. No. 6 at 7-8. Moreover, Unlike the Singularity Investor Group, Ishqaidef resides in the United States and will have no issue actively participating in the litigation. Ishqaidef also has a doctoral degree in business administration and teaches at the university level. Third, as the only remaining movant, Ishqaidef has the largest financial interest:

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| *Sen Gao* | *159,163* | *116,604* | *$632,191.21* | *$552,900.49* |
| *Ruibin Wang* | *49,876* | *17,383* | *$174,202.24* | *$162,381.80* |
| *Luxiao Xu* | *7,700* | *7,700* | *$68,290.00* | *$63,054.00* |
| *Congli Hou* | *2,652* | *2,652* | *$23,812.60* | *$22,009.24* |
| Total | 219,391 | 144,339 | $898,496.05 | $800,345.53 |
| Ghadir Ishqaidef | 16,400 | 16,400 | $37,016.00 | $25,864.00 |
| Piero Crivellaro | 5,000 | 5,000 | $12,074.00 | $8,718.42 |

As such, Ishqaidef is the presumptively most adequate plaintiff to be appointed as lead plaintiff.

Moreover, no proof has been presented that Ishqaidef would be inadequate or subject to unique defenses. As such, Ishqaidef should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (the

lead plaintiff process ends when "a candidate succeeds in both the first and second phases of inquiry").

### C. Ishqaidef's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Accordingly, Ishqaidef's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved. *See Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). Glancy Prongay & Murray LLP has the expertise, resources, and experience needed to effectively conduct this litigation. *See* Dkt. No. 7-4 (Glancy Prongay & Murray LLP firm résumé). The firm has decades of experience successfully representing injured investors. *See id.* By approving Ishqaidef's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. *See Hung v. iDreamSky Tech. Ltd.*, No. 15-cv-2514, 2016 WL 299034, at *6 (S.D.N.Y. Jan. 25, 2016) (approving Glancy Prongay & Murray LLP as lead counsel). Accordingly, Ishqaidef's selection of lead counsel for the class should be approved.

## II. CONCLUSION

For the foregoing reasons, Ishqaidef respectfully requests that the Court grant her motion and enter an Order: (1) appointing Ishqaidef as lead plaintiff; (2) approving her selection of Glancy Prongay & Murray LLP  as lead counsel for the class; and (3) denying the competing motion.

Respectfully submitted,

DATED: February 21, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: *  /s/ Gregory B. Linkh  *
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clineha@glancylaw.com

*Counsel for Ghadir Ishqaidef and Proposed Lead
Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 21, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 21, 2023, at New York, New York.

/s/ Gregory B. Linkh
Gregory B. Linkh