**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PIERO CRIVELLARO, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIAOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, and LEI NIE,<br><br>Defendants. | Case No.: 1:22-cv-07499 |

**REPLY OF LEAD PLAINTIFF MOVANTS RUIBIN WANG, SEN GAO, LUXIAO XU AND CONGLI HUO IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL, AND IN <u>FURTHER RESPONSE TO COMPETING LEAD PLAINTIFF MOTION</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ...................................................................................................................................... 3

I.    ISHQAIDEF'S SPECULATIVE ATTACK ON MOVANTS' NATIONALITY IS INSUFFICIENT UNDER THE PSLRA TO REBUT MOVANTS' PRESUMPTIVE STATUS ....................................................................................................................... 3

     A.    Ishqaidef Offers No "Proof" To Rebut Movants' Presumptive Status .................. 3

     B.    Court's Routinely Appoint Foreign Investors As Lead Plaintiffs in Securities Fraud Litigation ........................................................................................................ 4

II.   MOVANTS' SELECTION OF LEAD COUNSEL SHOULD BE APPROVED .............. 6

CONCLUSION .................................................................................................................................. 6

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                                     <u>Page(s)</u>

*Atanasio v. Tenaris S.A.*,
  331 F.R.D. 21 (E.D.N.Y. 2019) ................................................................................................. 3

*Gilbert v. Azure Power Glob. Ltd.*,
  No. 1:22-cv-7432 (GHW), 2022 WL 17539172 (S.D.N.Y. Dec. 8, 2022) ................................ 5

*Haghebaert v. Tandy Leather Factory, Inc.*,
  No. 19-cv-1000, 2020 WL 4680193 (N.D. Tex. Apr. 8, 2020) ................................................. 6

*In re Baan Co. Sec. Litig.*,
  271 F. Supp. 2d 3 (D.D.C. 2002) .............................................................................................. 6

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) .................................................................................................. 5

*In re Network Assocs., Inc., Sec. Litig.*,
  76 F. Supp. 2d 1017, (N.D. Cal. 1999) ..................................................................................... 6

*In re Tronox, Inc. Sec. Litig.*,
  262 F.R.D. 338 (S.D.N.Y. 2009) ............................................................................................... 5

*Jonathan Tan v. NIO Inc.*,
  No. 19-cv-1424 (NGG) (VMS), 2020 WL 1031489 (E.D.N.Y. Mar. 3, 2020) ........................ 3

*Marquez v. Bright Health Grp., Inc.*,
  No. 22-cv-101 (AMD) (RLM), 2022 WL 1314812 (E.D.N.Y. Apr. 26, 2022) ................. 2, 4, 5

*Murphy v. JBS S.A.*,
  No. 17-cv-3084, 2017 WL 4480751 (E.D.N.Y. Oct. 6, 2017) ............................................ 2, 4

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*,
  63 F. Supp. 3d 394 (D. Del. 2014) ............................................................................................ 2

*Rauch v. Vale S.A.*,
  378 F. Supp. 3d 198 (E.D.N.Y. 2019) ....................................................................................... 1

*Steinberg v. Ericsson LM Tel. Co.*,
  No. 07-cv-9615 (RPP), 2008 WL 1721484 (S.D.N.Y. Apr. 11, 2008) ..................................... 5

<u>Statutes</u>

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ................................................................................................. 1
15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) ........................................................................................... 2, 3

Presumptive Lead Plaintiff Movants Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo (collectively, "Movants") respectfully submit this reply in further support of their motion for appointment as Lead Plaintiff (ECF No. 10), and in response to the opposition filed by Ghadir Ishqaidef ("Ishqaidef ") (ECF No. 14, ("Ishqaidef Opp.")).[1]

## PRELIMINARY STATEMENT

Movants have the undisputed "largest financial interest" in the outcome of this litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As reflected in the following chart, Movants' loss is more than ***thirty times*** the loss of the sole competing movant:[2]

| Table 1: Losses by Movant | |
|---|---|
| **Movant** | **Reported Losses** |
| Sen Gao<br>Ruibin Wang<br>Luxiao Xu<br>Congli Huo | $552,179.66<br>$162,274.34<br>$63,006.40<br>$21,992.85 |
| | Total:     **$799,453.25** |
| Ghadir Ishqaidef | $25,864.00 |
| ~~Piero Crivellaro~~ | ~~$8,718.42~~ |

Because Movants have also made a *prima facie* showing of adequacy and typicality, they are the presumptive Lead Plaintiff under the analysis prescribed by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 207 (E.D.N.Y. 2019) (outlining the PSLRA's selection process). Movants therefore deserve to be appointed as lead plaintiff.

Faced with this statutorily mandated result, Ishqaidef resorts to the baseless and consistently rejected assertion that Movants' foreign residency renders them inadequate and

---

[1] Unless otherwise indicated, all definitions and abbreviations used herein are the same as those defined in Movants' opening (ECF No. 11) and opposition (ECF No. 13) submissions.

[2] The remaining Competing Movant, Piero Crivellaro, withdrew his lead plaintiff motion. *See* ECF No. 15.

1

precludes their appointment as Lead Plaintiff. *See* Ishqaidef Opp. at 1-3. This is simply not so.

***First***, because Ishqaidef's challenge is based on mere speculation, it falls far short of the "exacting proof" required to undermine Movants' adequacy. *See Murphy v. JBS S.A.*, No. 17-cv-3084, 2017 WL 4480751, at *6 (E.D.N.Y. Oct. 6, 2017) (citations omitted); *see also* 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (requiring "proof" of inadequacy).[3]

***Second***, the law is clear that an investor's residency alone has absolutely no bearing on a movant's adequacy. Courts routinely appoint foreign investors, including those from China, as lead plaintiff in securities class actions. *See Marquez v. Bright Health Grp., Inc.*, No. 22-cv-101 (AMD) (RLM), 2022 WL 1314812 (E.D.N.Y. Apr. 26, 2022) ("*Marquez*") (appointing a resident of Hong Kong as lead plaintiff in a securities fraud litigation). Ishqaidef's purported competing authorities are factually inapposite and/or often rejected, and do not dictate a different result. *See* Section I.B., *infra*.

***Finally***, Movants' adequacy is underscored by their having affirmatively attested to their understanding of the responsibilities of serving as a Lead Plaintiff and their commitment to so serving. *See* ECF No. 12-4 (Joint Declaration in Support of Lead Plaintiff Motion). Among other things, Movants have attested that:

- they "are aware of the requirements and responsibilities of being lead plaintiff in a securities class action, including interacting with and directing counsel, reviewing and commenting on important documents in the case, attending important court hearings and trial as necessary, participating in discovery, overseeing settlement discussions, and authorizing any potential settlement on behalf of the class." *Id*. at 4-5;

- they "are willing to undertake these responsibilities on behalf of the class…." *Id*. at 5; and

---

[3] "Conclusory assertions and mere speculation will not suffice." *Murphy v. JBS S.A.*, 2017 WL 4480751, at *5 (citing *OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 403 (D. Del. 2014) ("The [competing movant] must produce more than speculation to rebut the presumption.... Mere speculation about a unique defense does not meet this standard.")).

2

- they "will ensure that the Singularity securities litigation will be vigorously prosecuted consistently with the lead plaintiff's obligation under the PSLRA and in the best interests of the class." *Id.* at 5.

Ishqaidef has not even attempted to put forth contrary proof.

In sum, Movants (i) have the largest financial interest in the outcome of the litigation and (ii) satisfy the PSLRA's lead plaintiff adequacy and typicality requirements. For these reasons, their motion should be granted in all respects.

## ARGUMENT

**I.      ISHQAIDEF'S SPECULATIVE ATTACK ON MOVANTS' NATIONALITY IS INSUFFICIENT UNDER THE PSLRA TO REBUT MOVANTS' PRESUMPTIVE STATUS**

Movants are the sole applicant that satisfies all of the criteria set forth under the PSLRA. They therefore deserve the presumption that they are the "most adequate plaintiff." Because the competing movant has not rebutted this presumption, Movants should be appointed Lead Plaintiff.

### A.      Ishqaidef Offers No "Proof" To Rebut Movants' Presumptive Status

Once the PSLRA's presumption of adequacy has been triggered, as it has for Movants, it can only be rebutted upon "***proof***" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Jonathan Tan v. NIO Inc.*, No. 19-cv-1424 (NGG) (VMS), 2020 WL 1031489, at *3 (E.D.N.Y. Mar. 3, 2020) ("Once a prospective lead plaintiff has discharged this initial burden, a competing movant may rebut it only by evidence that the prospective lead plaintiff either will not fairly and adequately protect the interests of the class or is subject to unique defenses not applicable to other class members."); *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 26 (E.D.N.Y. 2019) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)) (similar).

Ishqaidef does not offer proof, but instead speculates that Movants ***could*** be subject to

unique defenses because "the Court *may* have difficulty binding the [Movants] to the Court's rulings" because of their foreign status (Ishqaidef Opp. at 2) (emphasis added), and "***there's no assurance*** that [Movants] will comply with Court orders to appear for deposition, settlement, or trial." *Id*. (emphasis added). These speculative concerns not only fall woefully short of the "exacting proof" demanded by the PSLRA, *see Murphy v. JBS S.A.*, 2017 WL 4480751, at *6, but, as evidenced by Movants' Joint Declaration in Support of Lead Plaintiff Motion, they are also false. Movants have provided sufficient assurances that they understand and agree to comply with the responsibilities of a lead plaintiff in a securities fraud litigation. *See* ECF No. 12-4.

Based upon nothing more than Movants' country of residence, Ishqaidef theorizes that Movants may not comply with the responsibilities of a lead plaintiff. *See* Ishqaidef Opp. at 2. This is baseless. To the contrary, the record here establishes that Movants "are aware of the requirements and responsibilities of being lead plaintiff in a securities class action, including interacting with and directing counsel, reviewing and commenting on important documents in the case, attending important court hearings and trial as necessary, participating in discovery, overseeing settlement discussions, and authorizing any potential settlement on behalf of the class." ECF No. 12-4, at 4-5. Further, Movants "are willing to undertake these responsibilities on behalf of the class." *Id*. at 5. The evidence here negates Ishqaidef's unsupported charges.

**B.    Court's Routinely Appoint Foreign Investors As Lead Plaintiffs in Securities Fraud Litigation**

District courts around the country routinely appoint foreign investors to serve as lead plaintiffs. *See e.g.*, *Marquez v. Bright Health Grp., Inc.*, No. 22-cv-101 (AMD) (RLM), 2022 WL 1314812 (E.D.N.Y. Apr. 26, 2022) ("*Marquez*") (appointing a resident of Hong Kong as lead

4

plaintiff in a securities fraud litigation).[4] In *Marquez*, Magistrate Judge Mann recently rejected an attempt to disqualify the presumptive lead plaintiff on the grounds that the movant lived in China. More specifically, in rejecting this challenge as "speculation," the Court stated:

> Specifically, OPPRS argues that Van is inadequate to serve as lead plaintiff because he has "no apparent experience with U.S. courts and discovery practices, and no experience serving in a representative capacity" and "is a resident of Hong Kong,[ ] which could create some logistical issues in participating in this litigation." First, OPPRS fails to cite any caselaw to support its suggestion that prior litigation experience in U.S. courts is a prerequisite to a finding of adequacy of a proposed lead plaintiff. ***As to Van's residency, as OPPRS concedes, a movant's "foreign residency is not disqualifying to serve as a lead plaintiff" in a securities class action***, and ***"courts routinely appoint foreign investors as lead plaintiffs[.]"*** Apart from speculation, OPPRS has put forth no evidence demonstrating that Van would face problems participating in this litigation as lead plaintiff due to his foreign residency.

*Marquez*, 2022 WL 1314812, at *9 (internal citations omitted) (emphasis added).

Ishqaidef offers no justification as to why this Court should not hold in accord with *Marquez* and the raft of decisions that refuse to find a movant's country of residence in any way disqualifying.

Moreover, Ishqaidef's reliance on *Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-cv-7432 (GHW), 2022 WL 17539172 (S.D.N.Y. Dec. 8, 2022) ("*Azure Power*"), is misplaced and unavailing. In *Azure Power*, the district court rejected an attempt to disqualify a Turkish movant based on foreign residency concerns. Specifically, the court determined that "[t]hese arguments ***amount to conjecture***, and thus ***are insufficient to rebut the presumption of adequacy***." *Azure Power*, 2022 WL 17539172, at *4 ("the fact that Ms. Lokman resides abroad is ***by itself insufficient*** to disqualify her.") (emphasis added). The same reasoning applies equally to

---

[4] *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 347 (S.D.N.Y. 2009) ("Courts routinely appoint hedge funds, ***foreign investors***, and even foreign hedge funds, as lead plaintiffs.") (emphasis added); *Steinberg v. Ericsson LM Tel. Co.*, No. 07-cv-9615 (RPP), 2008 WL 1721484 (S.D.N.Y. Apr. 11, 2008) (appointing a Belgium citizen as lead plaintiff); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005) ("[M]any courts, including this one, have approved foreign investors as lead plaintiffs in cases such as this.").

Ishqaidef's arguments here.

Ishqaidef's remaining authorities – two of which are more than twenty years old – fare no better insofar as foreign residency was not the sole determinative factor in the decision not to appoint the presumptive lead plaintiff. *See* Ishqaidef Opp. at 1.[5] In *Tandy Leather*, the Northern District of Texas was skeptical that a paltry \$580 loss would motivate the lead plaintiff to travel from Europe to Texas. *See Tandy Leather*, 2020 WL 4680193, at \*3. In *Network Associates*, the foreign investors were "under investigation for criminal fraud in Belgium and had not acquired most of their shares on open market." *Network Assocs*, 76 F. Supp. 2d at 1029. And in *Baan*, the court was concerned over the fact that the movant "did not personally select the lead counsel in this action, which is the one task that the PSLRA specifically requires of him." *Baan*, 271 F. Supp. 2d at 13. None of those factors, or any other disabling factor, pertains here – and Ishqaidef does not claim otherwise.

## II.  MOVANTS' SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The presumptive Lead Plaintiff Movants selected the law firm of Berger Montague to serve as Lead Counsel for the Class and the law firm of Kirby McInerney to serve as Local Counsel. Competing Movants have not contested the adequacy of Berger Montague or Kirby McInerney to serve as counsel for the Class. Accordingly, Movants' selection of Lead Counsel and Local Counsel should be approved by the Court.

### CONCLUSION

For the foregoing reasons, Movants respectfully request the Court grant their Motion and enter an Order: (1) appointing Movants as Lead Plaintiff; (2) approving Movants' selection of

---

[5] *See Haghebaert v. Tandy Leather Factory, Inc.*, No. 19-cv-1000, 2020 WL 4680193 (N.D. Tex. Apr. 8, 2020) ("*Tandy Leather*"); *In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3 (D.D.C. 2002) ("Baan"); *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, (N.D. Cal. 1999) ("*Network Assocs*").

Berger Montague as Lead Counsel and Kirby McInerney as Local Counsel for the Class; and (3)

granting such other relief as the Court may deem just and proper.

Dated: February 28, 2023                    Respectfully submitted,

                                            **KIRBY McINERNEY LLP**

                                            /s/ *Thomas W. Elrod*
                                            Thomas W. Elrod
                                            Ira M. Press
                                            250 Park Avenue, Suite 820
                                            New York, York 10177
                                            Telephone: (212) 371-6600
                                            Email: telrod@kmllp.com
                                                   ipress@kmllp.com

                                            *Local Counsel for Lead Plaintiff Movants, Ruibin*
                                            *Wang, Sen Gao, Luxiao Xu, and Congli Huo, and*
                                            *Proposed Local Counsel for the Class*

                                            **BERGER MONTAGUE PC**
                                            Sherrie R. Savett
                                            Michael Dell'Angelo
                                            Andrew D. Abramowitz
                                            James A. Maro
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA 19103
                                            Tel: (215) 875-3000
                                            Email: ssavett@bm.net
                                                   mdellangelo@bm.net
                                                   aabramowitz@bm.net
                                                   jmaro@bm.net

                                            *Counsel for Lead Plaintiff Movants, Ruibin Wang,*
                                            *Sen Gao, Luxiao Xu, and Congli Huo and Proposed*
                                            *Lead Counsel for the Class*

                                            **SCHALL LAW FIRM**
                                            Brian Schall
                                            2049 Century Park East, Suite 2460
                                            Los Angeles, CA 90067
                                            Tel: (310) 301-3335
                                            Email: brian@schallfirm.com

                                            *Additional Counsel for Lead Plaintiff Movants,*

7

*Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo*

8

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Thomas W. Elrod*
Thomas W. Elrod