**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PIERO CRIVELLARO, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIAOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, and LEI NIE, <br><br> Defendants. | Case No. 1:22-cv-07499-BMC |

**GHADIR ISHQAIDEF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Lead Plaintiff Movant Ghadir Ishqaidef ("Ishqaidef") submits this reply memorandum of law in further support of her motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 5), and in response to the opposition to her motion filed by Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo (the "Singularity Investor Group"). *See* Dkt. No. 13 ("SIG Opp.").

I.    **THE SINGULARITY INVESTOR GROUP SHOULD BE DISQUALIFIED FROM CONSIDERATION FOR APPOINTMENT AS LEAD PLAINTIFF**

While three movants originally filed motions for appointment as lead plaintiff, Piero Crivellaro has since withdrawn his motion. *See* Dkt. No. 15. As such, only Ishqaidef and the Singularity Investor Group remain.

While the Singularity Investor Group claims to have the largest financial interest, the group should be disqualified from consideration for appointment as lead plaintiff. Despite now having had a second opportunity in their opposition memorandum to provide evidence that the group members have the required legal authority to travel to the United States in order to actively participate in this action, the Singularity Investor Group members have failed to provide any such evidence. Failure to make this basic showing should be disqualifying. *See Gilbert v. Azure Power Glob. Ltd.*, No. 1:22-cv-7432-GHW, 2022 WL 17539172, at *5 (S.D.N.Y. Dec. 8, 2022). In *Azure*, the court appointed a lead plaintiff that resided in Turkey because the movant submitted "***evidence***" by a sworn declaration that "she has a visa that will permit[] her to travel to the United States frequently and for as long as six months, and that her visa will not expire for another nine years." *Id.* (emphasis added). The Singularity Investor Group, in contrast, has provided no evidence, and should be disqualified on that basis.

Moreover, relations between the United States and China are often adversarial. Even if the Singularity Investor Group can presently travel to the United States, there is no guarantee that

1

they will be allowed to leave China in the near future as international politics shift. For example, even now, the U.S. Department of State warns travelers to "[r]econsider travel to the People's Republic of China (PRC), including the Special Administrative Regions (SARs) of Hong Kong and Macau due to the surge in COVID-19 cases and arbitrary enforcement of local laws."[1] China is also know to implement arbitrary "exit bans" to prevent individuals from leaving the country for various political purposes. *See id.* The Court should foreclose the risk of such complications at the outset by declining to appoint the Singularity investor group as lead plaintiff. *See In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3, 13 (D.D.C. 2002) (rejecting a lead plaintiff movant in part because the "geographic . . . barriers impose an additional challenge"); *Network Associations*, 76 F. Supp. 2d at 1030 ("[t]he distances involved . . . would impede their ability to manage and to control American lawyers conducting litigation in California").

## II.  ISHQAIDEF SHOULD BE APPOINTED AS LEAD PLAINTIFF

Ishqaidef is the only remaining *bona fide* movant with a financial interest in the outcome of this action:

| Movant | LIFO Loss |
|---|---|
| ~~Sen Gao~~ | ~~$552,900.49~~ |
| ~~Ruibin Wang~~ | ~~$162,381.80~~ |
| ~~Luxiao Xu~~ | ~~$63,054.00~~ |
| ~~Congli Hou~~ | ~~$22,009.24~~ |
| ~~Total~~ | ~~$800,345.53~~ |
| Ghadir Ishqaidef | $25,864.00 |
| ~~Piero Crivellaro~~ | ~~$8,718.42~~ |

As such, she is the presumptively most adequate plaintiff to be appointed as lead plaintiff.

---

[1] *See* China Travel Advisory, Travel.State.Gov, available at https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories/china-travel-advisory.html (last visited February 27, 2023).

Moreover, no movant, including the Singularity Investor Group, has challenged Ishqaidef's adequacy to represent the class. To the contrary, she has a doctoral degree in business administration and teaches at the university level. As such, the presumption that Ishqaidef is the most adequate plaintiff has not been rebutted. Accordingly, Ishqaidef should be appointed as lead plaintiff, and her selection of counsel should be approved.

### III. CONCLUSION

For the foregoing reasons, Ishqaidef respectfully requests that the Court grant her motion and enter an Order: (1) appointing Ishqaidef as lead plaintiff; (2) approving her selection of Glancy Prongay & Murray LLP  as lead counsel for the class; and (3) denying the competing motion.

Respectfully submitted,

DATED: February 28, 2023

**GLANCY PRONGAY & MURRAY LLP**

By: _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clineha@glancylaw.com

*Counsel for Ghadir Ishqaidef and Proposed Lead
Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

4

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On February 28, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 28, 2023, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh
