UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
PIERO CRIVELLARO,

                            Plaintiff,

           - against -

SINGULARITY FUTURE TECHNOLOGY
LTD., *et al.*,

                            Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

22-cv-07499 (BMC)

**COGAN**, District Judge.

Before the Court are two competing motions to be appointed lead plaintiff in this putative class action for violation of federal securities laws. For the reasons discussed below, the motion filed by Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo (the "Singularity Investor Group" or "SIG") is granted. Ghadir Ishqaidef's motion is denied.

**I.   Lead Plaintiff**

Under the Private Securities Litigation Reform Act, there is a rebuttable presumption that the most adequate plaintiff is the person who has either filed the complaint or made a motion in response to a notice; has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii). This presumption may be rebutted if the plaintiff with the largest financial interest "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). In analyzing a movant's adequacy, "a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected

counsel that is qualified, experienced, and generally able to conduct the litigation in question." Salinger v. Sarepta Therapeutics, Inc., No. 19-cv-8122, 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019) (citation omitted).

Both SIG and Ishqaidef have timely moved to be appointed lead plaintiff.

SIG alleges a collective loss of nearly $800,000, while Ishqaidef alleges a loss of only $26,000. SIG therefore has the largest financial interest in this action and is presumptively the most adequate plaintiff. See Kaplan v. Gelfond, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) (the approximate loss suffered by the movant is the most important factor in determining the largest financial interest).

Ishqaidef argues that the SIG members are not adequate representatives of the class because they are residents of China. She contends that the SIG members have not guaranteed that they will have the legal authority to travel to the United States and that "given the relationship between the United States and China, the Court may have difficulty binding the Singularity Investor Group to the Court's rulings."

Ishqaidef raises real concerns. The Chinese government exercises a degree of control over its citizens which makes me question whether SIG will be free to litigate this case without regard to government interests. And there is no doubt that this Court's orders will not be as readily enforceable in China as they would be in the United States. But there is nothing in the record to suggest that the SIG members are particularly susceptible to government influence, or that the Chinese government is particularly interested in the outcome of this case. In the absence of any specific allegations, I cannot say that the SIG members' Chinese residency alone is sufficient to rebut the presumption of adequacy – especially when SIG alleges losses that are an order of magnitude higher than those alleged by Ishqaidef.

2

SIG also meets the requirements of Rule 23 and, as discussed below, has selected qualified counsel. "[I]n deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." In re Fuwei Films Sec. Litig., 247 F.R.D. 432, 436 (S.D.N.Y. 2008). The SIG members have a large financial interest in the litigation, there are no apparent conflicts of interest, and their claims are typical of the claims of the class as a whole based on their ownership of stock and the allegations in the Complaint.

Accordingly, the SIG members are appointed lead plaintiff in this action.

## II. Approval of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff shall select and retain counsel to represent the class, subject to the Court's approval. SIG has selected Berger Montague to represent them as lead counsel and Kirby McInerney as local counsel. In support of that request, both firms have submitted resumes setting forth their attorneys' experiences and referencing dozens of securities class actions or other actions in which the firms have served as counsel.

Berger Montague and Kirby McInerney are well-qualified to serve as lead counsel and local counsel, respectively, in this action and SIG's selection of the firms is hereby approved.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
June 13, 2023