# EXHIBIT Y

{EXHIBIT 1 }

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 2 of 22 PageID #: 1692

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ANDREW BORROK** | **PART** | **IAS MOTION 53EFM** |
| | *Justice* | | |

-------------------------------------------------------------------------------X

SHANGHAI NONOBANK FINANCIAL INFORMATION SERVICE CO., LTD.,

　　　　　　　　　　　　Plaintiff,

　　　　　　　　- v -

YANG JIE, CHINA COMMERCIAL CREDIT, INC.,YI LIN

　　　　　　　　　　　Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653834/2018 |
| **MOTION DATE** | N/A, N/A, N/A, N/A |
| **MOTION SEQ. NO.** | 001 002 004 005 |

**DECISION AND ORDER**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 44, 51, 74

were read on this motion to/for 　　　　　　　　DISMISSAL　　　　　　　　.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 16, 17, 18, 19, 20, 21, 22, 23, 52

were read on this motion to/for 　　　　　　　　DISMISS　　　　　　　　.

The following e-filed documents, listed by NYSCEF document number (Motion 004) 38, 39, 40, 50

were read on this motion to/for 　　QUASH SUBPOENA, FIX CONDITIONS　　.

The following e-filed documents, listed by NYSCEF document number (Motion 005) 54, 55, 56, 57, 58, 59, 60, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72

were read on this motion to/for 　　　　　　　　DISMISSAL　　　　　　　　.

This is an action brought by Shanghai NoNoBank Financial Information Service Co., Ltd.

(**Nonobank**) against Yang Jie (**Mr. Jie**), China Commercial Credit, Inc. (**CCCR**), and Yi Lin

(**Mr. Lin**, and together with Mr. Jie and CCCR, the **Defendants**), to recover $3.5 million in

escrow funds. Nonobank deposited the escrow funds in an attorney trust account pending the

completion of a reverse merger transaction (the **Reverse Merger**) between Nonobank's parent

company and CCCR. The Reverse Merger never happened, and the money disappeared.

**653834/2018  SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**　　　　　　　　　　**Page 1 of 21**
**Motion No.  001 002 004 005**

Case 1:22-cv-07499-BMC   Document 63-26   Filed 11/20/23   Page 3 of 22 PageID #: 1693

## BACKGROUND

Nonobank commenced this action by filing a summons and complaint dated August 2, 2018. Nonobank alleges causes of action for breach of contract, a declaratory judgment regarding the Escrow Agreement, breach of the covenant of good faith and fair dealing, breach of fiduciary duty against Mr. Lin, fraud and fraudulent inducement, conversion, aiding and abetting conversion, and equitable accounting.   Four motions are currently before the Court.

In motion sequence 001, CCCR moves to dismiss the complaint pursuant to CPLR 3211 (a) (7). In motion sequence 002, Mr. Lin moves to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7).  In motion sequence 004, Mr. Jie moves pursuant to CPLR §§ 2304 and 3103 to quash the subpoena duces tecum served on Bank of America, N.A., and to issue a protective order regarding the same.  In motion sequence 005, Mr. Jie moves to dismiss the complaint pursuant to CPLR 3211 (a) (1) on the ground that a defense is founded in documentary evidence and pursuant to CPLR (a) (7) for failure to state a cause of action against Mr. Jie.  Mr. Jie further moves for an order pursuant to CPLR §§ 8501 (a) and 8503 directing Nonobank to post security for costs in connection with this action.

## FACTS RELEVANT TO THE MOTIONS

Nonobank is a financial services firm incorporated in the People's Republic of China and based in Shanghai (Complaint, ¶ 5).  Nonobank is a wholly-owned subsidiary of Shanghai Wheat Asset Management Co., Ltd. (Wheat), a web-based financial services company based in Shanghai (*id.*, ¶ 11).  CCCR is a publicly-traded financial services firm incorporated in Delaware with an office in Manhattan (*id.*, ¶ 7, 12).  CCCR provides loans, guarantees, and other financial services in

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**                    **Page 2 of 21**
**Motion No.  001 002 004 005**

2 of 21

Case 1:22-cv-07499-BMC Document 63-26 Filed 11/20/23 Page 4 of 22 PageID #: 1694

China through its Chinese operating subsidiaries (*id.*, ¶ 12). Mr. Jie is a resident of New York and was, at all times relevant herein, the Vice President of Finance of CCCR, the General Manager of CCCR's New York office, and CCCR's largest shareholder (*id.*, ¶ 6).

The events giving rise to this litigation have their roots in discussions between senior executives of CCCR and Wheat in early 2017 regarding the potential Reverse Merger transaction (*id.*, ¶ 13). Mr. Jie, on behalf of CCCR, held meetings in China between CCCR, Nonobank, and Wheat to negotiate the terms of the Reverse Merger (*id.* ¶ 14). These negotiations culminated in a Memorandum of Understanding, dated March 21, 2017, among CCCR, Mr. Jie, and Nonobank (*id.*, ¶ 16).

On March 24, 2017, Nonobank, Mr. Jie, and Mr. Jie's counsel, Yi Lin, an attorney residing in New York with a law office in Manhattan, entered into an Escrow Agreement (the **Escrow Agreement**), pursuant to which Mr. Jie agreed to work with Nonobank to facilitate the Reverse Merger in exchange for compensation in the amount of $3.5 million, to be paid after the consummation of the Reverse Merger (*id.*, ¶ 8, 17-19). The Escrow Agreement required Nonobank to deposit the $3.5 million payment for Mr. Jie's services in the Law Office of Yi Lin IOLA Attorney Trust Account (the **Lin Escrow Account**), an attorney escrow account maintained by Mr. Lin at TD Bank in Manhattan (*id.*, ¶ 19). Article IV of the Escrow Agreement provides that the $3.5 million in the Lin Escrow Account are to be refunded to Nonobank with interest upon the written consent of Mr. Jie and Nonobank in the event that the Reverse Merger cannot be completed (*id.*, ¶ 21; Escrow Agreement, Art VI). The Escrow Agreement further provides that, if the agreement cannot be performed or is cancelled, Mr. Lin can terminate the

**653834/2018 SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG** **Page 3 of 21**
Motion No. 001 002 004 005

3 of 21

Case 1:22-cv-07499-BMC   Document 63-26   Filed 11/20/23   Page 5 of 22 PageID #: 1695

Escrow Agreement at any time by assisting in returning the escrow funds with interest back to Nonobank (Complaint, ¶ 22; Escrow Agreement, Art. VII). In April 2017, Nonobank transferred the Chinese currency equivalent of $3.5 million U.S. Dollars to an intermediary in China to be transferred to the Lin Escrow Account (Complaint, ¶ 24).

Pursuant to a Share Exchange Agreement (the **SEA**), dated August 9, 2017, between Wheat's parent company, Sorghum Investment Holdings Limited (**Sorghum**) and CCCR, Sorghum agreed to become a wholly-owned subsidiary of CCCR upon consummation of the Reverse Merger, and Sorghum's shareholders would receive a majority stake in CCCR (*id.*, ¶ 26). But as negations proceeded, troubling issues emerged that called the fairness and propriety of the Reverse Merger negotiations into question. First, Sorghum discovered that the company it had retained to render an opinion as to the fairness of the Reverse Merger was in fact wholly owned by Mr. Jie, but this conflict of interest had not been disclosed (*id.* ¶ 29). It later became apparent that Ms. Xiaoying Sun, an employee of Sorghum responsible for overseeing the Reverse Merger, including making arrangements for the transfer of funds into the Lin Escrow Account, was secretly working with Mr. Jie to divert the escrow funds to accounts controlled by Mr. Jie (*id.*, ¶ 30). Sorghum subsequently learned that Mr. Jie was under criminal investigation in China in connection with the theft of approximately 2.9 billion RMB, the equivalent of roughly 300 million U.S. dollars, from more than 20,000 investors through fraudulent securities transactions (*id.* ¶ 31).

On December 19, 2017, Nonobank, through its counsel, contacted Mr. Lin and requested confirmation that the escrow funds were being held in the Lin Escrow Account (*id.* ¶ 37). Mr.

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**
**Motion No.  001 002 004 005**

**Page 4 of 21**

4 of 21

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 6 of 22 PageID #: 1696

Lin replied via email and declined to confirm the existence of the Escrow Agreement, let alone that the funds were in the Lin Escrow Account (*id.*, ¶¶ 38-39). In a subsequent call between Mr. Lin and Nonobank's counsel on December 20, 2017, Mr. Lin stated that the funds could not be wired to the Lin Escrow Account due to complications in China, and that the funds were instead deposited in one of Mr. Jie's accounts in China (*id.* ¶ 39). Mr. Lin stated that Mr. Jie informed him that the funds had been wired to the Lin Escrow Account that morning and that he would promptly confirm receipt of the funds (*id.*). According to the complaint, the funds never arrived (*id.*, ¶ 40).

On December 29, 2017, Nonobank's CEO Ms. Darong Huang contacted Mr. Lin via email requesting confirmation that the funds had been wired to the Lin Escrow Account in accordance with the Escrow Agreement (*id.*, ¶ 42). She never received a response (*id.*, ¶ 43). That day, Sorghum terminated the SEA (*id.*, ¶ 49). On April 20, 2018, Nonobank, through counsel, sent a letter to Mr. Lin notifying him that that the Reverse Merger could not be consummated and demanding return of the escrow funds pursuant to the terms of the Escrow Agreement (*id.*, ¶ 53). Mr. Lin responded by letter dated April 23, 2018, requesting that Nonobank provide proof that it deposited funds in the Lin Escrow Account (*id.* ¶ 54). In a follow up letter dated May 1, 2018, Nonobank's counsel again asked Mr. Lin to confirm whether he had received any funds pursuant to the Escrow Agreement (*id.*, ¶55). Mr. Lin sent Nonobank's counsel a letter in reply dated May 4, 2018 (*id.*, ¶ 56). This time, Mr. Lin stated that his signature on the Escrow Agreement had been forged (*id.*). In addition to denying that he signed the Escrow Agreement, Mr. Lin again demanded that Nonobank provide proof that Nonobank deposited funds in the Lin Escrow

653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG                    Page 5 of 21
Motion No.  001 002 004 005

5 of 21

Case 1:22-cv-07499-BMC   Document 63-26   Filed 11/20/23   Page 7 of 22 PageID #: 1697

Account according to the terms of the Escrow Agreement (*id.*). To date, the escrow funds have never been returned to Nonobank and their whereabouts are unknown (*id.*, ¶ 50).

## DISCUSSION

On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the Court must accept every allegation in the complaint as true afford the pleadings a liberal construction (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). The court allows the plaintiff the benefit of every favorable inference in determining whether the facts alleged in the complaint fit within any cognizable legal theory (*id.* at 87-88). Bare legal conclusions are not accorded favorable inferences and need not be accepted as true (*Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81 [1st Dept 1999]). A CPLR 3211 (a) (1) motion to dismiss on the ground that the action is barred by documentary evidence "may be appropriately granted only where the documentary evidence utterly refuted the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314, 326 [2002]).

### *First Cause of Action: Breach of Contract*

Nonobank brings a cause of action for breach of contract against Mssrs. Jie and Lin, alleging that they have failed to perform their obligations under the Escrow Agreement (Complaint, ¶¶ 59-64). To state a claim for breach of contract, a plaintiff must allege (i) the existence of a valid contract,

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**           **Page 6 of 21**
**Motion No.  001 002 004 005**

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 8 of 22 PageID #: 1698

(ii) the plaintiff's performance, (iii) the defendant's breach, and (iv) resulting damages [*Second Source Funding, LLC v Yellowstone Capital, LLC*, 144 AD3d 445, 445-46 [1st Dept 2016]).

The complaint alleges that the Escrow Agreement is a valid, binding and enforceable agreement, and that Nonobank fully complied with its terms (*id.*, ¶¶ 59-60).  The complaint further alleges that the Mr. Jie breached the Escrow Agreement by failing to instruct Mr. Lin to return the escrow funds to Nonobank upon Nonobank's request for payment when they knew that the Reverse Merger could not be completed (*id.*, ¶¶ 62-63).  The complaint states that Mr. Lin breached the Escrow Agreement by refusing to return the escrow funds to Nonobank and refusing to confirm whether the funds were deposited in the Lin Escrow Account (*id.*, ¶ 64).  The complaint asserts that Nonobank has suffered damages as a result of the breaches of the Escrow Agreement (*id.*, ¶ 65).

Mr. Jie alleges that he never signed the Escrow Agreement and that he was not in China in March 2017 and therefore could not possibly have signed it.  These arguments are unpersuasive. First, even if he were in another country, Mr. Jie could have signed the Escrow Agreement from outside of China or by other means, such as through an agent.  Further, Mr. Jie offers an I-94 travel record form pulled from the U.S. Custom's and Border Protection (**CBP**) website as documentary evidence in support of his claim that he was not in China when the Escrow Agreement was executed (Handelsman aff, exhibit A).  This documentary evidence does not utterly refute the allegations in the complaint regarding the existing of a contract and fall short of conclusively establishing a defense to Nonobank's breach of contract claim as a matter of law. Again, even if Mr. Jie were not in China, he still could have signed the Escrow Agreement

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**       **Page 7 of 21**
  **Motion No.  001 002 004 005**

Case 1:22-cv-07499-BMC   Document 63-26   Filed 11/20/23   Page 9 of 22 PageID #: 1699

through an agent or caused it to be signed by other means.  Further, the CBP website expressly states that the travel history provided on the I-94 form may not reflect land border arrivals and departures and explicitly disclaims that it "is only a tool to assist the public and is not an official record for legal purpose[s]" (Kushner aff, exhibit 2).  Mr. Jie's claim that his signature was forged is an issue of fact not properly before the court at this stage in the proceedings.  Mr. Jie also asserts that the SEC filings of Nonobank's parent company, Sorghum, do not reflect the alleged escrow payment of $3.5 million and do not mention the existence of the Escrow Agreement (Handelsman aff, exhibit B).  The SEC filings offered by Mr. Jie are not relevant to whether the escrow payment was made.  In any event, this is not an SEC enforcement action.

Mr. Lin argues that the deposit of the escrow funds in the Lin Escrow Account was a condition precedent to the Escrow Agreement taking effect pursuant to Article II of the Escrow Agreement, and because Mr. Lin denies that the funds were deposited, he asserts that the Escrow Agreement never took effect.  Mr. Lin further argues that the Escrow Agreement was required to be executed in three parts and retained by all parties, but that he never actually signed any copies of the Escrow agreement (Lin Aff, ¶ 13-15).  Mr. Lin argues that Nonobank failed to perform its obligations under the Escrow Agreement because it failed to deposit the escrow funds in the Lin Escrow Account, but instead transferred the funds to an intermediary (Complaint, ¶ 24).  All of these arguments fail.

Mr. Lin's reading of the Escrow Agreement, *i.e.*, that the deposit of the escrow funds by Nonobank in the Lin Escrow Account was a condition precedent to the Escrow Agreement taking effect, is in stark contrast to the express terms of Article II, which provides in relevant

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**                    **Page 8 of 21**
**Motion No.  001 002 004 005**

8 of 21

Case 1:22-cv-07499-BMC Document 63-26 Filed 11/20/23 Page 10 of 22 PageID #: 1700

part that: "[t]his escrow agreement shall be in effect beginning with the execution of this agreement" (Lin aff, exhibit B). Mr. Lin's conclusory denial that he signed the Escrow Agreement at best raises an issue of fact and is not properly before the court on a motion to dismiss. And Mr. Lin's argument that Nonobank failed to perform is equally unavailing. Reference is once again made to Article II, which provides: "It is agreed that [Nonobank] shall deposit the fund to the bank account instructed by [the Law Office of Yi Lin] 60 days after [Mr. Jie and Nonobank] execute this agreement" (*id.*). As alleged in the complaint, Nonobank wired the escrow funds where they were instructed to wire them, thereby satisfying its obligations under Article II of the Escrow Agreement. Taking the allegations in the complaint as true and affording them every favorable inference, Nonobank has stated a cause of action for breach of contract against Mssrs. Jie and Lin, and the motions to dismiss are denied with respect to the first cause of action.

### *Second Cause of Action: Declaratory Judgment*

Nonobank seeks a declaratory judgment that Mr. Lin is a party to the Escrow Agreement and the Escrow Agreement requires Mr. Lin to disclose if and when the escrow funds were deposited in the Lin Escrow Account (Complaint, ¶¶ 67-68). On a motion to dismiss for failure to state a cause of action, the inquiry before the court is not whether the plaintiff is entitled to a favorable declaration, but whether the plaintiff has presented a proper case for invoking the jurisdiction of the court to make a declaratory judgment (*Fillman v Axel*, 63 AD2d 876, 876 [1st Dept 1978]). Here, Nonobank properly invokes the Court's jurisdiction to render a declaratory judgment. Accordingly, the motion to dismiss the second cause of action is denied.

**653834/2018 SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG** **Page 9 of 21**
**Motion No. 001 002 004 005**

9 of 21

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 11 of 22 PageID #:
1701

### *Third Cause of Action: Breach of the Covenant of Good Faith and Fair Dealing*

Nonobank alleges that the actions of Mssrs. Lin and Jie with regard to the escrow funds constitute a breach of the implied covenant of good faith and fair dealing (Complaint, ¶¶ 70-75). All contracts contain an implied covenant of good faith and fair dealing (*Forman v Guardian Life Ins. Co. of Am.*, 76 AD3d 886, 888 [1st Dept 2010]).  The covenant provides that no party to a contract shall take any actions to spoil the rights of another party to receive the fruits of the contract (*id.*).

The complaint alleges that Mr. Lin breached the implied covenant of good faith and fair dealing by refusing to disclose whether the escrow payment was ever deposited in the Lin Escrow Account, thereby frustrating Nonobank's efforts to recover the escrow funds and denying Nonobank the protections of the Escrow Agreement (Complaint, ¶¶ 71, 75).  The Complaint further alleges that Mr. Jie breached the implied covenant of good faith and fair dealing by arbitrarily and unreasonably failing to instruct Mr. Lin to return the escrow funds to Nonobank after the Reverse Merger transaction was terminated as set forth under the Escrow Agreement (*id.*, ¶¶ 72-75).

Mssrs. Lin and Jie contend that the complaint fails to state a cause of action for breach of the implied covenant of good faith and fair dealing because, in their view, the contract never took effect.  They argue that a condition precedent never occurred, *i.e.*, that Nonobank never directly deposited the escrow finds to Mr. Lin, and they both deny signing the Escrow Agreement in the first place.  As discussed, *supra*, these arguments are unavailing.  Mssrs. Lin and Jie's conclusory denials that they signed the escrow agreement at most raise issues of fact not properly

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**                    **Page 10 of 21**
  **Motion No.  001 002 004 005**

Case 1:22-cv-07499-BMC   Document 63-26   Filed 11/20/23   Page 12 of 22 PageID #: 1702

before the Court at this stage of the proceedings, and the documentary evidence does not conclusively establish as a matter of law that Nonobank's direct transfer of the escrow funds to Mr. Lin was a condition precedent to the Escrow Agreement taking effect. Accordingly, the motion to dismiss the third cause of action is denied.

### *Fourth Cause of Action: Breach of Fiduciary Duty*

The complaint alleges a cause of action for breach of fiduciary duty against Mr. Lin. Nonobank alleges that Mr. Lin breached his fiduciary duties by refusing to confirm whether the escrow funds were deposited in the Lin Escrow Account and failing to return the escrow funds upon Nonobank's demand (Complaint, ¶¶ 77-80). The elements of a cause of action for breach of fiduciary duty are (i) the defendant owed a fiduciary duty to the plaintiff, (ii) the defendant committed misconduct, and (iii) the defendant's misconduct resulted in damages to the plaintiff (*Burry v Madison Park Owner LLC*, 84 AD3d 699, 700 [1st Dept 2011]).

The complaint alleges that Mr. Lin owed a fiduciary duty to Nonobank pursuant to Rule 1.15 of the New York Rules of Professional Conduct (Complaint, ¶ 77). Specifically, the complaint asserts that Mr. Lin had a duty to notify Nonobank of the receipt of funds in which Nonobank had an interest, maintain complete and accurate records of any such funds, and promptly pay such funds to Nonobank (*id.*). The complaint alleges that Mr. Lin breached his fiduciary duty to Nonobank by (i) refusing to confirm whether the escrow funds were deposited in the Lin Escrow Account and, (ii) to the extent that the escrow funds were in fact deposited in the Lin Escrow account, by failing to return the escrow funds to Nonobank upon its demand (*id.*, ¶¶ 78-79). The complaint further alleges that Nonobank incurred damages as a result (*id.*, ¶ 80). Mr. Lin argues

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**                    **Page 11 of 21**
Motion No.  001 002 004 005

11 of 21

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 13 of 22 PageID #: 1703

that Nonobank has failed to establish that it directly deposited the escrow funds with Mr. Lin or that he signed the Escrow Agreement, and that no fiduciary duty could have arisen from the Escrow Agreement because it never took effect. Again, as discussed, *supra*, Mr. Lin's arguments present issues of fact and are insufficient to prevail on a motion to dismiss. The motion to dismiss the fourth cause of action is denied.

### *Fifth Cause of Action: Fraud and Fraudulent Inducement*

Nonobank brings a cause of action for fraud and fraudulent inducement against CCCR and Mr. Jie. The prima facie elements of a cause of action for fraud are (i) a material misrepresentation of fact, (ii) made by the defendant with knowledge of its falsity, (ii) with an intent to induce the plaintiff's reliance, (iv) justifiable reliance by the plaintiff, and (v) damages (*Schneiderman v Credit Suisse Securities (USA) LLC*, 31 NY3d 622, 638 [2018]). To state a cause of action for fraudulent inducement, the plaintiff must allege (i) a knowing misrepresentation of material fact, (ii) intended to deceive another party and induce them to act on it, (iii) resulting in injury (*Gosmile, Inc. v Levine*, 81 AD3d 77, 81 [1st Dept 2010]). A cause of action alleging fraud or fraudulent inducement must be pled with particularity (CPLR § 3016 [b]).

Here, the complaint states a viable cause of action for fraud against Mr. Jie. The complaint alleges that Nonobank wired the escrow funds to the account of an intermediary in China based on misrepresentations made by Mr. Jie, acting on behalf of CCCR, that the funds would ultimately be transferred to the Lin Escrow Account in accordance with the terms of the Escrow Agreement and would not be released until the Reverse Merger was completed (Complaint, ¶ 82). The complaint further alleges that Mr. Jie knew that Nonobank would rely on these material

**653834/2018  SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**  **Page 12 of 21**
**Motion No.  001 002 004 005**

12 of 21

Case 1:22-cv-07499-BMC   Document 63-26   Filed 11/20/23   Page 14 of 22 PageID #: 1704

misrepresentations, and that Nonobank would not have entered into the Escrow Agreement but for Mr. Jie's representations (*id.* ¶ 83). Nonobank asserts that Mr. Jie's representations regarding the escrow funds were knowingly false when made and that he never intended to follow through on his statements (*id.* ¶ 84). Nonobank alleges that Mr. Jie's false representations were part of a fraudulent scheme to divert Nonobank's escrow funds to his own accounts (*id.*).

Nonobank further alleges that CCCR is liable for the fraudulent conduct of Mr. Jie under a theory of vicarious liability (Complaint, ¶¶ 81-86). The doctrine of respondeat superior provides that an employer is vicariously liable for a tort committed by its employee while acting in the scope of employment (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). The employer may be liable for the negligent or intentional acts of the employee, but only where "the tortious conduct is generally foreseeable and a natural incident of the employment (*id.*, citing *Riviello v Waldron*, 47 NY2d 297, 304 [1979]). If, however, in committing tortious acts an employee departs from the scope of his or her employment to the extent that the employee's acts constitute an abandonment of service, the employer is not liable for the acts of the employee (*Judith M.*, 93 NY2d at 933).

The complaint alleges that CCCR is vicariously liable for Mr. Jie's fraudulent conduct because Mr. Jie represented CCCR in negotiating the terms of the Reverse Merger, had authority to bind CCCR with respect to all matters relating to the Reverse Merger, and was acting within the scope of his authority when he committed the alleged fraud (*id.* ¶ 85). The tortious conduct alleged, however, was undertaken by Mr. Jie for his own personal motives and not in furtherance of his duties as an employee of CCCR. The allegations in the complaint fail to support the inference

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**
**Motion No. 001 002 004 005**

**Page 13 of 21**

13 of 21

Case 1:22-cv-07499-BMC   Document 63-26   Filed 11/20/23   Page 15 of 22 PageID #: 1705

that CCCR could have foreseen that Mr. Jie would collude with a rogue employee of Nonobank, or that such conduct was a natural incident of his employment with CCCR. Notably, CCCR had nothing to gain from Mr. Jie's actions. In fact, if anything, CCCR was harmed by Mr. Jie's actions because he effectively sabotaged the Reverse Merger.

To the extent that Nonobank relies on *Holmes v Gary Goldberg & Co., Inc.* (40 AD3d 1033 [2d Dept 2007]), this reliance is misplaced. In *Holmes*, the court found that it was foreseeable that a financial advisor employed by the defendant, who was entrusted with significant sums of money, might abscond with the funds (*Holmes*, 40 AD3d at 1034-1035). In this case, the complaint fails to allege that Mr. Jie was ever entrusted with the escrow funds, such that it might be foreseeable that he would divert them. Rather, Mr. Jie's conduct was unforeseeable and was not a natural incident of his employment. Accordingly, CCCR's motion to dismiss the fifth cause of action is granted without prejudice.

### *Sixth Cause of Action: Conversion*

Nonobank asserts a cause of action for conversion against CCCR and Mr. Jie. The elements of conversion are (i) the plaintiff's possessory right or interest in property, and (ii) the defendant's dominion over or interference with the property, to the exclusion of the owner's rights (*Pappas v Tzolis*, 20 NY3d 228, 234 [2012]).

Nonobank asserts that it is the rightful owner of the $3.5 million in escrow funds that it transferred to the Chinese intermediary at Mr. Jie's request with intent that it be wired to the Lin Escrow Account pursuant to the Escrow Agreement (*id.*, ¶ 89). Nonobank alleges that Mr. Jie

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**                    **Page 14 of 21**
**Motion No.  001 002 004 005**

14 of 21

Case 1:22-cv-07499-BMC     Document 63-26     Filed 11/20/23     Page 16 of 22 PageID #: 1706

intentionally interfered with Nonobank's rights to the funds by exercising complete dominion and control over the funds to the exclusion of Nonobank, and that Nonobank has been unable to recover the funds (*id.*, ¶ 90). Specifically, the complaint alleges that Mr. Jie worked with a rogue employee of Nonobank, Ms. Sun, to divert the escrow funds into an account owned and controlled by Mr. Jie in China (*id.*, ¶¶ 25, 30, 39). These allegations state a claim for conversion against Mr. Jie.

The complaint further alleges that CCCR is vicariously liable for Mr. Jie's conversion of Nonobank's funds because Mr. Jie represented CCCR in negotiating the Reverse Merger, had authority to bind CCCR with respect to the Reverse Merger, and was acting within the scope of his authority when he converted the funds (*id.*, ¶ 92). As discussed above, however, the complaint fails to allege that Mr. Jie's conduct was foreseeable and a natural incident of his employment and therefore fails to state a claim for conversion against CCCR under the doctrine of respondeat superior. Therefore, the motion to dismiss the sixth cause of action is denied with respect to Mr. Jie, and is granted without prejudice with respect to CCCR.

*Seventh Cause of Action: Aiding and Abetting Conversion*

Nonobank asserts a cause of action for aiding and abetting conversion against Mr. Lin. To state a cause of action for aiding and abetting conversion, the plaintiff must first establish the existence of an underlying conversion by the primary tortfeasor (*William Doyle Galleries, Inc. v Stettner*, 167 AD3d 501, 505 [1st Dept 2018]). The complaint must set forth sufficient factual allegations to support a strong inference that the defendant had actual knowledge of the underlying conversion or was willfully ignorant of it, and rendered substantial assistance to

**653834/2018  SHANHAI NONOBANK FINANCIAL vs. JIE, YANG**                **Page 15 of 21**
**Motion No.  001 002 004 005**

15 of 21

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 17 of 22 PageID #:
1707

enable the harm to proceed by, for example, concealment or failure to act (*Sayles v Ferone*, 137 AD3d 486, 486 [1st Dept 2016]).

The complaint alleges that Mr. Lin aided and abetted Mr. Jie's conversion of Nonobank's funds in that Mr. Lin facilitated the transfer of the funds through Mr. Jie's accounts knowing that Mr. Jie had no right to possess the funds (Complaint, ¶¶ 95-98). Mr. Lin argues that the aiding and abetting conversion cause of action should be dismissed because the complaint fails to allege an underlying conversion by Mr. Jie and Mr. Lin's knowledge of the conversion. In fact, the complaint specifically alleges that "Nonobank was the rightful owner of [the escrow funds]" and that "[Mr. Jie], without authority, intentionally exercised complete dominion and control over the [escrow funds] to the exclusion of Nonobank, and therefore interfered with Nonobank's rights" (*id.*, ¶¶ 94-95). The complaint also alleges that Mr. Lin informed Nonobank that Mr. Jie would be transferring funds from Mr. Jie's accounts in China to the Lin Escrow Account even though he "knew that [Mr. Jie] had no right to possess these funds" (*id.*, ¶ 97). Therefore, the motion to dismiss the seventh cause of action is denied.

### *Eighth Cause of Action: Equitable Accounting*

Nonobank brings a cause of action against Mr. Lin seeking equitable accounting. To demonstrate entitlement to equitable accounting, a plaintiff must establish (i) the existence of a confidential or fiduciary relationship between the plaintiff and the defendant and (ii) the defendant's breach of the duty imposed by that relationship with respect to money or property in which the plaintiff has an interest (*Adam v Cutner & Rathkopf*, 238 AD2d 234, 242 [1st Dept

653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG                    Page 16 of 21
Motion No.  001 002 004 005

16 of 21

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 18 of 22 PageID #: 1708

1997]). The plaintiff must also demonstrate that there is no adequate remedy at law (*Unitel Telecard Distribution Corp. v Nunez*, 90 AD3d 568, 569 [1st Dept 2011]).

The complaint alleges that Mr. Lin, in his capacity as escrow agent under the Escrow Agreement, had a fiduciary relationship with Nonobank as a beneficiary of the Escrow Agreement (*see* Complaint, ¶¶ 19-22, 24). Nonobank alleges that it has demanded that Mr. Lin account for all funds belonging to Nonobank in the Lin Escrow Account and turn over all records in his possession relating to the escrow funds, and to remit the funds to Nonobank (Complaint, ¶ 101). Nonobank states that Mr. Lin has refused to provide an accounting of Nonobank's funds held in the Lin Escrow Account, nor has he released any such funds, and that Nonobank has no adequate remedy at law (*id.* ¶ 102-103). The complaint sets forth a viable cause of action for equitable accounting. Accordingly, Mr. Lin's motion to dismiss is denied with respect to the eighth cause of action for equitable accounting.

### *Motion to Quash Subpoena*

Mr. Jie moves to quash the subpoena duces tecum served on Bank of America, N.A. (the **BOA Subpoena**) pursuant to CPLR § 2304 and to issue a protective order regarding the same pursuant to CPLR § 3103. CPLR § 3101 (a) requires "full disclosure of all matter material and necessary in the prosecution or defense of an action." In addition to parties to the litigation and other entities from whom disclosure may be sought, CPLR § 3101(a) (4) broadly authorizes disclosure from "any other person, upon notice stating the circumstances or reasons such disclosure is sought or required." Under CPLR § 3103, courts are afforded broad discretion in issuing protective orders to preclude or limit the use of discovery devices, such as subpoenas, "to

**653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**                **Page 17 of 21**
  **Motion No.  001 002 004 005**

17 of 21

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 19 of 22 PageID #: 1709

prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR § 3103 [a]; *Jones v Maples*, 257 AD2d 53, 56 [1st Dept 1999]).

With respect to nonparty subpoenas, the disclosure sought must be material and necessary, a standard which is to be "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Matter of Kapon v Koch*, 23 NY3d 32, 38 [2014], quoting *Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]).  The party seeking the protective order "bears the initial burden to show either the discovery sought is irrelevant or that it is obvious the process will not lead to legitimate discovery" (*Liberty Petroleum Realty, LLC v Gulf Oil, L.P.*, 164 AD3d 401, 403 [1st Dept 2018]).  Once this burden is met, the burden shifts to the subpoenaing party to "establish that the discovery sought is 'material and necessary' to the prosecution or defense of an action, *i.e.*, that it is relevant (*Koch*, 23 NY3d at 34).

The BOA Subpoena requests all account statements, copies of checks, wires, deposits, and withdrawal statements for all accounts at BOA belonging to Mr. Jie or his company, Jies Enterprise and Development Limited (NYSCEF Doc. No. 40).  Mr. Jie asserts that the BOA Subpoena is overbroad and seeks unfettered personal and business financial information.  Mr. Jie contends that, as alleged by Nobobank, the purported Escrow Account is supposed to be maintained at TD Bank, not Bank of America, and therefore Nonobank has failed to establish a proper predicate for the BOA Subpoena.  Mr. Jie also argues that TD Bank has already produced more than 1,000 pages of bank account records in response to a prior subpoena, and that such

653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG                    Page 18 of 21
Motion No.  001 002 004 005

18 of 21

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 20 of 22 PageID #: 1710

production would ostensibly corroborates Nonobank's allegations, obviating the need for the disclosure sought in the BOA Subpoena.

The Court is not persuaded by Mr. Jie's argument that the BOA Subpoena should be quashed in its entirety. The recently-uncovered TD Bank records reveal that the sum of $3.5 million was wired to the Lin Escrow Account at TD Bank on December 20, 2017 (NYSCEF Doc. Nos. 67, 68). The Fund Transfer Request Authorizations submitted by Nonobank specifically authorize the transfer of $3.5 million from Mr. Jie's Bank of America accounts to the Lin Escrow Account (NYSCEF Doc. No. 3). The disclosure sought from Bank of America is highly probative as to the flow of the escrow funds into Mr. Jie's accounts. To the extent that Mr. Jie argues that Nonobank has failed to establish that the escrow funds were deposited into the subject bank accounts and that the BOA Subpoena should therefore be quashed, this argument is unavailing. Nonobank has no way of knowing whether the escrow funds were deposited in the subject bank accounts without the disclosure sought in the BOA Subpoena. The whole point of the BOA Subpoena is to shed light on this very issue. Accordingly, the motion to quash is granted solely to the extent of information relating to (i) accounts other than Yang Jie or Jies Enterprise and Development Limited and (ii) for information after September 30, 2018.

Accordingly, it is

ORDERED that China Commercial Credit, Inc.'s motion to dismiss the complaint herein (motion seq. no. 001) is granted and the complaint is dismissed in its entirety as against said defendant without prejudice, with costs and disbursements to said defendant as taxed by the Clerk

653834/2018  SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG                Page 19 of 21
Motion No.  001 002 004 005

19 of 21

Case 1:22-cv-07499-BMC    Document 63-26    Filed 11/20/23    Page 21 of 22 PageID #: 1711

of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant;

and it is further

ORDERED that Yi Lin's motion to dismiss the complaint (motion seq. no. 002) is denied;

and it is further

ORDERED that Yang Jie's motion to quash the subpoena duces tecum served on Bank of

America, N.A. and to issue a protective order regarding the same (motion seq. no. 004) is granted

solely to the extent that such subpoena shall be limited only to accounts held at Bank of America

in the name of Yang Jie or Jies Enterprise and Development Limited until September 30, 2018;

and it is further

ORDERED that Yang Jie's motion to dismiss the complaint (motion seq. no. 005) is

denied; and it is further

ORDERED that all remaining defendants file an answer within 20 days of this order; and

it is further

ORDERED that the caption be amended to reflect the dismissal herein of defendant CCCR

and that all future papers filed with the court bear the amended caption: SHANGHAI

NONOBANK FINANCIAL INFORMATION SERVICE CO., LTD. v Yang Jie and Yi Lin; and

it is further

**653834/2018  SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG**                              **Page 20 of 21**
  **Motion No.  001 002 004 005**

20 of 21

Case 1:22-cv-07499-BMC   Document 63-26   Filed 11/20/23   Page 22 of 22 PageID #: 1712

ORDERED that counsel for the moving party shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (access*ible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh).

20190712145543ABORROKFC973720BD8D44568AC7B300A0EFA997

| 7/12/2019 | | | | | |
| --- | --- | --- | --- | --- | --- |
| **DATE** | | | | **ANDREW BORROK, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

653834/2018   SHANGHAI NONOBANK FINANCIAL vs. JIE, YANG      Page 21 of 21
Motion No.  001 002 004 005

21 of 21