**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SEN GAO, CONGLI HUO, RUIBIN WANG, LUXIAO XU, Individually and on behalf of all others similarly situated,<br><br>               Plaintiffs,<br><br>     v.<br><br>SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, LEI NIE, JOHN LEVY, THOR MINER, INC., and GOLDEN MAINLAND, INC.<br><br>               Defendants. | **Case No.: 22-cv-07499-BMC** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT JOHN LEVY'S MOTION TO DISMISS THE**
**SECOND AMENDED CLASS ACTION COMPLAINT**

**Table of Contents**

PRELIMINARY STATEMENT ......................................................................................... 1

ARGUMENT ................................................................................................................. 2

    I.   Plaintiffs Fail to Plead Any Actionable Misstatement or Omission .................................. 2

        A.     Plaintiffs Fail to Allege Actionable False or Misleading Statements ..................... 2

        B.     Plaintiffs Impermissibly Rely On Group Pleading To Allege Levy
               Was A "Maker" of Company Statements ................................................................ 3

    II.  Plaintiffs' Scienter Allegations are Deficient as to Levy.................................................... 6

        A.     Plaintiffs Have Not Sufficiently Alleged that Levy Acted with
               Conscious Misbehavior or Recklessness ................................................................ 6

        B.     A Holistic Review Demonstrates Plaintiffs Have Failed To Plead
               Scienter .................................................................................................................. 9

        C.     The "Additional Support for Scienter" Do Not Establish Scienter
               As To Levy .............................................................................................................. 9

    III. Plaintiffs Plead No Loss Causation..................................................................................... 10

    IV. Plaintiffs Fail to State a Claim Under Section 20(A) ......................................................... 10

CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*AT&T Corp. v. Syniverse Techs., Inc.*, No. 12 Civ. 1812, 2014 WL 4412392
(S.D.N.Y. Sept. 8, 2014) .................................................................................................. 6

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ...................................... 10

*Behrendsen v. Yangtze River Port & Logistics, Ltd.*, 19-cv-00024, 2021 U.S. Dist.
LEXIS 120264 (E.D.N.Y. June 28, 2021).......................................................................... 5

*City of Brockton Ret. Sys. v. Shaw Grp. Inc.*, 540 F. Supp. 2d 464 (S.D.N.Y. 2008)...................... 1

*Dobina v. Weatherford Int'l Ltd.*, 909 F. Supp. 2d 228 (S.D.N.Y. 2012) ........................................ 8

*ECA, Loc. 134 IBEW Joint Pension Tr. v. JP Morgan Chase Co.*, 553 F.3d 187 (2d
Cir. 2009) ...................................................................................................................... 6, 7

*Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286 (S.D.N.Y. 2021) ............................................... 7

*In re AstraZeneca Securities Litig.*, 559 F. Supp. 2d 453 (S.D.N.Y. 2008) ................................... 8

*In re Banco Bradesco*, 277 F. Supp. 3d 600 (S.D.N.Y. 2017) ....................................................... 4

*In re Braskem S.A. Sec. Litig.*, 246 F. Supp.3d 731 (S.D.N.Y. 2017) ........................................... 5

*In re CannaVest Corp. Secs. Litig.*, 307 F. Supp. 3d 222 (S.D.N.Y. 2018).................................... 5

*In re China Mobile Games & Entm't Grp., Ltd. Sec. Litig.*, 14-cv-4471, 2016 U.S.
Dist. LEXIS 29258 (S.D.N.Y. Mar. 7, 2016) ..................................................................... 6

*In re Piedmont Lithium Inc. Sec. Litig.*, 21-cv-4161, 2024 U.S. Dist. LEXIS 9448
(E.D.N.Y. Jan. 18, 2024)............................................................................................... 8, 9

*In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510 (S.D.N.Y. 2009) ..................................... 2

*In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611 (S.D.N.Y. 2007)................................................ 4

*In re Satyam Comput. Servs. Sec. Litig.*, 915 F. Supp. 2d 450 (S.D.N.Y. 2013)........................ 2, 4

*In re ShengdaTech, Inc. Sec. Litig.*, No. 11-cv-1918, 2014 U.S. Dist. LEXIS
112190 (S.D.N.Y. Aug. 12, 2014) ..................................................................................... 6

*In re Sierra Wireless, Inc. Sec. Litig.*, 482 F. Supp. 2d 365 (S.D.N.Y. 2007) ............................... 3

*Janus Cap. Group., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011).................................... 4

*Kalnit v. Eichler*, 264 F.3d 131 (2d Cir. 2001)............................................................................. 9

*Kuriakose v. Fed. Home Loan Mortg. Corp.*, 897 F. Supp. 2d 168 (S.D.N.Y. 2012) ..................... 7

*Local No. 38 Int'l Bhd. of Elec. Workers Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447 (2d Cir. 2011) ........................................................................... 8

*Novak v. Kasaks*, 216 F.3d 300 (2d Cir. 2000) .................................................................. 7

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124 (2d Cir. 1994) ....................................... 3

*Steinberg v. Ericsson LM Tel. Co.*, No. 07 Civ. 9615, 2008 WL 5170640 (S.D.N.Y. Dec. 10, 2008) ........................................................................................................... 8

*Tabor v. Bodisen Biotech, Inc.*, 579 F. Supp. 2d 438 (S.D.N.Y. 2008) ............................. 3

*Tellabs v. Makor Issues & Rights Ltd.*, 551 U.S. 308 (2007) ........................................... 9

*Wright v. Ernst & Young LLP,* 152 F.3d 169 (2d Cir. 1998) ............................................ 5

*Xu v. Gridsum Holding, Inc.*, 624 F.Supp.3d 352 (S.D.N.Y. 2022) ................................. 4

**Statutes**

Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 .............. *passim*

Securities Exchange Act of 1934, Sections 10(b) and 20(a), 15 U.S.C. §§ 78j(b) & 78t(a) ..................................................................................................... *passim*

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................ *passim*

## PRELIMINARY STATEMENT[1]

Rather than substantively respond to the arguments Levy advanced in his dismissal motion, Plaintiffs' Opposition ("Opp.," ECF Dkt. 66) merely repeats the deficient pleadings of the SAC, ignoring the fatal pleading flaws which mandate dismissal of its claims. The Opp. doubles-down on the theory that Levy *must have* known about Jie's alleged criminal background because they overlapped by two months at a company many years ago, and that Levy had a duty to publicly report such imputed knowledge when he was appointed a Singularity director. No case authority is cited for such an outlandish proposition.

Plaintiffs fail to plead any actionable misstatement or omission, nor do they rescue the SAC's failure to plead that Levy was a "maker" any of the allegedly false or misleading statements. No scienter is established because Plaintiffs do not plead with the requisite particularity that Levy was *aware* of facts that contradicted the public statements. Plaintiffs instead rely upon an "amalgam of suggestions" that are simply insufficient to adequately allege a strong inference of scienter. *City of Brockton Ret. Sys. v. Shaw Grp. Inc.*, 540 F. Supp. 2d 464, 475 (S.D.N.Y. 2008). Plaintiffs' Opp. ignores the MTD case law at pp. 9-10, which holds that there is no inference of scienter without allegations – which are absent – that Levy received any improper personal benefit.

Moreover, Plaintiffs concede that they merely infer Levy knew about the allegations concerning Jie. Such an allegation is speculative and conclusory, failing to satisfy Plaintiffs' obligation to plead with particularity that Levy acted with conscious misbehavior or recklessness.

Finally, Plaintiffs neglect to rescue their pleading infirmity concerning loss causation, as the SAC does not reveal any "new" information to the market.

---

[1] Abbreviations and defined terms carry the same meanings as set forth in Levy's Memorandum of Law in Support of His Motion to Dismiss the Second Amended Complaint ("MTD __") (ECF 60-1). References to "SAC ¶ __" refer to the corresponding paragraph in the SAC (ECF 58).

1

## ARGUMENT

**I.     PLAINTIFFS FAIL TO PLEAD ANY ACTIONABLE MISSTATEMENT OR OMISSION**

**A.     Plaintiffs Fail to Allege Actionable False or Misleading Statements**

The Opp. does not rescue Plaintiffs' 10b-5 claim against Levy because the SAC fails to identify an actionable misstatement or omission:

**1.     Statements Concerning Jie's Background:** The SAC identifies only two statements made by the Company concerning Jie's background on November 1, 2021 (SAC ¶ 51), weeks *before* Levy joined Singularity's Board as an Independent Director on November 18, 2021 (SAC ¶¶ 35, 98),[2] and in an April 22, 2022 proxy statement (SAC ¶ 52).  Levy cannot be responsible for a statement before he joined Singularity and, as a matter of law, cannot be liable for the April 22, 2022 statement because he had no reason to believe it was false when made, nor does the SAC assign such knowledge to Levy other than that Jie and Levy overlapped for two months at CCC (SAC ¶¶ 58, 74, 97-99), which common time does not impute such knowledge to Levy.  *See*, *e.g.*, *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 538 (S.D.N.Y. 2009) ("Here, Plaintiff argues that the individual Defendants must have known of [the] concerns, due to their positions in PXRE, and due to PXRE's 'intimate corporate culture.' The Court finds that such allegations fail to support an inference that Defendants knew, or had access to, [the] concerns.") Indeed, contrary to Plaintiffs' conclusory "inference" (Opp. p. 44), Levy was unaware of the allegations concerning Jie until the May 5, 2022 Hindenburg Report. Levy therefore bears no

---

[2] As a matter of law, Levy cannot be held liable for statements made prior to his tenure with the Company. *In re Satyam Comput. Servs. Sec. Litig.*, 915 F. Supp. 2d 450, 477 n.17 (S.D.N.Y. 2013) ("The Court notes that each individual AC Defendant may only be held liable for statements made during the time he or she served on the Audit Committee.")

liability for statements which he believed to be true when made. *See*, *e.g.*, *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129 (2d Cir. 1994); *In re Sierra Wireless, Inc. Sec. Litig.*, 482 F. Supp. 2d 365, 378 (S.D.N.Y. 2007) ("In order for a statement to be false or misleading, a plaintiff must allege that the speaker was aware of adverse information at the time he spoke.")

**2.      Statements Concerning Levy's Background:** The Opp. does not and cannot identify a legal duty by Levy to disclose his tenure as a CCC director, which information, in any event, has always been available on Levy's website.[3] "Under Rule 10b-5, silence absent a duty to disclose is not misleading." *Tabor v. Bodisen Biotech, Inc.*, 579 F. Supp. 2d 438, 450 (S.D.N.Y. 2008). Levy was under no duty to further disclose his prior CCC position, which disclosure Plaintiffs do not allege would have somehow materially affected any legal position at the time. The most that Plaintiffs allege is that Levy and Jie overlapped years ago at CCC for less than two months (Opp. p. 44), and no authority is advanced by Plaintiffs which concludes that Levy had a duty to disclose such overlapping time, certainly not that such omission is a securities violation.  Indeed, Plaintiffs speculating that Levy "would likely have been aware" or "surely knew of [Jie's CCC financial improprieties]" because he worked at CCC (Opp. pp. 7, 11), the alleged scienter inferences, do not rise to a 10b-5 omission.  *Id.* p. 44, n.30.

**3.      Other Statements:** Plaintiffs have not identified any statement concerning Singularity's cryptocurrency business, including Thor Miner, SOS, or Golden Mainland, which Levy knew to be inaccurate at the time it was made. *Sierra*, 482 F. Supp. at 378.

**B.      Plaintiffs Impermissibly Rely On Group Pleading To Allege Levy Was A "Maker" of Company Statements**

Plaintiffs maintain that under *Janus Capital Group., Inc. v. First Derivative Traders*, 564

---

[3] Board Advisory, http://boardadvisory.net/index.html.

U.S. 135 (2011), Levy is a "maker" of Company statements. (Opp. pp. 30-32) But Plaintiffs' own *Janus* test contemplates a "maker" only if the person "had ultimate authority over the company's statement; signed the company's statement; ratified and approved the company's statement; or where the statement is attributed to the executive." *Id*. at p. 30 (citation omitted) The SAC does not allege Levy adopted any of these positions, and "group pleading" does not rescue Plaintiffs. *See Xu v. Gridsum Holding, Inc*., 624 F.Supp.3d 352, 365 (S.D.N.Y. 2022) ("[T]he group-pleading doctrine is no longer viable . . . ."). With respect to the group-pleading doctrine after *Janus*, the S.D.N.Y. has found "a mere presumption that a person worked on a statement by virtue of his . . . role within the company must [] fall short" of "*Janus'*s requirement that the individual have ultimate authority over the statement." *Id.* at 362 (*citing In re Banco Bradesco*, 277 F. Supp. 3d 600, 641 (S.D.N.Y. 2017)). Levy is not alleged to have had ultimate control over any such statements attributed to his conduct merely because Levy was a board member.

Even assuming the continued vitality of group pleading, Levy's role as a member of Singularity's Audit Committee does not elevate him to a "corporate insider" with control over the Company's everyday business. Afterall, "[n]either director status nor mere membership on an audit committee, standing alone, is sufficient to demonstrate actual control over a company or an allegedly fraudulent transaction." *Satyam*, 915 F. Supp. at 482. Plaintiffs' authorities are easily distinguished: in *Satyam*, the audit committee members had actual day-to-day company involvement, including having served on the board and audit committee for several years during which an alleged financial fraud was perpetrated and signed registration statements. *Id.* Similarly, *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611 (S.D.N.Y. 2007), decided *prior* to *Janus,* concerned audit committee defendants approving certain registration and financial statements.

In this case, however, the SAC is bereft of any specific allegations concerning Levy's

involvement in Singularity's day-to-day activity, nor is Levy alleged to have acted improper on the Company's audit committee.[4] (SAC, *passim*) Instead, the SAC advances conclusory collective allegations as to all Individual Defendants: that they "directly participated in the management of the Company," were "directly involved in the day-to-day operations," were "privy to confidential proprietary information," were "directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false or misleading statements," were "directly or indirectly involved in Singularity's sham transformation into a cryptocurrency company," were "directly or indirectly involved in the oversight or implementation of … internal controls." SAC ¶¶ 37(a)-(h). Recent decisions in this Circuit make it clear that sweeping allegations such as these which group the Individual Defendants together are insufficient to establish liability. *See Behrendsen v. Yangtze River Port & Logistics, Ltd.*, 19-cv-00024, 2021 U.S. Dist. LEXIS 120264, at \*32 (E.D.N.Y. June 28, 2021) (allegation that individual defendants were "directly involved in managing [Company] and disseminating SEC filings" insufficient to establish liability); *see In re CannaVest Corp. Secs. Litig.*, 307 F. Supp. 3d 222, 242 (S.D.N.Y. 2018) (generic and conclusory allegations that individual defendants "did influence and control, directly or indirectly, the decision making of the company" insufficient to establish liability); *In re Braskem S.A. Sec. Litig.*, 246 F. Supp.3d 731, 762, n.10 (S.D.N.Y. 2017) (same).

To rescue the SAC from pleading infirmity, Plaintiffs introduce at Opp. p. 32 new allegations of Levy's role on Singularity's Audit Committee, but motion papers are an inappropriate place to buttress an infirm pleading. *See, e.g., Wright v. Ernst & Young LLP,* 152 F.3d 169, 178 (2d Cir. 1998) (cannot amend complaint through motion papers statements). Even

---

[4] The Company's SEC filings identify Levy as an Independent Director. *See* Sino-Global Shipping America Ltd., Current Report (Form 8-K) (Nov. 19, 2021); Singularity Future Technology Ltd., Proxy Statement (Schedule 14A) (Mar. 7, 2022).

considering these new allegations, statements of general duties without specific facts as to Levy's *actual* involvement Audit Committee are insufficient to establish liability. *See In re ShengdaTech, Inc. Sec. Litig.*, No. 11-cv-1918, 2014 U.S. Dist. LEXIS 112190, at *9-12, 26-27 (S.D.N.Y. Aug. 12, 2014) (audit committee members participating in routine meetings and gaining access to undisclosed information insufficient to demonstrate day-to-day business involvement).

## II.    PLAINTIFFS' SCIENTER ALLEGATIONS ARE DEFICIENT AS TO LEVY

To allege scienter, plaintiffs must plead "facts to show either (1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA, Loc. 134 IBEW Joint Pension Tr. v. JP Morgan Chase Co.*, 553 F.3d 187, 199 (2d Cir. 2009). The SAC fails to meet these pleading criteria, and the Opp. neglects to parse SAC allegations (pertaining to Levy) to bootstrap them to pleading sufficiency.

No allegation suggests that Levy personally benefitted from the purported fraud. (Opp. pp. 45-48); *see In re China Mobile Games & Entm't Grp., Ltd. Sec. Litig.*, 14-cv-4471, 2016 U.S. Dist. LEXIS 29258, at *22 (S.D.N.Y. Mar. 7, 2016) (rejecting attempt to establish scienter based on motive that failed to "describe, as it must, how [d]efendants benefited in some concrete and personal way"). Having failed to address these arguments, Plaintiffs concede them. *See AT&T Corp. v. Syniverse Techs., Inc.*, No. 12 Civ. 1812, 2014 WL 4412392, at *7 (S.D.N.Y. Sept. 8, 2014) (plaintiff's failure to address an issue in its opposition brief "concedes the point").

To the extent Plaintiffs contend Levy's motive is premised on a goal of keeping the Company profitable, such an argument is without merit. *ECA*, 553 F.3d at 198 (motives such as "the desire for the corporation to appear profitable," do not suffice to please scienter).

### A.    Plaintiffs Have Not Sufficiently Alleged that Levy Acted with Conscious Misbehavior or Recklessness

A plaintiff seeking to establish scienter by pleading "conscious misbehavior or

6

recklessness" must show the alleged conduct is "highly unreasonable" and "represents an extreme departure from the standards of ordinary care … to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000). "At least four circumstances may give rise to a strong inference of the requisite scienter: where the complaint sufficiently alleges that the defendants (1) benefitted in a concrete and personal way from the purported fraud; (2) engaged in deliberately illegal behavior; (3) knew facts or had access to information suggesting that their public statements were not accurate; or (4) failed to check information they had a duty to monitor." *ECA*, 553 F.3d at 199 (internal citations omitted). If Plaintiffs cannot make a showing of motive – which is not alleged as to Levy – then "the strength of the circumstantial allegations must be correspondingly greater." *Id.* at 198-99. Such circumstances are not present here.

Plaintiffs surmise that Levy "knew facts or had access to information" concerning Jie's background and criminal allegations, but ultimately concede that their argument is merely an "inference." (Opp. pp. 44-45 ("The more compelling inference is that Jie and Levy were acquainted . . ..")) But "[t]o the extent plaintiffs assert defendants had access to contrary facts, the complaint must specifically identify the reports or statements containing that information." *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 318 (S.D.N.Y. 2021) (internal citations omitted). "Scienter requires that a defendant be specifically informed of contrary information." *Id.* at 321; *see Kuriakose v. Fed. Home Loan Mortg. Corp.*, 897 F. Supp. 2d 168, 184 (S.D.N.Y. 2012) ("An allegation that a defendant merely ought to have known is not sufficient to allege recklessness.")

Even more fatal is that Plaintiffs do not plead Levy had actual knowledge about Jie's background. *Novak*, 216 F.3d at 308 ("Corporate officials need not be clairvoyant; they are only responsible for revealing those material facts reasonably available to them."). Rather, the Opp.

7

simply repeats the SAC allegation that Levy ought to have known of the Jie criminal allegations which arose a year after he resigned to CCC (Opp. pp. 5-6, 11, 19, 44), but advances no authority for this proposition. The inference that Plaintiffs suggest – that Levy should have known about allegations concerning an employee at a company where Levy formerly served on the board - does not meet the level of specificity required in this Court. *See, e.g.*, *Steinberg v. Ericsson LM Tel. Co.*, No. 07 Civ. 9615, 2008 WL 5170640, at *13 (S.D.N.Y. Dec. 10, 2008) (finding that the plaintiff failed to allege the defendants' knowledge with sufficient particularity, because the "the Complaint fails to identify any reports Defendants . . . saw, or any conversations in which they were provided information, that was inconsistent in any way with their public statements.")

Allegations that "information was the sort of [data]" that "would have been reviewed by the Individual Defendants are too speculative to give rise to a strong inference of scienter." *Local No. 38 Int'l Bhd. of Elec. Workers Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 462 (2d Cir. 2011) (stating that such "bland assertions . . . offer nothing concrete and are not allegations of fact"). In any event, a prior working relationship is insufficient to establish scienter as a matter of law. *Dobina v. Weatherford Int'l Ltd.*, 909 F. Supp. 2d 228, 254 (S.D.N.Y. 2012) ("Simply listing common employees of both companies, without more, is not enough.")

Plaintiffs' relying on group pleading that all Individual Defendants had knowledge of the alleged misrepresentations and omissions of material facts (Opp. pp. 38-45) fails, especially given that the alleged Jie background cannot be legally imputed to Levy merely they held roles at CCC for two months. *See In re Piedmont Lithium Inc. Sec. Litig.*, 21-cv-4161, 2024 U.S. Dist. LEXIS 9448, at *30-33 (E.D.N.Y. Jan. 18, 2024) (rejecting generalized allegations that individual defendants had the requisite scienter based on their role as senior executive officers and directors); *In re AstraZeneca Sec. Litig.*, 559 F. Supp. 2d 453, 472 (S.D.N.Y. 2008) ("the group pleading

8

doctrine cannot apply to create a presumption of scienter as to individual defendants.")

**B.     A Holistic Review Demonstrates Plaintiffs Have Failed To Plead Scienter**

Under the Supreme Court's *Tellabs* decision, a complaint will survive dismissal "if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 324 (2007). Plaintiffs have failed to adequately allege scienter as to Levy because Plaintiffs failed to allege that Levy had a motive and opportunity to defraud, or that Levy acted with conscious misbehavior or recklessness. *See Kalnit v. Eichler*, 264 F.3d 131 (2d Cir. 2001) (plaintiff failed to allege scienter by combining "inadequate allegations of motive with inadequate allegations of recklessness."); *see also Piedmont*, 2024 U.S. Dist. LEXIS 9448 (same).

**C.     The "Additional Support for Scienter" Do Not Establish Scienter As To Levy**

Plaintiffs' contention that Levy's resignation was tied to the weak internal controls of the Company is a gross misinterpretation of the facts. (Opp. p. 51 n.38) Levy resigned from the Singularity Board on February 23, 2023, following the dissolution of the Special Committee. (MTD at 5; SAC ¶¶ 35, 259)  Plaintiffs contend that the Company admitted Levy's resignation was tied to the weak internal controls and cited to a March 10, 2023 8-K for support (Opp. p. 51 n.38), but this claim is refuted by the March 10, 2023 8-K, which contained no "admission" that Levy's resignation was tied to the weak internal controls, but rather announced: "the Company no longer complies with Nasdaq's audit committee requirement . . . following the resignation of John Levy from the Company's board of directors and audit committee effective February 23, 2023."[5] The fact the Company was unable to comply with Nasdaq's audit committee requirement is no fault of Levy's nor does it give rise to any reasonable inference that Levy's resignation was in any

---

[5] Singularity Future Technology Ltd., Current Report (Form 8-K) (Mar. 10, 2023).

way related to the Company's internal controls.

### III.    PLAINTIFFS PLEAD NO LOSS CAUSATION

Plaintiffs have not alleged loss causation. Plaintiffs ignore that the Short Reports did not reveal undisclosed facts with respect to the misrepresentations alleged in the SAC. Plaintiffs argue that the Short Reports constitute a corrective disclosure because it is based on "foreign-language news sources and buried references in state court and arbitration filings." (Opp. p. 56) But as stated in the Short Reports, they were based on *publicly available* information.

### IV.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER SECTION 20(A)

Plaintiffs fail to allege a primary violation by Levy, and thus the derivative Section 20(a) claims again Levy also fail. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). To state a claim under § 20(a), a plaintiff must allege: "(1) a primary violation by the controlled person, (2) control of the primary violator by the defendant, and (3) that the defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud." *Id.*

### <u>CONCLUSION</u>

For the foregoing reasons, Levy respectfully requests that the Court dismiss Plaintiffs' Second Amended Complaint with prejudice and without leave to amend.

Dated:  January 26, 2024                                    Respectfully submitted:

                                                            **BLANK ROME LLP**
                                                            By:  */s/ Samuel D. Levy*
                                                                 Samuel D. Levy (SDL9271)
                                                                 Alexandra Clark
                                                                 1271 Avenue of the Americas
                                                                 New York, NY 10020
                                                                 Tel.: 212-885-5000
                                                                 Samuel.Levy@BlankRome.com
                                                                 Alexandra.Clark@BlankRome.com

                                                                 *Counsel for John Levy*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2024, a true and correct copy of the foregoing Reply Memorandum in Support of Defendant John Levy's Motion to Dismiss was electronically filed with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.

*/s/ Samuel D. Levy*

Samuel D. Levy