UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SEN GAO, CONGLI HUO, RUIBIN WANG, LUXIAO XU,
Individually and on behalf of all others similarly situated,

                                        Plaintiffs,

                         -against-

SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A
SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE,
LEI CAO, ZHIKANG HUANG, JING SHAN, TIELING LIU,
JIING WANG, LEI NIE, JOHN LEVY, THOR MINER, INC.,
and GOLDEN MAINLAND, INC.,

                                  Defendants.

---

Case No. 22-cv-07499-BMC

**Oral Argument Requested**

## REPLY MEMORANDUM OF LAW OF DEFENDANT JING SHAN IN FURTHER SUPPORT OF HER MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, New York 10281
Tel.:  (212) 504-6000

*Attorneys for Defendant Jing Shan*

Dated:     January 26, 2024

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

    A.    Plaintiffs Failed to Allege that Ms. Shan Had Requisite Scienter ............... 1

        1.    Plaintiffs Failed to Plead Sufficiently That Ms. Shan Had
                Motive or Opportunity to Commit Fraud ....................................... 2

        2.    Plaintiffs Failed to Plead Strong Circumstantial Evidence of
                Conscious Misbehavior or Recklessness by Ms. Shan ................... 3

                a.    Ms. Shan's Scienter is Not Shown by Group Conduct ........ 4

                b.    Ms. Shan's Scienter is Not Shown by Her Singularity
                      Role ..................................................................................... 4

                c.    Ms. Shan's Scienter is Not Shown by Overly
                      Optimistic Corporate Projections ....................................... 5

                d.    Ms. Shan's Scienter is Not Shown by Circumstances ......... 6

    B.    Plaintiffs Failed to State a Claim Via the Non-Viable Group
        Pleading Doctrine ...................................................................................... 9

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Alstom SA*,
  406 F. Supp. 2d 433 (S.D.N.Y. 2005)................................................................................2

*In re Banco Bradesco S.A. Sec. Litig.*,
  277 F. Supp. 3d 600 (S.D.N.Y. 2017)...............................................................................9

*Behrendsen v. Yangtze River Port & Logistics Ltd.*,
  No. 19-cv-00024 (DLI) (LB), 2021 WL 2646353 (E.D.N.Y. June 28, 2021)..........................6

*In re BISYS Sec. Litig.*,
  397 F. Supp. 2d 430 (S.D.N.Y. 2005)................................................................................4

*In re Citigroup, Inc. Sec. Litig.*,
  330 F. Supp. 2d 367 (S.D.N.Y. 2004), *aff'd sub nom.*, 165 F. App'x 928 (2d
  Cir. 2006) ......................................................................................................................4, 7

*ECA, Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*,
  553 F.3d 187 (2d Cir. 2009)...........................................................................................2, 3

*In re Fed Ex Corp. Sec. Litig.*,
  517 F. Supp. 3d 216 (S.D.N.Y. 2021)................................................................................5

*In re Gentiva Sec. Litig.*,
  932 F. Supp. 2d 352 (E.D.N.Y. 2013) ...............................................................................7

*Gregory v. ProNAi Therapeutics Inc.*,
  297 F. Supp. 3d 372 (S.D.N.Y.), *aff'd*, 757 F. App'x 35 (2d Cir. 2018)...................................8

*In re Hain Celestial Grp. Inc. Sec. Litig.*,
  No. 2:16CV-04581 (JSL) (GD), 2022 WL 18859055 (E.D.N.Y. Nov. 4, 2022) .......................8

*Janus Capital Grp., Inc. v. First Derivative Traders*,
  564 U.S. 135 (2011)........................................................................................................9

*Johnson v. Siemens AG*,
  No. 09-CV-5310 (JG) (RER), 2011 WL 1304267 (E.D.N.Y. Mar. 31, 2011) ..........................5

*Jun v. 500.com Ltd.*,
  No. CV 20-806 (GRB) (AKT), 2021 WL 4813192 (E.D.N.Y. Aug. 13, 2021) ........................7

*Kalnit v. Eichler*,
  264 F.3d 131 (2d Cir. 2001)..........................................................................................3, 10

**Page**

*Lefkowitz v. Synacor, Inc.*,
    No. 18 Civ. 2979 (LGS), 2019 WL 4053956 (S.D.N.Y. Aug. 28, 2019), *aff'd*
    *sub nom. Shreiber v. Synacor, Inc.*, 832 F. App'x 54 (2d Cir. 2020) .......................................7

*Makor Issues & Rights Ltd. v. Tellabs, Inc.*,
    437 F.3d 588 (7th Cir. 2006), *rev'd on other grounds*, 551 U.S. 308 (2007)...........................9

*Malin v. XL Cap., Ltd.*,
    312 F. App'x 400 (2d Cir. 2009) ...............................................................................................6

*Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*,
    446 F. Supp. 2d 163 (S.D.N.Y. 2006).......................................................................................3

*In re Piedmont Lithium Inc. Sec. Litig,.*
    No. 21-CV-4161 (OEM) (PK), 2024 WL 197751 (E.D.N.Y. Jan. 18, 2024)...........................6

*Russo v. Bruce*,
    777 F. Supp. 2d 505 (S.D.N.Y. 2011).................................................................................... 5-6

*In re Satyam Computer Servs. Ltd. Sec. Litig.*,
    915 F. Supp. 2d 450 (S.D.N.Y. 2013).................................................................................... 7-8

*Shields v. Citytrust Bancorp, Inc.*,
    25 F.3d 1124 (2d Cir. 1994).......................................................................................................5

*In re Sotheby's Holdings, Inc.*,
    No. 00 Civ. 1041 (DLC), 2000 WL 1234601 (S.D.N.Y. Aug. 31, 2000)..................................5

*Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*,
    365 F.3d 353 (5th Cir. 2004) .....................................................................................................9

*In re Telefonaktiebolaget LM Ericsson Sec. Litig.*,
    No. 22-CV-1167 (WFK) (LB), --- F.Supp.3d ----, 2023 WL 3628244
    (E.D.N.Y. May 24, 2023) .........................................................................................................10

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007)............................................................................................................. 1-2

*Wilner Family Trust v. Queen*,
    503 F.3d 319 (3d Cir. 2007)......................................................................................................9

*Woolgar v. Kingstone Cos., Inc.*,
    477 F. Supp. 3d 193 (S.D.N.Y. 2020).......................................................................................7

*In re Yukos Oil Co. Sec. Litig.*,
    No. 04 Civ. 5243 (WHP), 2006 WL 3026024 (S.D.N.Y. Oct. 25, 2006)..................................5

**Page**

**Statutes**

Private Securities Litigation Reform Act..........................................................................................1

Fed. R. Civ. P. 9(b) ...........................................................................................................................1

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 10

This Reply Memorandum of Law is submitted respectfully in further support of the motion by Defendant Jing Shan ("Ms. Shan") to dismiss Plaintiffs' Second Amended Class Action Complaint ("SAC"), with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

Plaintiffs' opposition to Ms. Shan's motion underscores their lack of sufficient allegations regarding her scienter. They cannot point to any admission by her, or a contemporaneous private writing which differs from her public statements, or even an accusation by an admitted tortfeasor. Lacking any proper allegation of scienter, directly or by motive and opportunity or otherwise, Plaintiffs rely instead upon improper arguments of group liability and implied knowledge based upon Ms. Shan's former role as an officer of Singularity Future Technology, Ltd. ("Singularity"), and ask the Court to infer through a holistic reading of the SAC points which they cannot properly allege. As set forth herein, their arguments are legally void, and sometimes illogical to the point of being nonsensical, and the claims against Ms. Shan fail.

As stated previously, Ms. Shan continues to rely upon legal arguments made by her co-Defendants which are generally applicable. This memorandum focuses upon points germane to Ms. Shan without repetition of those other legal arguments, but without waiver of them.

For such reasons, Ms. Shan requests respectfully that this Court dismiss all claims against her pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs have failed to meet the pleading standards of Fed. R. Civ. P. 9(b) and the Private Securities Litigation Reform Act ("PSLRA").

## ARGUMENT

### A.  Plaintiffs Failed to Allege that Ms. Shan Had Requisite Scienter

Plaintiffs have the burden to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Tellabs, Inc. v. Makor Issues*

*& Rts., Ltd.*, 551 U.S. 308, 314 (2007) (quoting 15 U.S.C. § 78u–4(b)(2)).  The burden is rightly difficult to meet, requiring far more than speculation or conclusory allegation that fraudulent intent may have been present.  *See ECA, Loc. 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 198 (2d Cir. 2009) ("the inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent") (quoting *Tellabs*, 551 U.S. at 314).  Scienter "can be established by alleging facts to show either (1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness."  *Id.*  (internal citation omitted).

Plaintiffs argue they established scienter in each of these ways (Pl. Br. at 38), but they merely paid lip service to the standards while doing what the law prohibits regarding reliance upon speculation and group liability theories instead of factual pleading about Ms. Shan.

1.      Plaintiffs Failed to Plead Sufficiently That Ms. Shan Had Motive or Opportunity to Commit Fraud

Plaintiffs failed to properly allege motive or opportunity.  There is no averment that Ms. Shan obtained a direct benefit from the alleged fraud, or even that she expected an indirect benefit.  Precisely nothing is averred to explain why Ms. Shan would risk financial ruin and even criminal prosecution in order to engage in the fraud alleged by Plaintiffs.

Plaintiffs attempt to patch over this gaping hole in their pleading with a vague speculation that Ms. Shan and others wanted "to keep their struggling business afloat." (Pl. Br. at 46–48.)  This speculation is insufficient as a matter of law: an alleged motivation to "keep the company afloat" or protect its image is "insufficient to raise an inference of scienter under Second Circuit precedent."  *In re Alstom SA*, 406 F. Supp. 2d 433, 470 (S.D.N.Y. 2005).

2

The contention also is illogical. Plaintiffs do not allege that Ms. Shan, an accomplished professional, lacked other employment opportunities, or that she had any interest that would be affected by the company's failure. To the contrary, knowing participation in a fraud would harm her future employability, so the inference of scienter is unreasonable.

Plaintiffs thus failed to meet their burden to plead "concrete and personal benefit to [Ms. Shan] resulting from the fraud," *Kalnit v. Eichler*, 264 F.3d 131, 139 (2d Cir. 2001), and so their claim fails as to her. They also failed to allege that Ms. Shan had an opportunity to commit fraud. To the contrary, their central allegations as to her concern documents she signed for public filing. This is the opposite of an opportunity for clandestine activity that is the hallmark of a fraud.

As explained more fully *infra*, the group pleading doctrine does not cure these deficiencies. *See Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec., LLC*, 446 F. Supp. 2d 163, 187 (S.D.N.Y. 2006) (if scienter is alleged based on motive and opportunity as to one of the defendants, "the group pleading doctrine does not allow plaintiffs to automatically impute the scienter" to other defendants).

### 2.   Plaintiffs Failed to Plead Strong Circumstantial Evidence of Conscious Misbehavior or Recklessness by Ms. Shan

As noted above, scienter also can be shown by strong circumstantial evidence of conscious misbehavior or recklessness. *See ECA, Loc. 134 IBEW Joint Pension Tr. of Chi.*, 553 F.3d at 198. Even so, Plaintiffs' case against Ms. Shan lacks strong circumstantial evidence, and is instead simply a series of speculations: a fraud must have existed because the bitcoin mining business was weak, Ms. Shan must have known someone was engaged in a fraud because she was Chief Operating Officer ("COO"), and Ms. Shan acted to further that fraud in SEC filings because, well, we don't know why, but she must have wanted to for some reason. This kind of loose pleading is precisely what controlling case law rejects.

Lacking a single solid allegation that Ms. Shan acted with requisite scienter, Plaintiffs instead pile makeweight speculations about her conduct, sometimes lumped with the other Individual Defendants and without distinguishing between them, hoping this Court will infer there is a fraud in there somewhere, by someone, and that Ms. Shan is somehow responsible. (Pl. Br. at 38–45.) Each of Plaintiffs' contentions fails with regard to Ms. Shan as summarized here.

### a.    Ms. Shan's Scienter is Not Shown by Group Conduct

Plaintiffs argue that "the SAC's theory of scienter is deeply rooted in the Individual Defendants' own conduct." (Pl. Br. at 38–39.) In other words, all of the individuals are liable because of the intentions of some undefined subset of them. Critically, neither the SAC nor Plaintiff's opposition brief point to any misconduct by Ms. Shan specifically, that she "had knowledge that the statements were false at the time they were made." *In re Citigroup, Inc. Sec. Litig.*, 330 F. Supp. 2d 367, 381 (S.D.N.Y. 2004), *aff'd sub nom.*, 165 F. App'x 928 (2d Cir. 2006) (dismissing claims against individual defendants because the complaint was "devoid of facts establishing that [they] knew such transactions to be fraudulent or that [they] consciously disregarded a known risk to [the company] and its shareholders"); *see also id.* at 382 (a plaintiff "must allege with particularity that a defendant was an insider or affiliate who knew the group published statements were false at the time they were issued"); *In re BISYS Sec. Litig.*, 397 F. Supp. 2d 430, 440 (S.D.N.Y. 2005) ("the group pleading doctrine has no effect on the PSLRA's scienter requirement. . . . It does not permit plaintiffs to presume the state of mind of those defendants at the time the alleged misstatements were made.").

### b.    Ms. Shan's Scienter is Not Shown by Her Singularity Role

Plaintiffs next argue that Ms. Shan's former positions as COO of Singularity and Thor Miner, Inc. ("Thor Miner"), one of Singularity's joint ventures, must have given her knowledge that the cryptocurrency business was a sham. (Pl. Br. at 39–43.) The law is squarely

4

against this indiscriminate "you were an officer and so we can assume you were in on the fraud and intentionally advanced it" speculating, finding that generic allegations which parrot the elements of a claims are insufficient: "boilerplate allegations that defendants knew or should have known of fraudulent conduct based solely on their board membership or executive positions are insufficient to plead scienter." *In re Sotheby's Holdings, Inc.*, No. 00 CIV. 1041 (DLC), 2000 WL 1234601, at \*7 (S.D.N.Y. Aug. 31, 2000) (collecting cases); *see also Johnson v. Siemens AG*, No. 09-CV-5310 (JG) (RER), 2011 WL 1304267, at \*15 (E.D.N.Y. Mar. 31, 2011) ("To establish an inference of scienter, lead plaintiff must do more than allege that the individual defendants or other [corporate] officers had or should have had knowledge of certain facts contrary to their public statements simply by virtue of their high-level positions, their general responsibility for monitoring [the company's] activities, and their access to inside information."); *In re Yukos Oil Co. Sec. Litig.*, No. 04 Civ. 5243 (WHP), 2006 WL 3026024, at \*20 (S.D.N.Y. Oct. 25, 2006) ("generalized group pleading allegations of [defendant's] knowledge and access to information are insufficient as a matter of law to establish his conscious misbehavior or recklessness.").

> c.   *Ms. Shan's Scienter is Not Shown by Overly Optimistic Corporate Projections*

Plaintiffs argue that Thor Miner's ultimate inability to fulfil its purchase orders was so far from projected performance that the projections must have been fraudulent.

Hopeful projections that Thor Miner could capitalize upon surging demand in cryptocurrency were not implausible, and Singularity's ultimate failure to capitalize upon this opportunity successfully may simply mean that it did not run its business well enough, and not that it never intended to try to succeed.  It has long been the law in this Circuit that "misguided optimism is not a cause of action, and does not support an inference of fraud." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129 (2d Cir. 1994); *Russo v. Bruce*, 777 F. Supp. 2d 505, 511–12,

5

521–22 (S.D.N.Y. 2011) (materially inaccurate predictions for application approval and business performance were not grounds to infer fraudulent intent). "Although Section 10(b) obligated [Singularity] to be complete and accurate in its representations, it did not require [d]efendants to project a pessimistic outlook." *In re Fed Ex Corp. Sec. Litig.*, 517 F. Supp. 3d 216, 234 (S.D.N.Y. 2021) (dismissing for failure to adequately plead scienter).

### d.    *Ms. Shan's Scienter is Not Shown by Circumstances*

Plaintiffs argue further that the objective facts of Ms. Shan's conduct—*i.e.*, work as a COO, documents she signed—combine to give rise to an inference of scienter. The exercise was a grasp at factual straws that don't float the argument. We address each straw in turn here.

Plaintiffs argue primarily that Ms. Shan signed a number of public corporate filings. Documents of that kind, filed routinely by public companies, are always the product of collective effort by accountants, staff, and advisors, and the officer obliged to sign is compelled to rely to some extent upon the work of others. Consequently, "signatures on a group-published document do not compel a conclusion that all of the signatories were aware that it was misleading" and "[t]o hold otherwise would allow plaintiffs to plead the scienter of whole classes of defendants solely by alleging a misstatement." *Behrendsen v. Yangtze River Port & Logistics Ltd.*, No. 19-cv-00024 (DLI) (LB), 2021 WL 2646353, at *12 (E.D.N.Y. June 28, 2021).

Plaintiffs point to the small headcount at Singularity and Ms. Shan's role in operations to establish scienter. This overlooks case law which casts doubt upon such arguments, finding such evidence pertinent only when there is other, more direct evidence of scienter. *See In re Piedmont Lithium Inc. Sec. Litig.*, No. 21-cv-4161 (OEM) (PK), 2024 WL 197751, at *14 (E.D.N.Y. Jan. 18, 2024) (core operations theory is not an adequate basis to find scienter for a company that was "small in size, was a pre-revenue company, and that [the business line] was the exclusive focus and [the company's] core asset").

Plaintiffs argue a holistic view of the SAC as a basis upon which this Court may infer scienter for each Individual Defendant. This is another Plaintiffs' theory that has been rejected by controlling case law. *See Malin v. XL Cap., Ltd.*, 312 F. App'x 400, 402 (2d Cir. 2009) ("having concluded that none of plaintiffs' allegations showed even a weak inference of scienter, there is no logical way that the District Court could then have determined that the combined effect of the allegations would form a *strong* inference of scienter.") (emphasis in original).

Plaintiffs claim that alleged internal control deficiencies at Singularity are evidence of scienter. The allegations are conclusory, lacking specificity regarding which controls were in place, their supposed deficiencies, or who caused them to be deficient and why. This fails to indict Singularity's controls, and says even less about Ms. Shan's intentions. Plaintiffs offer only logical leaps: that the controls were weak and that Ms. Shan exploited such weaknesses intentionally to perpetrate a fraud. That is too far a stretch to constitute proper averment of scienter. *See, e.g.*, *Woolgar v. Kingstone Cos., Inc.*, 477 F. Supp. 3d 193, 239 (S.D.N.Y. 2020); *Jun v. 500.com Ltd.*, No. CV 20-806 (GRB) (AKT), 2021 WL 4813192, at *16 (E.D.N.Y. Aug. 13, 2021), *report and recommendation adopted*, No. CV 20-806 (GRB)(AKT), 2021 WL 4260644 (E.D.N.Y. Sept. 20, 2021); *Lefkowitz v. Synacor, Inc.*, No. 18 Civ. 2979 (LGS), 2019 WL 4053956, at *10 (S.D.N.Y. Aug. 28, 2019), *aff'd sub nom. Shreiber v. Synacor, Inc.*, 832 F. App'x 54 (2d Cir. 2020) (it is "equally plausible" that Defendants merely "believed that any deficiencies were not so acute as to rise to the level of an internal control weakness.").

Plaintiffs argue based upon *In re Gentiva Sec. Litig.* that "courts have considered a governmental investigation as one piece of the puzzle when taking a 'holistic' view of the purported facts as they relate to scienter." 932 F. Supp. 2d 352, 380 (E.D.N.Y. 2013). However, that same court found that "the existence of an investigation alone is not sufficient to give rise to

7

a requisite cogent and compelling inference of scienter" *Id.*; *see also In re Satyam Computer Servs. Ltd. Sec. Litig.*, 915 F. Supp. 2d 450, 479 (S.D.N.Y. 2013) ("government investigations and charges may contribute to a strong inference of scienter, only if accompanied by facts supporting such an inference.")  As noted elsewhere, Plaintiffs failed to plead proper evidence of Ms. Shan's scienter, and so the existence of an investigation provides nothing in itself to support claims against Ms. Shan.

Plaintiffs also point to Ms. Shan's termination as an indicator of misconduct.  This is nonsensical.  Ms. Shan may have been terminated because she later discovered a fraud and objected to it, like retaliation against a whistleblower, or she may have been terminated for reasons completely unrelated to the allegations of the SAC.  Plaintiffs' argument also is internally contradictory: the SAC alleges that essentially everyone in management was a participant in the fraud, and Plaintiffs now say Ms. Shan was terminated because of her participation in the fraud -- by the very co-Defendants who orchestrated the fraud.  The law does not indulge such illogical speculation, and instead notes soundly that it is "axiomatic that nascent companies with uncertain futures are especially prone to turnover," *Gregory v. ProNAi Therapeutics Inc.*, 297 F. Supp. 3d 372, 415 (S.D.N.Y.), *aff'd*, 757 F. App'x 35 (2d Cir. 2018) (collecting cases).  Ms. Shan's termination proves nothing relevant for Plaintiffs without more, and they have nothing more.

Plaintiffs also invoke the theory of corporate scienter, arguing that the scienter of the Individual Defendants can be computed to Singularity.  This argument, independent of its force, proves nothing about Ms. Shan because intent imputed onto Singularity by the intent of other Defendants cannot properly be imputed back down to Ms. Shan, as that is the very group intent argument that was disproven above (and *see* Section B *herein*).  *See In re Hain Celestial Grp. Inc. Sec. Litig.*, No. 2:16-CV-04581 (JSL) (GD), 2022 WL 18859055, at *33 (E.D.N.Y. Nov.

8

4, 2022), *report and recommendation adopted*, No. 16-CV-4581 (JS)(LGD), 2023 WL 6360345 (E.D.N.Y. Sept. 29, 2023) ("Plaintiffs failed to plead a strong inference of scienter on the part of the Individual Defendants. Accordingly, Plaintiffs' sole proffered basis for finding corporate scienter fails.").

**B.** **Plaintiffs Failed to State a Claim Via the Non-Viable Group Pleading Doctrine**

Plaintiffs contend that Ms. Shan "do[es] not dispute that [she is one of the] 'makers' of the alleged misrepresentations or omissions" and rely upon *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011) to contend that sufficient scienter on the part of Ms. Shan is shown pursuant to the group pleading doctrine. (Pl. Br. at 30 n.14.)

Plaintiffs' argument that Ms. Shan "does not dispute" the contentions is nonsensical because Ms. Shan has not yet filed an answer. She will deny the misconduct alleged by Plaintiffs if and when her answer is required.

The argument also is incorrect legally because reliance upon the group pleading doctrine is misplaced. Federal circuit courts which have addressed the viability of the doctrine held that it was rendered invalid by the PSLRA. *See Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353, 363–65 (5th Cir. 2004) (rejecting the group pleading doctrine as inconsistent with the PSLRA); *Makor Issues & Rights Ltd. v. Tellabs, Inc.*, 437 F.3d 588, 602–03 (7th Cir. 2006) (same), *rev'd on other grounds*, 551 U.S. 308 (2007); *Wilner Family Trust v. Queen*, 503 F.3d 319, 336–37 (3d Cir. 2007) (same).

After *Janus*, some District Courts expressed uncertainty regarding the continued viability of the doctrine, but the weight of authority finds that the doctrine did not survive *Janus*, consistent with the law in other Circuits. *See In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 638–41 (S.D.N.Y. 2017) (analyzing the post-*Janus* split of authority and concluding "the

9

group-pleading/group-published documents doctrine is insufficient to meet the requirements of *Janus*, and is thus no longer viable.").

Ultimately, Plaintiffs here attempt "to combine inadequate allegations of motive with inadequate allegations of recklessness . . . to demonstrate scienter." *Kalnit*, 264 F.3d at 141. The attempt fails. "[E]lementary arithmetic" teaches us, however, "that zero plus zero (plus zero plus zero plus zero) cannot equal one." *In re Telefonaktiebolaget LM Ericsson Sec. Litig.*, No. 22-CV-1167- (WFK) (LB)_, --- F. Supp. 3d ----, 2023 WL 3628244, at *15 (E.D.N.Y. May 24, 2023) (quotation omitted).

## <u>CONCLUSION</u>

For the foregoing reasons, Ms. Shan requests respectfully that this Court enter an Order dismissing the Plaintiffs' Second Amended Class Action Complaint against her pursuant to Fed. R. Civ. P. 12(b)(6), with prejudice.

Dated: New York, New York
   January 26, 2024

           Respectfully submitted,

           CADWALADER, WICKERSHAM & TAFT LLP

           By: */s/ Michael D. Pinnisi*
             Michael D. Pinnisi
             200 Liberty Street
             New York, NY 10281
             Telephone:  (212) 504-6000
             Michael.Pinnisi@cwt.com

           *Attorneys for Defendant Jing Shan*