UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SEN GAO, CONGLI HUO, RUIBIN WANG,
LUXIAO XIU, Individually and on behalf of
All others similarly situated,

                        Plaintiffs,                    Index No.: 22-cv-07499

         -against-

SINGULARITY FUTURE TECHNOLOGY
LTD. F/K/A SINO-GLOBAL SHIPPING
AMERICA LTD., YANG JIE, LEI CAO,
ZHIKANG HUANG, TUO PAN,
XIOHUAN HUANG, JING SHAN,
TIELING LIU, JING WANG, LEI NIE,
JOHN LEVY, THOR MINER, INC., and
GOLDEN MAINLAND, INC.

                        Defendants.
---------------------------------------------------------X

**DEFENDANT YANG JIE'S ANSWER, DEFENSES
& CROSSCLAIMS TO THE CLASS ACTION COMPLAINT**

Defendant Yang Jie, by and through his undersigned attorneys, hereby answers the Class

Action Complaint, dated August 30, 2023 (the "Complaint"), filed by Sen Gao, Congli Huo, Rin

Want, Luxiao Xiu (the "Plaintiffs"), individually and on behalf of persons similarly situated, in

the above-captioned action. (Dkt. No. 37).

**General Denial**

Yang Jie denies each and every allegation contained in the Complaint, except as otherwise

expressly admitted in Paragraphs 1 to 188 below. Any factual averment admitted herein is admitted

only as to the specific facts and not as to any conclusions, characterizations, implications,

innuendos, or speculation contained in any averment or in the Complaint as a whole. By

responding to any allegation in the Complaint, Yang Jie makes no admission that such allegation

25952021v.1

is relevant to Plaintiffs' surviving claims or is an appropriate subject of discovery and expressly reserve all rights in this regard.

Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied. Yang Jie expressly reserves his right to amend and/or supplement their answer, and expressly reserve any and all defenses that may be available.

On December 17, 2024, the Court entered an Opinion and Order dismissing claims related to certain of the purported misstatements and/or omissions alleged in the Complaint. Specifically, the Court found that only two (2) types of statements "give rise to a securities fraud claim: the statements representing Golden Mainland was a large-scale energy provider, and the statements representing that Rich Trading traded computer equipment." (Dkt No. 79).

## PRELIMINARY STATEMENT

1. Defendant Yang Jie denies the allegations contained in Paragraph 1 of the Complaint, except admits that the Complaint purports to plead a federal securities class action on behalf of similarly situated persons who purchased or otherwise acquired shares in Singularity.

2. Denies the allegations contained in Paragraph 2 Complaint, except admits that Singularity was a global logistics company that pivoted to develop a presence in the blockchain supply management areas and distribute, sell and market crypto mining equipment.

3. Denies the allegations contained in Paragraph 3 of the Complaint to the extent that the allegations contained therein survives the Court's Opinion and Order dated December 17, 2024 (the "December Order").

4. Denies the allegations contained in Paragraph 4 of the Complaint.

5. Denies the allegations contained in Paragraph 5 of the Complaint.

25952021v.1

6.  Denies the allegations contained in Paragraph 6 of the Complaint.

7.  Denies the allegations contained in Paragraph 7 of the Complaint.

8.  Denies the allegations contained in Paragraph 8 of the Complaint, and further disputes the appropriateness of references to alleged investigations, which may have occurred, but which did not result in findings relevant to this litigation.

9.  Denies the allegations contained in Paragraphs 9 – 10 of the Complaint, and further avers that the December Order disposes of most of the allegations contained in this Complaint.

10. Denies the allegations contained in Paragraph 11 of the Complaint.

11. Denies the allegations contained in Paragraph 12 of the Complaint.

12. Denies the allegations contained in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

13. Denies the allegations in Paragraph 14 of the Complaint, except admits that Plaintiff asserts claims purportedly pursuant to Section 10(b) and 20(a) of the Exchange Act.

14. Admits that this Court has subject matter jurisdiction and that Plaintiff purports to base jurisdiction on 28 U.S.C. § 1331 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

15. Admits that venue is proper in the Eastern District of New York, but otherwise denies the allegations contained in Paragraph 16 of the Complaint.

16. Denies the allegations contained in Paragraph 17 of the Complaint.

17. Denies the allegations contained in Paragraph 18 of the Complaint but admits that Plaintiff purchased securities in Singularity.

## PARTIES

18. Denies the allegations contained in Paragraph 19 of the Complaint, except admits that Plaintiffs purchased securities of Singularity and filed sworn certifications.

19. Admits the allegations in Paragraph 19 of the Complaint.

20. Admits that Yang Jie resigned on August 9, 2022, as alleged Paragraph 20 of the Complaint, but otherwise denies the allegations contained therein.

21. Denies Paragraphs 21-29 of the Complaint as irrelevant pursuant to the December Order.

22. Denies the allegations contained in Paragraph 30 of the Complaint as it relates to Yang Jie.

23. Denies the allegations contained in Paragraph 31 of the Complaint as it relates to Yang Jie.

24. No response is required to the allegations contained in Paragraph 32 of the Complaint because they state a legal conclusion. To the extent that a response if required, Yang Jie denies the allegations contained therein.

25. No response is required to the allegations contained in Paragraph 33 of the Complaint because they state a legal conclusion. To the extent that a response is required, Yang Jie denies the allegations contained therein.

26. Denies the allegations contained in Paragraphs 34-38 of the Complaint because they were disposed of pursuant December Order.

## BACKGROUND AND NATURE OF THE FRAUD: DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS AND OMISSIONS

27. Admits the allegations contained in Paragraph 39 of the Complaint.

28. Denies the allegations contained in Paragraph 40 of the Complaint, except admits that the Affidavit was filed, and asserts that the Affidavit speaks for itself.

29. Denies the allegations contained in Paragraph 41 of the Complaint, except admits that Yang Jie began his employment with Singularity in 2021.

30. Admits the allegations contained in Paragraph 42.

25952021v.1

31. No response is required to the allegations contained in Paragraph 43 of the Complaint because they state a legal conclusion. To the extent that a response is required, Yang Jie denies the allegations contained therein, except admits that he signed the form dated November 1, 2021.

32. Denies the allegations contained in Paragraph 44 of the Complaint, except admits that Yang Jie signed the form dated November 1, 2021, and asserts that the document speaks for itself.

33. Denies the allegations contained in Paragraph 45 -118 of the Complaint and further avers that these allegations were disposed of pursuant to the December Order.

34. Admits the allegations contained in Paragraph 119 of the Complaint.

35. Admits the allegation contained in Paragraph 120 of the Complaint that Yang Jie signed a Form 8K on April 14, 2022, and asserts that the document speaks for itself.

36. Admits the allegations contained in Paragraph 121 of the Complaint.

37. Denies the allegations contained in Paragraph 122 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 123 of the Complaint.

39. No response is required to the allegations contained in Paragraph 124 of the Complaint because they state a legal conclusion. However, if a response is required, Yang Jie denies the allegations.

40. Admits the allegations contained in Paragraph 125 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 126 of the Complaint, except admits that Yang Jie signed the document.

42. Denies the allegations contained in Paragraph 127 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 128 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 129 of the Complaint.

45. Denies the allegations contained in Paragraph 130 of the Complaint.

46. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 131 of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 132 of the Complaint, and further avers that the allegations contained therein are based on rank hearsay emanating from an unverified report.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 133 of the Complaint and denies the argumentative and non-fact-based allegations contained therein.

49. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 134 of the Complaint and denies the argumentative and non-fact-based allegations contained therein.

50. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 135 of the Complaint and denies the argumentative and non-fact-based allegations contained therein.

51. Denies the allegations contained in Paragraph 136 of the Complaint, and further avers that the website, as a document, speaks for itself.

52. Denies the allegations contained in Paragraph 137 of the Complaint, and further avers that these allegations should be disregarded as argumentative and calling for factual and legal conclusions.

25952021v.1

53. Admits the allegations contained in Paragraph 138 of the Complaint, to the extent that a press release was issued on October 4, 2021, and further avers that the document speaks for itself.

54. Admits so much of Paragraph 139 of the Complaint that on October 4, 2021, Form 8K was filed, and further avers that the document speaks for itself.

55. Admits so much of Paragraph 140 of the Complaint alleging the existence of a press release, and further avers that the document speaks for itself.

56. Admits that Singularity's securities fluctuated in value, and otherwise denies the allegations contained in Paragraph 141 of the Complaint.

57. Admits the allegations contained in Paragraph 142 of the Complaint.

58. Denies the allegations contained in Paragraph 143 of the Complaint.

59. Denies the allegations contained in Paragraph 144 of the Complaint, and further avers that these allegations should be disregarded as argumentative and calling for legal and factual conclusions.

60. Denies the allegations contained in Paragraph 145 of the Complaint, except admits that Thor Miner maintained an office in Great Neck, New York.

61. Admits that the Form 8-K referred to in Paragraph 146 of the Complaint was filed, and further avers that the document speaks for itself.

62. Admits that the Form 8-K referred to in Paragraph 147 of the Complaint was filed, and further avers that the document speaks for itself.

63. Denies knowledge or information sufficient to form a belief as to the allegations referred to in Paragraph 148 of the Complaint, except denies so much of these allegations as are argumentative and call for a legal conclusion.

64. Denies so much of the allegations alleged in Paragraph 149 of the Complaint which call for a legal conclusion and are argumentative, but admits that on January 14, 2022, a Form 8K was filed, and further avers that the document speaks for itself.

65. Admits that the purchase agreement referred to in Paragraph 150 of the Complaint exists, and further avers that the documents referred to therein speak for themselves.

66. Admits that Yang Jie and Xiaohuan Huang are husband-and-wife, and further avers that the documents quoted in referred to in paragraph 151 of the Complaint speak for themselves.

67. Deny the allegations contained in paragraph 151, except admit that defendant Yang Jie and Xiaohuan Huang are husband and wife.

68. Admits the allegations contained in Paragraph 152 of the Complaint.

69. Admits the allegations contained in Paragraph 153 of the Complaint.

70. Admits the allegations contained in Paragraph 154 of the Complaint.

71. Admits that on January 14, 2022, a Form 8K was filed as stated in Paragraph 155 of the Complaint, and further avers that the document speaks for itself.

72. Admits that a Form 10-Q was filed on February 14, 2022, as stated in Paragraph 156 of the Complaint, avers that the document speaks for itself, and further states that the issues relating to internal controls set forth in the Complaint were disposed of pursuant to the December Order.

73. Admits as stated in Paragraph 157 of the Complaint that a Form 10-Q was filed on February 14, 2022, avers that the document speaks for itself, and further states that the issues relating to internal controls set forth in the complaint were disposed of pursuant to the December Order.

74. Denies the allegations contained in Paragraph 158 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to Paragraph 159 of the Complaint, except admits that the documents referred to therein exist, and further avers that these documents speak for themselves.

76. Denies the allegations contained in Paragraph 160 of the Complaint, and further avers that the documents referred to therein speak for themselves.

77. Admits the existence of the reports referred to in Paragraph 161 the Complaint, denies the accuracy of these report, and otherwise denies the allegations contained in Paragraph 161 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 162 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 163 of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 164 of the Complaint.

81. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 165 of the Complaint, except admits that Yang Jie resigned from Singularity on or about August 9, 2023.

82. Denies the allegations contained in Paragraph 166 of the Complaint, and further avers that the matters alleged therein were settled between the various parties prior to the institution of the instant lawsuit.

83. Denies the allegations contained in Paragraph 167 of the Complaint, except admits that SOS sued Singularity and Thor Minor, and further avers that the matter was settled.

84. Admits the existence of the lawsuit alleged in Paragraph 168 of the Complaint, further avers that the documents referred to speak for themselves, and further avers that the matter was settled.

85. Admits the existence of the lawsuit alleged in Paragraph 169 of the Complaint, avers that the documents referred to speak for themselves, and further avers that the matter was settled.

86. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 170 of the Complaint, further avers that the documents referred to speak for themselves and further avers that the matter was settled.

87. Denies the allegations contained in Paragraph 171 of the complaint, and further avers that these allegations call for speculation and legal conclusions.

88. Denies the allegations contained in Paragraph 172 of the Complaint as inaccurate, incomplete, and calls for speculation and legal conclusions.

89. Denies the allegations contained in Paragraph 173 of the Complaint. These allegations call for rank speculation.

90. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 174 of the Complaint.

91. Denies the allegations contained in Paragraph 175 of the Complaint. These allegations are based on rank hearsay extracted from a short seller report and should be disregarded by the court.

92. Denies the allegations contained in Paragraph 176 of the Complaint. These allegations are based on rank hearsay extracted from a short seller's report and should be disregarded by the court. To the extent that the allegations concern "documents," these documents speak for themselves.

93. Admits that the lawsuit referred to in Paragraph 177 of the Complaint was filed, denies the allegations reflected in that lawsuit, and further avers that the lawsuit was settled.

94. Admits that the Form 6K referred to in Paragraph 178 of the Complaint was filed on December 30, 2022, and further avers that the document speaks for itself.

95. Admits that the Form 10-Q referred to in Paragraph 179 of the Complaint was filed, further avers that the document speaks for itself, and otherwise denies the allegations contained in Paragraph 179 of the Complaint.

96. Admits that the Form 10-Q referred to in Paragraph 180 of the Complaint was filed, further avers and otherwise denies the allegations contained in Paragraph 180 of the Complaint.

97. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 181 one of the Complaint.

98. Denies the allegations contained in Paragraph 182 of the Complaint.

99. Admits that the Form 10-Q the period ending December 31, 2021, was filed, as alleged in Paragraph 183 of the Complaint, avers that the document speaks for itself, and otherwise denies the allegations contained therein.

100.    Admits that the Form 10-Q dated February 22, 2022, was filed, avers that the document speaks for itself, and otherwise denies the allegations contained in Paragraph 184 of the Complaint.

101.    Denies the allegations contained in Paragraph 185 of the Complaint.

102.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 186 of the Complaint, and further avers that any document referred to in Paragraph 186 of the Complaint speaks for itself.

103.    Admits so much of the allegations of Paragraph 187 of the Complaint which lists Singularity's address, and otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 187 of the Complaint.

104.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 188 of the Complaint.

105.     Denies the allegations contained in Paragraph 189 of the Complaint.

106.     Denies the allegations contained in Paragraph 190 of the Complaint to the extent that they survived the December Order.

107.     Denies the allegations contained in Paragraph 191 of the Complaint.

108.     Admits, as stated in Paragraph 192 of the complaint that the Hindenburg Report was issued, and otherwise denies the allegations contained in Paragraph 192 of the Complaint.

109.     Admits as stated in Paragraph 193 of the Complaint that the Peabody Report was issued and otherwise denies the allegations contained in Paragraph 193 of the Complaint.

110.     Denies the allegations contained in Paragraph 194 of the Complaint, and further avers that these reports are rank hearsay and should be disregarded by this Court.

111.     Denies the allegations contained in Paragraph 195 of the Complaint, further avers that these allegations are the product of rank hearsay, and further states that this Court has already found these allegations to be non-actionable.

112.     Denies the allegations contained in Paragraph 196 of the Complaint, further avers that these allegations are the product of rank hearsay, and further states that this Court has already found these allegations to be non-actionable.

113.     Denies the allegations contained in Paragraph 197 of the Complaint, further avers that these allegations are the product of rank hearsay, and further states that this Court has already found these allegations to be non-actionable.

114.    Denies the allegations contained in Paragraph 198 of the Complaint, further avers that these allegations are the product of rank hearsay, and further states that this Court has already found these allegations to be non-actionable.

115.    Denies the allegations contained in Paragraph 199 of the Complaint, further avers that these allegations are the product of rank hearsay, and further states that this Court has already found these allegations to be non-actionable.

116.    Admits the allegations contained in Paragraph 200 of the Complaint.

117.    Denies the allegations contained in Paragraph 201 of the Complaint, and further avers that these allegations are derived from a short seller's report and are rank hearsay.

118.    Denies the allegations contained in Paragraph 202 of the Complaint, and further avers that these allegations are derived from a short seller's report and are rank hearsay.

119.    Denies the allegations contained in Paragraph 203 of the Complaint, and further avers that these allegations are derived from a short seller's report and are rank hearsay.

120.    Denies the allegations contained in Paragraph 204 of the Complaint, and further avers that these allegations are derived from a short seller's report and are rank hearsay.

121.    Denies the allegations contained in Paragraph 205 of the Complaint, and further avers that these allegations are derived from a short seller's report and are rank hearsay.

122.    Denies the allegations contained in Paragraph 206 of the Complaint, and further avers that these allegations are derived from a short seller's report and are rank hearsay.

123.    Admits that Singularity's shares fluctuated throughout the period covered by the instant complaint, and otherwise denies the allegations contained in Paragraph 207 of the Complaint.

124.    Admits the allegations contained in Paragraph 208 of the Complaint.

25952021v.1

125.    Denies the allegations contained in Paragraph 209 of the Complaint, and further avers that the article quoted speaks for itself.

126.    Admits that as alleged in Paragraph 210 of the Complaint, Singularity filed a Form 8K on May 25, 2022, and further avers that the allegations relating to this Form 8-K were found to be nonactionable pursuant to the December Order.

127.    Admits that as alleged in Paragraph 211 of the Complaint, Singularity filed a Form 8K on May 25, 2022, and further avers that the allegations relating to this Form 8-K were found to be nonactionable pursuant to the December Order.

128.    Admits that as alleged in Paragraph 212 of the Complaint, Singularity filed a Form 8K on October 7, 2022, and further avers that the allegations relating to this Form 8-K were found to be nonactionable pursuant to the December Order.

129.    Admits that as alleged in Paragraph 213 of the Complaint, Singularity filed a Form 8K on October 7, 2022, and further avers that the allegations relating to this Form 8-K were found to be nonactionable pursuant to the December Order.

130.    Admits that Singularity's shares fluctuated throughout the period covered by Complaint, and otherwise denies the allegations contained in Paragraph 214 of the Complaint.

131.    Admits, as stated in Paragraphs 215 and 216 of the Complaint, that Singularity filed a Form 8K on November 16, 2022, an otherwise denies the allegations contained therein.

132.    Admits that Singularity's shares fluctuated throughout the period covered by the Complaint, and otherwise denies the allegations contained in Paragraph 217 of the Complaint.

133.    Admits that Singularity and Yang Jie were the subject of litigations alleged in Paragraphs 218 - 233 of the Complaint, denies the allegations relating to these lawsuits, avers that

Singularity, not Yang Jie settled these lawsuits, and further avers that these allegations were disposed of as nonactionable pursuant to December Order.

134.    Admits that Singularity filed a Form 8K on January 5, 2023, as stated in Paragraph 234 of the Complaint, further avers that the document speaks for itself, and denies any factual allegations contained therein.

135.    Admits that Singularity filed a Form 8K on January 5, 2023, as stated in Paragraph 235 of the Complaint further avers that the document speaks for itself, and denies any factual allegations contained therein.

136.    Admits that Singularity filed a Form 8K on January 9, 2023, as stated in Paragraph 236 of the Complaint, and further avers that the document speaks for itself.

137.    Admits that Singularity filed a press release on January 12, 2023, as stated in Paragraph 237 of the Complaint, further avers that the document speaks for itself and denies any factual allegations contained therein.

138.    Admits that on February 27, 2023, as stated in Paragraph 238 of the Complaint, Singularity filed a Form 8K, further avers that the document speaks for itself, and denies any factual allegations contained therein.

139.    Admits that on February 27, 2023, as stated in Paragraph 239 of the Complaint, Singularity filed a Form 8K, further avers that the document speaks for itself, and denies any factual allegations contained therein.

140.    Admits that Singularity published a press release on March 1, 2023, as stated in Paragraph 240 of the Complaint, further avers the document speaks for itself, and denies any factual allegations contained therein.

141. Admits that Singularity issued an amended 8-K/A on March 6, 2023, as stated in Paragraph 241 of the Complaint, further avers the document speaks for itself, and denies any factual allegations contained therein.

142. Admits that Singularity filed Form 10-Q for quarter ended December 31, 2022, on March 7, 2023, further avers that the document speaks for itself, and denies all other allegations contained in Paragraph 242 of the Complaint.

143. Admits that Singularity filed a Form 10-Q for Q1 of 2023, as alleged in Paragraph 243 of the Complaint and further avers that the document speaks for itself.

144. Admits that Singularity published a press release on March 10, 2023, as alleged in Paragraph 244 of the Complaint, further avers that the document speaks for itself, and denies all remaining allegations contained therein.

145. Admits that Singularity filed a Form 8K with the SEC on March 22, 2023, as alleged in Paragraph 245 of the Complaint, further avers that the document speaks for itself, and denies all remaining allegations contained therein.

146. Admits that Singularity published a press release on July 12, 2023, as alleged in Paragraph 246 of the Complaint, further avers that the document speaks for itself, and denies all remaining allegations contained therein.

147. Admits that Singularity published a press release on July 14, 2023, as alleged in Paragraph 247 of the Complaint, further avers that the document speaks for itself, and denies all remaining allegations contained therein.

148. Denies the allegations contained in Paragraph 248 of the Complaint.

149. Denies the allegations contained in Paragraph 249 of the Complaint as they relate to Yang Jie.

150.     Denies the allegations contained in Paragraph 250 of the Complaint as it relates to Yang Jie and further provides no response because it seeks a legal conclusion.

151.     Denies the allegations contained in Paragraph 251 of the Complaint because they have been disposed of pursuant to the December Order.

152.     Admits that Singularity filed a Form 10-Q for the period of Q1 2023, as alleged in Paragraph 252 of the Complaint, further avers that the document speaks for itself, and denies the remaining allegations contained therein.

153.     Denies the allegations contained in Paragraph 253 of the Complaint, except admits that the settlement was reached, and further avers that the document speaks for itself

154.     Admits that a settlement was reached, and otherwise denies the allegations contained in Paragraph 254 of the Complaint.

155.     No response is required because the allegations in Paragraph 255 of the Complaint call for a legal conclusion.

156.     Admits that Singularity formed a special committee, as alleged in Paragraph 256 of the Complaint, further avers that the document speaks for itself and further denies the allegations contained therein.

157.     No response is required because the allegations contained in Paragraph 257 of the Complaint call for a legal conclusion.

158.     Admits that Yang Jie was no longer engaged with the company following the Class Period, as alleged in Paragraph 258 of the Complaint, but further denies the remaining allegations contained therein.

25952021v.1

159.     Admits that Singularity filed a Form 10-Q for the period ending December 31, 2022, as alleged in Paragraph 259 of the Complaint, and further avers that the document speaks for itself.

160.     Admits that Singularity filed a Form 8K on June 24, 222, as alleged in Paragraph 260 of the Complaint, further avers that the document speaks for itself, and further denies the remaining allegations contained therein.

161.     Admits that Singularity filed a Form 8K on September 7, 2022, further avers that the document speaks for itself, and further denies the remaining allegations contained in Paragraph 261 of the Complaint.

162.     Admits that Singularity filed a Form 8K on August 12, 2022, further avers that the document speaks for itself, and further denies the remaining allegations contained in Paragraph 262 of the Complaint

163.     Admits that singularity filed a Form 8K on November 22, 2022, further avers that the document speaks for itself, and further denies the remaining allegations contained in Paragraph 263 of the Complaint

164.     Admits that singularity issued an announcement on July 14, 2023, further avers that the document speaks for itself, and further denies the remaining allegations contained in Paragraph 264 of the Complaint

165.     Denies the allegations contained in Paragraphs 265- 268 of the Complaint.

166.     Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 269 in the Complaint, except admits that Singularity's shares were traded on NASDAQ, and Singularity issued periodic reports to the SEC.

167.     Denies the allegations contained in Paragraph 270 of the Complaint.

168.    The allegations contained in Paragraph 271 of the Complaint call for a legal conclusion which does not require an answer. To the extent these allegations require an answer, defendant Yang Jie denies these allegations.

**CLASS ACTION ALLEGATIONS**

169.    Denies the allegations of Paragraph 272 of the Complaint, except admits that this action purports to a class action pursuant to Rule 23(a) and (b)(3) of persons who acquired Singularity securities.

170.    The allegations contained in Paragraph 280 of the Complaint do not require a response because they contain allegations or characterizations that call for legal conclusions. To the extent one is required, Yang Jie denies the allegations contained therein.

171.    The allegations contained in Paragraph 274 of the Complaint do not require a response because they contain allegations or characterizations that call for legal conclusions. To the extent one is required, Yang Jie denies the allegations contained therein.

172.    The allegations contained in Paragraph 275 of the Complaint do not require a response because they contain allegations or characterizations that call for legal conclusions. To the extent one is required, Yang Jie denies the allegations contained therein.

173.    The allegations contained in Paragraph 276 of the Complaint do not require a response because they contain allegations or characterizations that call for legal conclusions. To the extent one is required, Yang Jie denies the allegations contain therein.

174.    The allegations contained in Paragraph 277 of the Complaint do not require a response because they contain allegations or characterizations that call for legal conclusions. To the extent one is required, Yang Jie denies the allegations contain therein.

175.     The allegations contained in Paragraph 278 of the Complaint do not require a response because they contain allegations and characterizations that call for conclusions of law. To the extent one is required, Yang Jie denies the allegations contained therein, except admits that Singularity's stock was traded on NASDAQ.

176.     The allegations contained in Paragraph 279 of the Complaint do not require a response because they contain allegations and characterizations that call for conclusions of law. To the extent that a response is required, Yang Jie denies the allegations contained therein, except states that he does not have the knowledge or information sufficient to form the belief as to Plaintiffs' state of mind and therefore denies the allegations contained in Paragraph 279 of the Complaint.

177.     The allegations contained in Paragraph 280 of the Complaint do not require a response because they contain allegations and characterizations that call for a legal conclusion. To the extent one is required, Yang Jie denies the allegations contain therein.

## CLAIMS FOR RELIEF UNDER THE EXCHANGE ACT

178.     Admits, denies, and denies knowledge or information sufficient to form a belief as to the allegations previously dealt with in this answer as if repeated herein at length.

179.     Admits the allegations in Paragraph that the first count of the Complaint, as alleged in Paragraph 282 of the Complaint, asserted against Defendants is based upon Section 10(b) of the Exchange Act, 15 U.S.C.§ 78j(b), and Rule 10b-5 and otherwise denies the allegations contained in Paragraph 282 of the Complaint.

180.     Denies the allegations contained in Paragraph 283 of the Complaint.

181.     Denies the allegations contained in Paragraph 284 of the Complaint as they relate to Yang Jie.

25952021v.1

182. No response is required to Paragraph 285 of the Complaint because it contains characterizations and conclusions that require legal conclusions. To the extent one is required, Yang Jie denies the allegations contain therein.

183. Denies the allegations contained in Paragraph 286 of the Complaint as they relate to Yang Jie.

184. Denies the allegations contained in Paragraph 287 of the Complaint.

185. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 288 of the Complaint.

186. Denies the allegations contained in Paragraph 289 of the Complaint.

187. No response is required to the allegations contained in Paragraph 290 of the Complaint. To the extent one is required, Yang Jie denies the allegations contain therein.

188. The allegations contained in Paragraphs 291- 295 of the Complaint do not require a response because they were disposed of pursuant to the December Order.

## PRAYER FOR RELIEF

189. Yang Jie denies that Plaintiff is entitled to relief.

## AFFIRMATIVE DEFENSES

190. Without admitting any wrongdoing or any liability on its part or that the statutes alleged in the Complaint are applicable, and without limiting its ability to raise additional argument or supplement, alter, and/or change its answer upon completion of appropriate discovery, defendants Yang Jie and Xiaohuan Huang allege their separate affirmative defenses as follows:

25952021v.1

## FIRST AFFIRMATIVE DEFENSE

191.     This action is barred, in whole or in part, because Plaintiffs have not suffered any injury or damage, or in the alternative, because any injury or damage that Plaintiffs claim to have sustained was not caused by Yang Jie.

## SECOND AFFIRMATIVE DEFENSE

192.     Yang Jie is not liable because he did not make a false or misleading statement of material factor omission of material fact and complied with all applicable disclosure requirements.

## THIRD AFFIRMATIVE DEFENSE

193.     Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements and omissions alleged in the Complaint were forward-looking and satisfied the safe-harbor provisions of the Private Securities Litigation Reform Act of 1995, federal securities laws, and/or the "bespeaks caution" doctrine.

## FOURTH AFFIRMATIVE DEFENSE

194.     Yang Jie is not liable because Plaintiffs' claims are barred, in whole or in part, because assuming there were any omissions or misstatements as alleged in the Complaint (Yang Jie denies that was any), Plaintiffs knew or should have known of such omission or misstatement.

## FIFTH AFFIRMATIVE DEFENSE

195.     Yang Jie is not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased Singularity securities with actual or constructive knowledge of the risks involved with an investment in Singularity and thus voluntarily assumed the risk of the losses alleged in the Complaint.

25952021v.1

**SIXTH AFFIRMATIVE DEFENSE**

196.    Yang Jie is not liable because he acted in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others, upon whom he was entitled to rely.

**SEVENTH AFFIRMATIVE DEFENSE**

197.    Plaintiffs' claims are barred, in whole or in part, because the purported damages alleged are wholly speculative.

**EIGHTH AFFIRMATIVE DEFENSE**

198.    Plaintiffs cannot recover against Yang Jie, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Plaintiffs will be otherwise unable to establish that they relied upon the purported misstatements and omissions alleged in the Complaint.

**NINTH AFFIRMATIVE DEFENSE**

199.    Plaintiffs' claims are barred because the injuries alleged, to the extent that they exist, were caused, in whole or in part, by intervening and/or superseding cause unrelated to Yang Jie's alleged conduct, by the conduct of third parties for whom Yang Jie is not responsible, or through forces in the marketplace for which Yang Jie has no control.

**TENTH AFFIRMATIVE DEFENSE**

200.    To the extent that Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

**ELEVENTH AFFIRMATIVE DEFENSE**

201.    To the extent that Plaintiffs suffered damages, if at all, such damages must be capped pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e)(1).

25952021v.1

## TWELTH AFFIRMATIVE DEFENSE

202.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

203.     The Complaint, in whole or in part, is barred by the Doctrine of Laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

204.     The Complaint, in whole or in part, is barred by the Doctrine of Unclean Hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

205.     The Complaint, in whole or in part, is barred by the Doctrine of Waiver and Estoppel.

## FIRST CROSS-CLAIM AGAINST SINGULRITY

206.     That if Plaintiffs were caused to sustain damages at the time and place set forth in the Complaint through any carelessness, recklessness and/or negligence other than that of the defendants, which is denied, such damages were sustained wholly due to the intentional acts, primary and active carelessness, recklessness and negligence and/or negligent acts, breach of contract and/or omissions by co-defendant Singularity Future Technology Ltd., with no negligence on the part of the Yang Jie.

207.     That by reason of the foregoing, in the event that Yang Jie is held liable herein, which liability is hereby denied, then Yang Jie demands common law indemnification, and to have judgment over and against co-defendant Singularity Future Technology Ltd., for any such amount as it may be required to pay Plaintiffs including, but not limited to, that amount over and above its proportionate share, if any, costs of settlement, together with all defense costs, disbursements and fees.

25952021v.1

**WHEREFORE,** Yang Jie respectfully requests that the Complaint be dismissed with prejudice and that this Court grant his cross-claim against Singularity.

Dated: New York, New York
      December 31, 2024                     Respectfully Submitted,

                                           **BECKER NEW YORK, P.C.**
                                           *Attorneys for Yang Jie*

                                         By: */s/ James J. Mahon*
                                              James J. Mahon
                                         45 Broadway, 17th Floor
                                         New York, New York 10006
                                         (212) 599-3322
                                         JMahon@beckerlawyers.com

25952021v.1