UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
SEN GAO, CONGLI HUO, RUIBIN WANG,
LUXIAO XIU, Individually and on behalf of
All others similarly situated,

                              Plaintiffs,                Index No.: 22-cv-07499

            -against-

SINGULARITY FUTURE TECHNOLOGY
LTD. F/K/A SINO-GLOBAL SHIPPING
AMERICA LTD., YANG JIE, LEI CAO,
ZHIKANG HUANG, TUO PAN,
XIOHUAN HUANG, JING SHAN,
TIELING LIU, JING WANG, LEI NIE,
JOHN LEVY, THOR MINER, INC., and
GOLDEN MAINLAND, INC.

                              Defendants.
---------------------------------------X

**DEFENDANT SINGULARITY FUTURE TECHNOLOGY ANSWER, DEFENSES
TO THE SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS
<u>OF THE FEDERAL SECURITIES LAWS</u>**

Defendant Singularity Future Technology Ltd. f/k/a Sino-Global Shipping America Ltd.

("Singularity"), by and through its undersigned attorney, hereby answers the Second Amended

Class Action Complaint for Violations of the Federal Securities Laws, dated October 6, 2023 (the

"SAC"), filed by Sen Gao, Congli Huo, Rin Want, Luxiao Xiu, individually and on behalf of

persons similarly situated ("Plaintiffs"), in the above-captioned action (Docket Number ("D.E.")

58).

**GENERAL DENIAL**

Singularity denies each and every allegation contained in the SAC, except as otherwise

expressly admitted below.  Any factual allegations admitted below are admitted only as to the

specific facts and not as to any conclusions, characterizations, implications, innuendos, or

speculation contained in any allegation.

Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations contained in the SAC to which no responsive pleading is required shall be deemed denied. Singularity expressly reserves its right to amend and/or supplement its answer, and expressly reserve any and all defenses that may be available.

On December 17, 2024, this Court entered an Opinion and Order ("December Order") (D.E. 79) dismissing claims related to certain purported misstatements and/or omissions alleged in the SAC. Specifically, the Court found that only two (2) categories of statements "give rise to a securities fraud claim: the statements representing Golden Mainland was a large-scale energy provider, and the statements representing that Rich Trading traded computer equipment." *See* D.E. 79.

## PRELIMINARY STATEMENT

1.      Defendant Singularity denies the allegations set forth in Paragraph 1 of the SAC, except that it admits that the SAC purports to plead a federal securities class action on behalf of similarly situated persons who purchased or otherwise acquired shares in Defendant Singularity.

2.      Defendant Singularity denies the allegations set forth in Paragraph 2 of the SAC.

3.      Defendant Singularity admits that Singularity announced it was pivoting from shipping and logistics to cryptocurrency and bitcoin mining. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 3 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

4.      Defendant Singularity admits that it held itself out as a global shipping and freight logistics integrated solution provider that provided tailored solutions and value-added

services to its customers to drive efficiency and control throughout the entire shipping and freight logistics chain. Singularity represented that it conducted business primarily through its wholly-owned subsidiaries in the People's Republic of China (the "PRC" or "China") (including Hong Kong) and the U.S., where, according to Singularity, a majority of its clients were located. Singularity also represented that it operated in two segments: (1) shipping agency and management services, operated by Singularity's subsidiaries in the U.S.; and (2) freight logistics services, operated by Singularity's subsidiaries in the PRC.  Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 4 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

5.      Defendant Singularity denies the allegations set forth in Paragraph 5 of the SAC to the extent that the allegations set forth therein survives this Court's December Order.

6.      The allegations set forth in Paragraph 6 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

7.      The allegations set forth in Paragraph 7 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

8.      Defendant Singularity denies the allegations set forth in Paragraph 8 of the SAC.

9.      Defendant Singularity admits it received requests from the United States Attorney's Office for the Southern District of New York, FINRA, and the SEC.  Defendant Singularity denies the remaining allegations set forth in Paragraph 9 of the SAC.

10.     Defendant Singularity denies the allegations set forth in Paragraph 10 of the SAC

to the extent that they were not disposed of pursuant to the December Order.

11.     Defendant Singularity denies the allegations set forth in Paragraph 11 of the SAC.

12.     Defendant Singularity denies the allegations set forth in Paragraph 12 of the SAC, except that it admits that the Hindenburg Report and Peabody Report exist, but denies the allegations contained therein as they were disposed of pursuant to the December Order.

13.     Defendant Singularity denies the allegations set forth in Paragraph 13 of the SAC.

14.     Any litigation initiated against Defendant Singularity on September 23, 2022, speaks for itself.  To the extent the allegations set forth in Paragraph 14 of the SAC are inconsistent with that litigation, Defendant Singularity denies the same.  Defendant Singularity denies the remaining allegations set forth in Paragraph 14.

15.     Any litigation initiated against Defendant Singularity on October 6, 2022, speaks for itself.  To the extent the allegations set forth in Paragraph 15 of the SAC are inconsistent with that litigation, Defendant Singularity denies the same.  Defendant Singularity denies the remaining allegations set forth in Paragraph 15.

16.     Defendant Singularity's October 7, 2022 disclosure speaks for itself.  To the extent the allegations set forth in Paragraph 16 of the SAC are inconsistent with the October 7, 2022 disclosure, Defendant Singularity denies the same.  Defendant Singularity denies the remaining allegations set forth in Paragraph 16.

17.     Defendant Singularity denies the allegations set forth in Paragraph 17 to the extent that these allegations were not disposed of pursuant to the December Order and further states that any fluctuation in Defendant Singularity's securities' value speak for itself and

otherwise denies the remaining allegations set forth in Paragraph 17 of the SAC.

18.     Any litigation initiated against Defendant Singularity on December 5, 2022, speaks for itself.  To the extent the allegations set forth in Paragraph 18 of the SAC are inconsistent with that litigation, Defendant Singularity denies the same.  Defendant Singularity denies the remaining allegations set forth in Paragraph 18.

19.     Any litigation initiated against Defendant Singularity on February 24, 2023, speaks for itself.  To the extent the allegations set forth in Paragraph 19 of the SAC are inconsistent with that litigation, Defendant Singularity denies the same.  Defendant Singularity denies the remaining allegations set forth in Paragraph 19.

## JURISDICTION AND VENUE

20.     Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 20 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

21.     Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 21 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

22.     Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 22 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

23.     The allegations set forth in paragraph 23 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

## PARTIES

24.     Defendant Singularity is without sufficient knowledge or information upon

which to form a belief as to the truth of the allegations set forth in Paragraph 24 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

25. Defendant Singularity denies that its headquarters are located at 98 Cutter Mill Road, Suite 322, Great Neck, New York. Defendant Singularity admits the remaining allegations set forth in Paragraph 25 of the SAC.

26. Defendant Singularity admits that Yang Jie resigned on August 9, 2022, as set forth in Paragraph 26 of the SAC. Defendant Singularity denies the remaining allegations set forth in Paragraph 26 of the SAC.

27. Defendant Singularity denies the allegations set forth in Paragraph 27 of the SAC as irrelevant pursuant to the December Order.

28. Defendant Singularity denies the allegations set forth in Paragraph 28 of the SAC as irrelevant pursuant to the December Order.

29. Defendant Singularity denies the allegations set forth in Paragraph 29 of the SAC as irrelevant pursuant to the December Order.

30. Defendant Singularity denies the allegations set forth in Paragraph 30 of the SAC as irrelevant pursuant to the December Order.

31. Defendant Singularity denies the allegations set forth in Paragraph 31 of the SAC as irrelevant pursuant to the December Order.

32. Defendant Singularity denies the allegations set forth in Paragraph 32 of the SAC as irrelevant pursuant to the December Order.

33. Defendant Singularity denies the allegations set forth in Paragraph 33 of the SAC as irrelevant pursuant to the December Order.

34. Defendant Singularity denies the allegations set forth in Paragraph 34 of the SAC

as irrelevant pursuant to the December Order.

35.     Defendant Singularity denies the allegations set forth in Paragraph 35 of the SAC as irrelevant pursuant to the December Order.

36.     Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 36 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

37.     Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 37 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

38.     The allegations set forth in Paragraph 38 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

39.     The allegations set forth in paragraph 39 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

40.     Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 40 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

41.     Defendant Singularity denies the allegations set forth in Paragraph 41 of the SAC.

42.     Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 42 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

43.     Defendant Singularity denies the allegations set forth in Paragraph 43 of the

SAC.

44. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 44 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

45. Defendant Singularity admits the allegations set forth in Paragraph 45 of the SAC.

46. The sworn Affirmation by New York attorney James J. Mahon (the "Mahon Affirmation") speaks for itself. To the extent the allegations set forth in Paragraph 46 of the SAC are inconsistent with the Mahon Affirmation, Defendant Singularity denies the same. Defendant Singularity denies the remaining allegations set forth in Paragraph 46.

47. The Mahon Affirmation, Peabody Report, Hindenburg Report and Sino-Global Shipping America, Ltd. November 1, 2021 Form 8-K speaks for themselves. To the extent the allegations set forth in Paragraph 47 of the SAC are inconsistent with the Mahon Affirmation, Peabody Report, Hindenburg Report and Sino-Global Shipping America, Ltd. November 1, 2021 Form 8-K, Defendant Singularity denies the same.

48. Defendant Singularity admits the allegations contained in Paragraph 48 of the SAC.

49. The allegations set forth in Paragraph 49 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

50. The November 1, 2021 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 50 of the SAC are inconsistent with the November 1, 2021 Form 8-K, Defendant Singularity denies the same. Additionally, Defendant Singularity's share price and trading volume on November 1, 2021, speaks for itself. To the extent the allegations set forth

in Paragraph 50 of the SAC are inconsistent with Defendant Singularity's share price and trading volume on November 1, 2021, Defendant Singularity denies the same.

51.     The November 1, 2021 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 51 of the SAC are inconsistent with the November 1, 2021 Form 8-K, Defendant Singularity denies the same.

52.     Defendant Singularity denies the allegations contained in Paragraph 52 of the SAC as these allegations were disposed of pursuant to the December Order.

53.     Defendant Singularity denies the allegations contained in Paragraph 53 of the SAC as these allegations were disposed of pursuant to the December Order.

54.     Defendant Singularity denies the allegations contained in Paragraph 54 of the SAC as these allegations were disposed of pursuant to the December Order.

55.     Defendant Singularity denies the allegations contained in Paragraph 55 of the SAC as these allegations were disposed of pursuant to the December Order.

56.     Defendant Singularity denies the allegations contained in Paragraph 56 of the SAC as these allegations were disposed of pursuant to the December Order.

57.     Defendant Singularity denies the allegations contained in Paragraph 57 of the SAC as these allegations were disposed of pursuant to the December Order.

58.     Defendant Singularity denies the allegations contained in Paragraph 58 of the SAC as these allegations were disposed of pursuant to the December Order.

59.     Defendant Singularity denies the allegations contained in Paragraph 59 of the SAC as these allegations were disposed of pursuant to the December Order.

60.     Defendant Singularity denies the allegations contained in Paragraph 60 of the SAC as these allegations were disposed of pursuant to the December Order.

61.     Defendant Singularity denies the allegations contained in Paragraph 61 of the SAC as these allegations were disposed of pursuant to the December Order.

62.     Defendant Singularity denies the allegations contained in Paragraph 62 of the SAC as these allegations were disposed of pursuant to the December Order.

63.     Defendant Singularity denies the allegations contained in Paragraph 63 of the SAC as these allegations were disposed of pursuant to the December Order.

64.     Defendant Singularity denies the allegations contained in Paragraph 64 of the SAC as these allegations were disposed of pursuant to the December Order.

65.     Defendant Singularity denies the allegations contained in Paragraph 65 of the SAC as these allegations were disposed of pursuant to the December Order.

66.     Defendant Singularity denies the allegations contained in Paragraph 66 of the SAC as these allegations were disposed of pursuant to the December Order.

67.     Defendant Singularity denies the allegations contained in Paragraph 67 of the SAC as these allegations were disposed of pursuant to the December Order.

68.     Defendant Singularity denies the allegations contained in Paragraph 68 of the SAC as these allegations were disposed of pursuant to the December Order.

69.     Defendant Singularity denies the allegations contained in Paragraph 69 of the SAC as these allegations were disposed of pursuant to the December Order.

70.     Defendant Singularity denies the allegations contained in Paragraph 70 of the SAC as these allegations were disposed of pursuant to the December Order.

71.     Defendant Singularity denies the allegations contained in Paragraph 71 of the SAC as these allegations were disposed of pursuant to the December Order.

72.     Defendant Singularity denies the allegations contained in Paragraph 72 of the

SAC as these allegations were disposed of pursuant to the December Order.

73.     Defendant Singularity denies the allegations contained in Paragraph 73 of the SAC as these allegations were disposed of pursuant to the December Order.

74.     Defendant Singularity denies the allegations contained in Paragraph 74 of the SAC as these allegations were disposed of pursuant to the December Order.

75.     Defendant Singularity denies the allegations contained in Paragraph 75 of the SAC as these allegations were disposed of pursuant to the December Order.

76.     Defendant Singularity denies the allegations contained in Paragraph 76 of the SAC as these allegations were disposed of pursuant to the December Order.

77.     Defendant Singularity denies the allegations contained in Paragraph 77 of the SAC as these allegations were disposed of pursuant to the December Order.

78.     Defendant Singularity denies the allegations contained in Paragraph 78 of the SAC as these allegations were disposed of pursuant to the December Order.

79.     Defendant Singularity denies the allegations contained in Paragraph 79 of the SAC as these allegations were disposed of pursuant to the December Order.

80.     Defendant Singularity denies the allegations contained in Paragraph 80 of the SAC as these allegations were disposed of pursuant to the December Order.

81.     Defendant Singularity denies the allegations contained in Paragraph 81 of the SAC as these allegations were disposed of pursuant to the December Order.

82.     Defendant Singularity denies the allegations contained in Paragraph 82 of the SAC as these allegations were disposed of pursuant to the December Order.

83.     Defendant Singularity denies the allegations contained in Paragraph 83 of the SAC as these allegations were disposed of pursuant to the December Order.

84. Defendant Singularity denies the allegations contained in Paragraph 84 of the SAC as these allegations were disposed of pursuant to the December Order.

85. Defendant Singularity denies the allegations contained in Paragraph 85 of the SAC as these allegations were disposed of pursuant to the December Order.

86. Defendant Singularity denies the allegations contained in Paragraph 86 of the SAC as these allegations were disposed of pursuant to the December Order.

87. Defendant Singularity denies the allegations contained in Paragraph 87 of the SAC as these allegations were disposed of pursuant to the December Order.

88. Defendant Singularity denies the allegations contained in Paragraph 88 of the SAC as these allegations were disposed of pursuant to the December Order.

89. Defendant Singularity denies the allegations contained in Paragraph 89 of the SAC as these allegations were disposed of pursuant to the December Order.

90. Defendant Singularity denies the allegations contained in Paragraph 90 of the SAC as these allegations were disposed of pursuant to the December Order.

91. Defendant Singularity denies the allegations contained in Paragraph 91 of the SAC as these allegations were disposed of pursuant to the December Order.

92. Defendant Singularity denies the allegations contained in Paragraph 92 of the SAC as these allegations were disposed of pursuant to the December Order.

93. Defendant Singularity denies the allegations contained in Paragraph 93 of the SAC as these allegations were disposed of pursuant to the December Order.

94. Defendant Singularity denies the allegations contained in Paragraph 94 of the SAC as these allegations were disposed of pursuant to the December Order.

95. Defendant Singularity denies the allegations contained in Paragraph 95 of the

SAC as these allegations were disposed of pursuant to the December Order.

96.     Defendant Singularity denies the allegations contained in Paragraph 96 of the SAC as these allegations were disposed of pursuant to the December Order.

97.     Defendant Singularity denies the allegations contained in Paragraph 97 of the SAC as these allegations were disposed of pursuant to the December Order.

98.     Defendant Singularity denies the allegations contained in Paragraph 98 of the SAC as these allegations were disposed of pursuant to the December Order.

99.     Defendant Singularity denies the allegations contained in Paragraph 99 of the SAC as these allegations were disposed of pursuant to the December Order.

100.    Defendant Singularity denies the allegations contained in Paragraph 100 of the SAC as these allegations were disposed of pursuant to the December Order.

101.    Defendant Singularity denies the allegations set forth in Paragraph 101 of the SAC.

102.    The February 3, 2021 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 102 of the SAC are inconsistent with the February 3, 2021 Form 8-K, Defendant Singularity denies the same.

103.    Defendant Singularity denies the allegations set forth in Paragraph 103 of the SAC.

104.    Defendant Singularity issued press release speaks for itself.  To the extent the allegations set forth in Paragraph 104 of the SAC are inconsistent with the press release, Defendant Singularity denies the same.

105.    The allegations set forth in Paragraph 105 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant

Singularity denies the same.

106.    The February 10, 2021 Prospectus speaks for itself.  To the extent the allegations set forth in Paragraph 106 of the SAC are inconsistent with the February 10, 2021 Prospectus, Defendant Singularity denies the same.  The remaining allegations set forth in Paragraph 106 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

107.    The February 10, 2021 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 107 of the SAC are inconsistent with the February 10, 2021 Form 8-K, Defendant Singularity denies the same.

108.    The February 11, 2021 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 108 of the SAC are inconsistent with the February 11, 2021 Form 8-K, Defendant Singularity denies the same.

109.    The February 10 and 11, 2021 Form 8-Ks speak for themselves.  To the extent the allegations set forth in Paragraph 108 of the SAC are inconsistent with the February 10 and 11, 2021 Form 8-Ks, Defendant Singularity denies the same.  The remaining allegations set forth in Paragraph 109 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

110.    Defendant Singularity admits that Defendant Singularity's shares fluctuated throughout the period covered by the instant SAC, but otherwise denies the allegations set forth in Paragraph 110 of the SAC.

111.    The February 16, 2021 Registration Statement speaks for itself.  To the extent the allegations set forth in Paragraph 111 of the SAC are inconsistent with February 16, 2021

Registration Statement, Defendant Singularity denies the same.

112.    Defendant Singularity admits that Defendant Singularity's shares fluctuated throughout the period covered by the instant SAC, but otherwise denies the allegations set forth in Paragraph 112 of the SAC.

113.    The allegations set forth in Paragraph 113 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

114.    The March 3, 2021 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 114 of the SAC are inconsistent with the March 3, 2021 Form 8-K, Defendant Singularity denies the same.

115.    Defendant Singularity admits that Defendant Singularity's shares fluctuated throughout the period covered by the instant SAC, but otherwise denies the allegations set forth in Paragraph 115 of the SAC.

116.    The September 21, 2021 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 116 of the SAC are inconsistent with the September 21, 2021 Form 8-K, Defendant Singularity denies the same.

117.     Defendant Singularity admits that Defendant Singularity's shares fluctuated throughout the period covered by the instant SAC, but otherwise denies the allegations set forth in Paragraph 117 of the SAC.

118.    Defendant Singularity denies the allegations contained in Paragraph 118 of the SAC.

119.    The January 5, 2022 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 119 of the SAC are inconsistent with the January 5, 2022 Form 8-K,

Defendant Singularity denies the same.

120. The March 28, 2022 press release speaks for itself. To the extent the allegations set forth in Paragraph 120 of the SAC are inconsistent with the March 28, 2022 press release, Defendant Singularity denies the same.

121. Defendant Singularity admits that Defendant Singularity's shares fluctuated throughout the period covered by the instant SAC, but otherwise denies the allegations set forth in Paragraph 221 of the SAC.

122. Defendant Singularity denies the allegations set forth in Paragraph 122 of the SAC.

123. The quote from Defendant Singularity's website speaks for itself. To the extent the allegations set forth in Paragraph 123 are inconsistent with the quote from Defendant Singularity's website, Defendant Singularity denies the same.

124. Defendant Singularity's Form 10-Q for the period ended Q1 2023 speaks for itself. To the extent the allegations set forth in Paragraph 124 are inconsistent with the Form 10-Q for the period ended Q1 2023, Defendant Singularity denies the same.

125. Defendant Singularity denies the allegations contained in Paragraph 125 of the SAC.

126. Defendant Singularity and Golden Mainland's press release on April 11, 2022 speaks for itself. To the extent the allegations set forth in Paragraph 126 of the SAC are inconsistent with the April 11, 2022 press release, Defendant Singularity denies the same.

127. Defendant Singularity's April 14, 2022 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 127 of the SAC are inconsistent with the April 14, 2022 Form 8-K, Defendant Singularity denies the same.

128. The press release referenced in Paragraph 128 speaks for itself. To the extent

the allegations set forth in Paragraph 128 of the SAC are inconsistent with the press release, Defendant Singularity denies the same.

129. The allegations set forth in Paragraph 129 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

130. The allegations set forth in Paragraph 130 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

131. The allegations set forth in Paragraph 131 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

132. The April 10, 2022 Joint Venture Agreement between Defendant Singularity and Golden Mainland speaks for itself.  To the extent the allegations set forth in Paragraph 132 of the SAC are inconsistent with the April 10, 2022 Joint Venture Agreement, Defendant Singularity denies the same.

133. The April 10, 2022 Joint Venture Agreement between Defendant Singularity and Golden Mainland speaks for itself.  To the extent the allegations set forth in Paragraph 133 of the SAC are inconsistent with the April 10, 2022 Joint Venture Agreement, Defendant Singularity denies the same.

134. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 134 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

135. Defendant Singularity denies the allegations contained in Paragraph 135 of the Complaint.

136. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 136 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

137. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 136 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

138. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 138 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

139. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 139 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

140. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 140 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

141. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 141 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

142. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 142 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

143. Golden Mainland's website speaks for itself. To the extent the allegations set forth in Paragraph 143 of the SAC are inconsistent with the Golden Mainland's website,

Defendant Singularity denies the same.

144. The allegations set forth in paragraph 144 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

145. The allegations set forth in Paragraph 145 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

146. Thor Agreement speaks for itself. To the extent the allegations set forth in Paragraph 146 of the SAC are inconsistent with the Thor Agreement, Defendant Singularity denies the same.

147. The October 4, 2021 press release speaks for itself. To the extent the allegations set forth in Paragraph 147 of the SAC are inconsistent with the October 4, 2021 press release, Defendant Singularity denies the same.

148. The October 4, 2021 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 148 of the SAC are inconsistent with the October 4, 2021 Form 8-K, Defendant Singularity denies the same.

149. The October 4, 2021 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 149 of the SAC are inconsistent with the October 4, 2021 Form 8-K, Defendant Singularity denies the same.

150. Defendant Singularity admits that Defendant Singularity's shares fluctuated throughout the period covered by the instant SAC, but otherwise denies the allegations set forth in Paragraph 150 of the SAC.

151. The allegations set forth in Paragraph 151 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from

Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

152.    The Jing Shan Affidavit speaks for itself.  To the extent the allegations set forth in Paragraph 152 of the SAC are inconsistent with the Jing Shan Affidavit, Defendant Singularity denies the same.

153.    The Jing Shan Affidavit speaks for itself.  To the extent the allegations set forth in Paragraph 153 of the SAC are inconsistent with the Jing Shan Affidavit, Defendant Singularity denies the same.

154.    Defendant Singularity's October 4, 2021 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 154 of the SAC are inconsistent with the October 4, 2021 Form 8-K, Defendant Singularity denies the same.

155.    Defendant Singularity's October 4, 2021 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 154 of the SAC are inconsistent with the October 4, 2021 Form 8-K, Defendant Singularity denies the same.

156.    Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 156 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

157.    Defendant Singularity's January 14, 2022 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 154 of the SAC are inconsistent with the January 14, 2022 Form 8-K, Defendant Singularity denies the same.

158.    The SOS Agreement speaks for itself.  To the extent the allegations set forth in Paragraph 158 of the SAC are inconsistent with the SOS Agreement, Defendant Singularity denies the same.

159.    The Jing Shan Affidavit speaks for itself.  To the extent the allegations set forth

in Paragraph 159 of the SAC are inconsistent with the Jing Shan Affidavit, Defendant Singularity denies the same.

160. The Jing Shan Affidavit speaks for itself. To the extent the allegations set forth in Paragraph 160 of the SAC are inconsistent with the Jing Shan Affidavit, Defendant Singularity denies the same.

161. The January 14, 2022 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 161 of the SAC are inconsistent with the January 14, 2022 Form 8-K, Defendant Singularity denies the same.

162. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 162 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

163. The Jing Shan Affidavit speaks for itself. To the extent the allegations set forth in Paragraph 163 of the SAC are inconsistent with the Jing Shan Affidavit, Defendant Singularity denies the same.

164. The Hindenburg Research and Peabody Street Research Reports speaks for themselves. To the extent the allegations set forth in Paragraph 164 of the SAC are inconsistent with the Hindenburg Research and Peabody Street Research Reports, Defendant Singularity denies the same.

165. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 165 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

166. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 166 of the SAC,

and therefore denies the same and leave Plaintiffs to their proof.

167.    Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 167 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

168.    Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 168 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

169.    Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 168 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

170.    Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 170 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

171.    The litigation reference in Paragraph 171 of the SAC speaks for itself.  To the extent the allegations set forth in Paragraph 171 of the SAC are inconsistent with the facts of the litigation, Defendant Singularity denies the same.

172.    The Jing Shan Affidavit speaks for itself.  To the extent the allegations set forth in Paragraph 163 of the SAC are inconsistent with the Jing Shan Affidavit, Defendant Singularity denies the same.

173.    Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 173 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

174.    The allegations set forth in Paragraph 174 of the SAC contain Plaintiffs'

statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

175. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 175 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

176. The allegations set forth in Paragraph 176 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

177. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 177 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

178. Thor Miner's website speaks for itself. To the extent the allegations set forth in Paragraph 178 of the SAC are inconsistent with Thor Miner's website, Defendant Singularity denies the same.

179. The allegations set forth in Paragraph 179 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

180. The litigation reference in Paragraph 180 of the SAC speaks for itself. To the extent the allegations set forth in Paragraph 180 of the SAC are inconsistent with the facts of the litigation, Defendant Singularity denies the same.

181. The Form 6-K referenced in Paragraph 181 of the SAC speaks for itself. To the extent the allegations set forth in Paragraph 181 of the SAC are inconsistent with the Form 6-K, Defendant Singularity denies the same. Defendant Singularity is without sufficient knowledge

or information upon which to form a belief as to the truth of the remaining allegations set forth in Paragraph 181 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

182.    Defendant Singularity's Form 10-Q for the Q1 of 2023 speaks for itself. To the extent the allegations set forth in Paragraph 182 of the SAC are inconsistent with the Form 10-Q for the Q1 of 2023, Defendant Singularity denies the same.

183.    Defendant Singularity's Form 10-Q for the Q1 of 2023 speaks for itself. To the extent the allegations set forth in Paragraph 182 of the SAC are inconsistent with the Form 10-Q for the Q1 of 2023, Defendant Singularity denies the same.  Defendant Singularity denies the allegations set forth in the first sentence of Paragraph 183 of the SAC.

184.    Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 184 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

185.    The allegations set forth in Paragraph 185 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

186.    Defendant Singularity's October 23, 2020 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 186 of the SAC are inconsistent with the October 23, 2020 Form 8-K, Defendant Singularity denies the same.

187.    The allegations set forth in Paragraph 187 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

188.    The letter referenced in Paragraph 188 of the SAC speaks for itself.  To the extent the allegations set forth in Paragraph 188 of the SAC are inconsistent with the letter,

Defendant Singularity denies the same.

189.    The allegations set forth in Paragraph 189 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

190.    Defendant Singularity denies the allegations set forth in Paragraph 190 of the SAC.

191.    Defendant Singularity's Form 10-Q for the period ended December 31, 2021, speaks for itself.  To the extent the allegations set forth in Paragraph 191 of the SAC are inconsistent with the Form 10-Q for the period ended December 31, 2021, Defendant Singularity denies the same.

192.    Defendant Singularity's Form 10-Q dated, February 14, 2022, speaks for itself. To the extent the allegations set forth in Paragraph 192 of the SAC are inconsistent with the Form 10-Q dated, February 14, 2022, Defendant Singularity denies the same.

193.    Defendant Singularity's Form 10-Q dated, February 14, 2022, speaks for itself. To the extent the allegations set forth in Paragraph 193 of the SAC are inconsistent with the Form 10-Q dated, February 14, 2022, Defendant Singularity denies the same.

194.    The allegations set forth in Paragraph 194 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

195.    Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 195 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

196.    The October 4, 2021 Form 8-K referenced in Paragraph 196 of the SAC speaks for

itself.  To the extent the allegations set forth in Paragraph 196 are inconsistent with the October 4, 2021 Form 8-K, Defendant Singularity denies the same.

197.     The October 4, 2021 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 197 are inconsistent with the October 4, 2021 Form 8-K, Defendant Singularity denies the same.

198.     Defendant Singularity's Proxy Statement dated, April 22, 2022, speaks for itself. To the extent the allegations set forth in Paragraph 198 are inconsistent with the Proxy Statement dated, April 22, 2022, Defendant Singularity denies the same.

199.     Defendant Singularity denies the allegations contained in Paragraph 199 of the SAC as these allegations were disposed of pursuant to the December Order.

200.     Defendant Singularity denies the allegations contained in Paragraph 200 of the SAC as these allegations were disposed of pursuant to the December Order.

201.     Defendant Singularity denies the allegations contained in Paragraph 201 of the SAC as these allegations were disposed of pursuant to the December Order.

202.     Defendant Singularity denies the allegations contained in Paragraph 202 of the SAC as these allegations were disposed of pursuant to the December Order.

203.     Defendant Singularity denies the allegations contained in Paragraph 203 of the SAC as these allegations were disposed of pursuant to the December Order.

204.     Defendant Singularity denies the allegations contained in Paragraph 204 of the SAC as these allegations were disposed of pursuant to the December Order.

205.     Defendant Singularity denies the allegations contained in Paragraph 205 of the SAC as these allegations were disposed of pursuant to the December Order.

206.     Defendant Singularity denies the allegations contained in Paragraph 206 of the

SAC as these allegations were disposed of pursuant to the December Order.

207. Defendant Singularity denies the allegations contained in Paragraph 207 of the SAC as these allegations were disposed of pursuant to the December Order.

208. Defendant Singularity denies the allegations contained in Paragraph 208 of the SAC as these allegations were disposed of pursuant to the December Order.

209. Defendant Singularity denies the allegations contained in Paragraph 209 of the SAC as these allegations were disposed of pursuant to the December Order.

210. Defendant Singularity denies the allegations contained in Paragraph 210 of the SAC as these allegations were disposed of pursuant to the December Order.

211. Defendant Singularity denies the allegations contained in Paragraph 211 of the SAC as these allegations were disposed of pursuant to the December Order.

212. Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 184 of the SAC regarding the investors' knowledge, and therefore denies the same and leave Plaintiffs to their proof. Defendant Singularity denies the remaining allegations set forth in Paragraph 212.

213. The Hindenburg Research Report speaks for itself. To the extent the allegations set forth in Paragraph 213 of the SAC are inconsistent with the Hindenburg Research Report, Defendant Singularity denies the same.

214. The Peabody Street Research Report speaks for itself. To the extent the allegations set forth in Paragraph 214 of the SAC are inconsistent with the Peabody Street Research Report, Defendant Singularity denies the same.

215. Defendant Singularity denies the allegations set forth in Paragraph 215 of the SAC.

216. Defendant Singularity denies the allegations contained in Paragraph 216 of the SAC as these allegations were disposed of pursuant to the December Order.

217. Defendant Singularity denies the allegations contained in Paragraph 217 of the SAC as these allegations were disposed of pursuant to the December Order.

218. Defendant Singularity denies the allegations contained in Paragraph 218 of the SAC as these allegations were disposed of pursuant to the December Order.

219. Defendant Singularity denies the allegations contained in Paragraph 219 of the SAC as these allegations were disposed of pursuant to the December Order.

220. Defendant Singularity denies the allegations contained in Paragraph 220 of the SAC as these allegations were disposed of pursuant to the December Order.

221. Defendant Singularity denies the allegations contained in Paragraph 219 of the SAC as these allegations were disposed of pursuant to the December Order.

222. Defendant Singularity denies the allegations set forth in Paragraph 222 of the SAC.

223. The Hindenburg Report speaks for itself. To the extent the allegations set forth in Paragraph 223 of the SAC are inconsistent with the Hindenburg Report, Defendant Singularity denies the same.

224. Defendant Singularity denies the allegations set forth in Paragraph 224 of the SAC.

225. The Peabody Report speaks for itself. To the extent the allegations set forth in Paragraph 223 of the SAC are inconsistent with the Peabody Report, Defendant Singularity denies the same.

226. Defendant Singularity denies the allegations set forth in Paragraph 226 of the

SAC.

227.    Defendant Singularity denies the allegations set forth in Paragraph 227 of the SAC.

228.    Defendant Singularity admits that Defendant Singularity's shares fluctuated throughout the period covered by the instant SAC, but otherwise denies the allegations set forth in Paragraph 228 of the SAC.

229.    Defendant Singularity admits the allegations contained in Paragraph 229 of the SAC.

230.    Admits that as alleged in Paragraph 230 of the Complaint, Singularity filed a Form 8K on May 25, 2022, and further avers that the allegations relating to this Form 8-K were found to be nonactionable pursuant to the December Order.

231.    Defendant Singularity admits that Singularity filed a Form 8-K on May 25, 2022, as alleged in Paragraph 231 of the SAC and further avers that the allegations relating to this Form 8-K were found to be nonactionable pursuant to the December Order.

232.    Defendant Singularity admits that Singularity filed a Form 8-K on October 7, 2022, as alleged in Paragraph 232 of the SAC, and further avers that the allegations relating to this Form 8-K were found to be nonactionable pursuant to the December Order.

233.    Defendant Singularity admits that Singularity filed a Form 8-K on October 7, 2022, as alleged in Paragraph 233 of the SAC, and further avers that the allegations relating to this Form 8-K were found to be nonactionable pursuant to the December Order.

234.    Defendant Singularity admits that Defendant Singularity's shares fluctuated throughout the period covered by the instant SAC, but otherwise denies the allegations set forth in Paragraph 234 of the SAC.

235. Defendant Singularity admits that Singularity filed a Form 8K on February 27, 2022, as alleged in Paragraph 235 of the SAC, and further avers that the allegations relating to this Form 8-K were found to be nonactionable pursuant to the December Order.

236. The Form 8-K dated, November 16, 2022, speaks for itself. To the extent the allegations set forth in Paragraph 236 are inconsistent with the Form 8-K dated, November 16, 2022, Defendant Singularity denies the same.

237. The Form 8-K dated, November 16, 2022, speaks for itself. To the extent the allegations set forth in Paragraph 237 are inconsistent with the Form 8-K dated, November 16, 2022, Defendant Singularity denies the same.

238. Defendant Singularity admits that Defendant Singularity's shares fluctuated throughout the period covered by the instant SAC, but otherwise denies the allegations set forth in Paragraph 238 of the SAC.

239. The Form 8-K dated, January 5, 2023, speaks for itself. To the extent the allegations set forth in Paragraph 239 are inconsistent with the Form 8-K dated, January 5, 2023, Defendant Singularity denies the same.

240. The Form 8-K dated January 9, 2023, speaks for itself. To the extent the allegations set forth in Paragraph 240 are inconsistent with the Form 8-K dated, January 9, 2023, Defendant Singularity denies the same.

241. The January 13, 2023 press release speaks for itself. To the extent the allegations set forth in Paragraph 241 are inconsistent with the January 13, 2023 press release, Defendant Singularity denies the same.

242. The January 5, 2023, Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 242 are inconsistent with the January 5, 2023 Form 8-K, Defendant

Singularity denies the same.

243.     Defendant Singularity denies the allegations set forth in Paragraph 243 of the SAC.   The settlements in the alleged lawsuits speak for themselves.   To the extent the allegations set forth in Paragraph 243 are inconsistent with those settlements, Defendant Singularity denies the same.

244.     The lawsuits alleged in Paragraph 244 speak for themselves.  To the extent the allegations set forth in Paragraph 244 are inconsistent with those lawsuits, Defendant Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

245.     The lawsuits alleged in Paragraph 245 speak for themselves.  To the extent the allegations set forth in Paragraph 245 are inconsistent with those lawsuits, Defendant Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

246.     The lawsuits alleged in Paragraph 246 speak for themselves.  To the extent the allegations set forth in Paragraph 246 are inconsistent with those lawsuits, Defendant Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

247.     The lawsuits alleged in Paragraph 247 speak for themselves.  To the extent the allegations set forth in Paragraph 247 are inconsistent with those lawsuits, Defendant Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

248.     The lawsuits alleged in Paragraph 248 speak for themselves.  To the extent the allegations set forth in Paragraph 248 are inconsistent with those lawsuits, Defendant

Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

249.    The lawsuits alleged in Paragraph 249 speak for themselves.  To the extent the allegations set forth in Paragraph 249 are inconsistent with those lawsuits, Defendant Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

250.    The lawsuits alleged in Paragraph 250 speak for themselves.  To the extent the allegations set forth in Paragraph 250 are inconsistent with those lawsuits, Defendant Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

251.    The lawsuits alleged in Paragraph 251 speak for themselves.  To the extent the allegations set forth in Paragraph 251 are inconsistent with those lawsuits, Defendant Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

252.    The lawsuits alleged in Paragraph 252 speak for themselves.  To the extent the allegations set forth in Paragraph 252 are inconsistent with those lawsuits, Defendant Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

253.    The lawsuits alleged in Paragraph 253 speak for themselves.  To the extent the allegations set forth in Paragraph 253 are inconsistent with those lawsuits, Defendant Singularity denies the same.  Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

254.    The lawsuits alleged in Paragraph 254 speak for themselves.  To the extent the

allegations set forth in Paragraph 254 are inconsistent with those lawsuits, Defendant Singularity denies the same. Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

255.    The lawsuits alleged in Paragraph 255 speak for themselves. To the extent the allegations set forth in Paragraph 255 are inconsistent with those lawsuits, Defendant Singularity denies the same. Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

256.    The lawsuits alleged in Paragraph 256 speak for themselves. To the extent the allegations set forth in Paragraph 256 are inconsistent with those lawsuits, Defendant Singularity denies the same. Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

257.    The lawsuits alleged in Paragraph 257 speak for themselves. To the extent the allegations set forth in Paragraph 257 are inconsistent with those lawsuits, Defendant Singularity denies the same. Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

258.    The lawsuits alleged in Paragraph 258 speak for themselves. To the extent the allegations set forth in Paragraph 258 are inconsistent with those lawsuits, Defendant Singularity denies the same. Defendant Singularity further avers that these allegations were disposed of as nonactionable pursuant to the December Order.

259.    The February 27, 2023 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 259 of the SAC are inconsistent with the February 27, 2023 Form 8-K, Defendant Singularity denies the same.

260.    Defendant Singularity's March 1, 2023 press release speaks for itself. To the

extent the allegations set forth in Paragraph 260 of the SAC are inconsistent with the March 1, 2023 press release, Defendant Singularity denies the same.

261.    Defendant Singularity's amended March 6, 2023 Form 8-K/A speaks for itself. To the extent the allegations set forth in Paragraph 261 of the SAC are inconsistent with the amended March 6, 2023 Form 8-K, Defendant Singularity denies the same.

262.    Defendant Singularity's Form 10-Q for quarter ended December 31, 2022, speaks for itself.  To the extent the allegations set forth in Paragraph 262 of the SAC are inconsistent with the Form 10-Q for quarter ended December 31, 2022, Defendant Singularity denies the same.

263.    Defendant Singularity's Form 10-Q for Q1 of 2023 speaks for itself.  To the extent the allegations set forth in Paragraph 263 of the SAC are inconsistent with the Form 10-Q for Q1 of 2023, Defendant Singularity denies the same.

264.    Defendant Singularity's March 10, 2023 press release speaks for itself.  To the extent the allegations set forth in Paragraph 264 of the SAC are inconsistent with the March 10, 2023 press release, Defendant Singularity denies the same.

265.    Defendant Singularity's March 22, 2023 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 265 of the SAC are inconsistent with the March 22, 2023 Form 8-K, Defendant Singularity denies the same.

266.    Defendant Singularity's July 12, 2023 press release speaks for itself.  To the extent the allegations set forth in Paragraph 266 of the SAC are inconsistent with the July 12, 2023 press release, Defendant Singularity denies the same.

267.    Defendant Singularity's July 14, 2023 press release speaks for itself.  To the extent the allegations set forth in Paragraph 267 of the SAC are inconsistent with the July 14,

2023 press release, Defendant Singularity denies the same.

268.    Defendant Singularity's September 29, 2023 Form 10-K speaks for itself.  To the extent the allegations set forth in Paragraph 268 of the SAC are inconsistent with the September 29, 2023 Form 10-K, Defendant Singularity denies the same.

269.    Defendant Singularity's September 29, 2023 Form 10-K speaks for itself.  To the extent the allegations set forth in Paragraph 269 of the SAC are inconsistent with the September 29, 2023 Form 10-K, Defendant Singularity denies the same.

270.    The allegations set forth in paragraph 270 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

271.    The allegations set forth in paragraph 271 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

272.    The allegations set forth in paragraph 272 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

273.    The allegations set forth in paragraph 273 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

274.    Defendant Singularity's Form 10-Q for the period of Q1 2023 speaks for itself. To the extent the allegations set forth in Paragraph 274 of the SAC are inconsistent with the Form 10-Q for the period of Q1 2023, Defendant Singularity denies the same.

275.    The litigation referenced in Paragraph 275 of the SAC and the related settlement documents speak for themselves.  To the extent the allegations set forth in Paragraph 275 of the

SAC are inconsistent with the litigation and the related settlement documents, Defendant Singularity denies the same.

276.    The litigation referenced in Paragraph 275 of the SAC and the related settlement documents speak for themselves.  To the extent the allegations set forth in Paragraph 275 of the SAC are inconsistent with the litigation and the related settlement documents, Defendant Singularity denies the same.

277.    The Separation Agreement and General Release referenced in Paragraph 277 of the SAC speaks for itself.  To the extent the allegations set forth in Paragraph 277 of the SAC are inconsistent with the Separation Agreement and General Release, Defendant Singularity denies the same.

278.    Defendant Singularity denies the allegations contained in Paragraph 278 of the SAC.

279.    Defendant Singularity admits that Defendants Cao, Shan, Pan, and Jie are no longer engaged with Defendant Singularity.  The remaining allegations set forth in Paragraph 279 contain legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

280.    Defendant Singularity's Form 10-Q for the period ending December 31, 2022, speaks for itself.  To the extent the allegations set for in Paragraph 280 of the SAC are insistent with the Form 10-Q for the period ending December 31, 2022, Defendant Singularity denies the same.

281.    Defendant Singularity's June 24, 2022 Form 8-K speaks for itself.  To the extent the allegations set forth in Paragraph 281 of the SAC are inconsistent with the June 24, 2022 Form 8-K, Defendant Singularity denies the same.

282. The Shan Affidavit referenced in Paragraph 282 of the SAC speaks for itself. To the extent the allegations set forth in Paragraph 282 of the SAC are inconsistent with the Shan Affidavit, Defendant Singularity denies the same.

283. Defendant Singularity's September 7, 2022 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 283 of the SAC are inconsistent with the September 7, 2022 Form 8-K, Defendant Singularity denies the same.

284. Defendant Singularity's August 12, 2022 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 284 of the SAC are inconsistent with the August 12, 2022 Form 8-K, Defendant Singularity denies the same.

285. Defendant Singularity's November 22, 2022 Form 8-K speaks for itself. To the extent the allegations set forth in Paragraph 285 of the SAC are inconsistent with the November 22, 2022 Form 8-K, Defendant Singularity denies the same.

286. Defendant Singularity's July 14, 2023 press release speaks for itself. To the extent the allegations set forth in Paragraph 286 of the SAC are inconsistent with the July 14, 2023 press release, Defendant Singularity denies the same.

287. Defendant Singularity admits the allegations set forth in Paragraph 287 of the SAC.

288. Defendant Singularity admits the allegations set forth in Paragraph 288 of the SAC.

289. Defendant Singularity admits the allegations set forth in Paragraph 289 of the SAC.

290. The allegations set forth in Paragraph 290 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from

Defendant Singularity. In the alternative, Defendant Singularity denies the same.

291. The allegations set forth in Paragraph 291 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

292. The allegations set forth in Paragraph 292 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

293. The allegations set forth in Paragraph 293 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

294. The allegations set forth in Paragraph 294 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

295. The allegations set forth in Paragraph 295 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

296. The allegations set forth in Paragraph 296 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

297. The allegations set forth in Paragraph 297 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

298. The allegations set forth in Paragraph 298 of the SAC contain Plaintiffs'

statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

299.    The allegations set forth in Paragraph 299 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

300.    The allegations set forth in Paragraph 300 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

301.    The allegations set forth in Paragraph 301 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

302.    Defendant Singularity is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations set forth in Paragraph 302 of the SAC, and therefore denies the same and leave Plaintiffs to their proof.

303.    The allegations set forth in paragraph 303 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

304.    The allegations set forth in Paragraph 304 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

305.    The allegations set forth in Paragraph 305 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

306.    The allegations set forth in Paragraph 306 of the SAC contain Plaintiffs'

statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

307. The allegations set forth in Paragraph 307 of the SAC contain Plaintiffs' statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

## COUNT I
### For Violations of Section 10(b) and Rule 10b-5 Promulgated Thereunder Against All Defendants

308. Defendant Singularity repeats its responses to paragraphs 1 through 307 above as if fully set forth herein.

309. The allegations set forth in paragraph 309 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

310. The allegations set forth in paragraph 310 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

311. The allegations set forth in paragraph 311 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

312. The allegations set forth in paragraph 312 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

313. The allegations set forth in paragraph 313 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

314. The allegations set forth in paragraph 314 of the SAC are legal conclusions, and

therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

315. The allegations set forth in paragraph 315 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

316. The allegations set forth in paragraph 316 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

317. The allegations set forth in paragraph 317 of the SAC are legal conclusions, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same.

## COUNT II
### Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

318. Defendant Singularity repeats its responses to paragraphs 1 through 317 above as if fully set forth herein.

319. The allegations set forth in paragraph 319 relate to the Individual Defendants, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same and leaves Plaintiffs to their proof.

320. The allegations set forth in paragraph 320 relate to the Individual Defendants, and therefore do not require a response from Defendant Singularity. In the alternative, Defendant Singularity denies the same and leaves Plaintiffs to their proof.

321.    The allegations set forth in paragraph 321 relate to the Individual Defendants, and therefore do not require a response from Defendant Singularity.    In the alternative, Defendant Singularity denies the same and leaves Plaintiffs to their proof.

322.    The allegations set forth in paragraph 322 relate to the Individual Defendants, and therefore do not require a response from Defendant Singularity.    In the alternative, Defendant Singularity denies the same and leaves Plaintiffs to their proof.

### PRAYER FOR RELIEF

323.    Defendant Singularity denies that Plaintiffs are entitled to any relief.

### AFFIRMATIVE DEFENSES

Without admitting any wrongdoing or any liability on its part or that the statutes alleged in the SAC are applicable, and without limiting its ability to raise additional argument or supplement, alter, and/or change its answer upon completion of appropriate discovery, Defendant Singularity alleges its separate affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

This action is barred, in whole or in part, because Plaintiffs have not suffered any injury or damage, or in the alternative, because any injury or damage that Plaintiffs claim to have sustained was not caused by Defendant Singularity.

### SECOND AFFIRMATIVE DEFENSE

Defendant Singularity is not liable because it did not make a false or misleading statement of material factor omission of material fact and complied with all applicable disclosure requirements.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the alleged misstatements and

omissions alleged in the Complaint were forward-looking and satisfied the safe-harbor provisions of the Private Securities Litigation Reform Act of 1995, federal securities laws, and/or the "bespeaks caution" doctrine.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Singularity is not liable because Plaintiffs' claims are barred, in whole or in part, because assuming there were any omissions or misstatements as alleged in the SAC (Defendant Singularity denies the same), Plaintiffs knew or should have known of such omission or misstatement.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Singularity is not liable because Plaintiffs' claims are barred, in whole or in part, because Plaintiffs purchased Singularity securities with actual or constructive knowledge of the risks involved with an investment in Singularity and thus voluntarily assumed the risk of the losses alleged in the SAC.

## SIXTH AFFIRMATIVE DEFENSE

Defendant Singularity is not liable because it acted in good faith and in reasonable reliance upon the work, opinions, information, representations, and advice of others, upon whom it was entitled to rely.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the purported damages alleged are wholly speculative.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs cannot recover against Defendant Singularity, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Plaintiffs will be otherwise unable to

establish that they relied upon the purported misstatements and omissions alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the injuries alleged, to the extent that they exist, were caused, in whole or in part, by intervening and/or superseding cause unrelated to Defendant Singularity's alleged conduct, by the conduct of third parties for whom Defendant Singularity is not responsible, or through forces in the marketplace for which Defendant Singularity has no control.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs suffered damages, if at all, such damages must be offset by Plaintiffs' gains.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs suffered damages, if at all, such damages must be capped pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e)(1).

## TWELTH AFFIRMATIVE DEFENSE

The SAC, in whole or in part, fails to state a claim upon which relief may be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

The SAC, in whole or in part, is barred by the Doctrine of Laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

The SAC, in whole or in part, is barred by the Doctrine of Unclean Hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

The SAC, in whole or in part, is barred by the Doctrine of Waiver and Estoppel.

## JURY TRIAL DEMAND

Defendant Singularity demands a trial by jury in the action as to all issues and claims.

DATED:      January 2, 2025
            Coral Gables, Florida

                                        Respectfully Submitted,


                                        */s/ Mark David Hunter*
                                        Mark David Hunter, Esquire
                                        New York Bar No. 4017331
                                        Jenny Johnson-Sardella, Esquire
                                        New York Bar No. 4225850
                                        Hunter Taubman Fischer & Li LLC
                                        848 Brickell Avenue, Suite 200
                                        Miami, Florida 33131
                                        Tel:   (305) 629-1180
                                        Fax:   (305) 629-8099
                                        Email:  mhunter@htflawyers.com
                                                jsardella@htflawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing electronically.

/s/ *Mark David Hunter*
Mark David Hunter