UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
SEN GAO, CONGLI HUO, RUIBIN WANG,
LUXIAO XIU, Individually and on behalf
of All others similarly situated,

                          Plaintiffs,              Index No.: 1:22-cv-07499 (BMC)

              -against-

SINGULARITY FUTURE
TECHNOLOGY LTD. F/K/A SINO-
GLOBAL SHIPPING AMERICA LTD.,
YANG JIE, LEI CAO, ZHIKANG
HUANG, TUO PAN, XIOHUAN
HUANG, JING SHAN, TIELING LIU,
JING WANG, LEI NIE, JOHN LEVY,
THOR MINER, INC., and GOLDEN
MAINLAND, INC.

                          Defendants.
------------------------------------X

### DEFENDANT/CROSS-DEFENDANT SINGULARITY FUTURE TECHNOLOGY'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT/CROSS-PLAINTIFF YANG JIE'S CROSSCLAIMS

Defendant/Cross-Defendant Singularity Future Technology Ltd. f/k/a Sino-Global Shipping America Ltd. ("Singularity" or "Defendant"), by and through its undersigned attorney, hereby answers Defendant/Cross-Plaintiff Yang Jie's ("Jie") crossclaim dated, December 31, 2024 (the "Crossclaim") (Docket Entry ("D.E.") 81)[1]. In furtherance of the same, Defendant Singularity respectfully responds to the numbered paragraphs of Defendant Jie's Crossclaim as follows:

---

[1] Defendant/Cross-Plaintiff Jie filed answers to Plaintiffs' Amended Complaint (D.E. 37) and Second Amended Complaint (D.E. 58). However, the Crossclaim against Defendant Singularity that appear in both of Defendant/Cross-Plaintiff Jie's answers are identical. *See* D.E. 80 and 81.

**GENERAL DENIAL**

Singularity denies each and every allegation contained in the Crossclaim, except as otherwise expressly admitted below.  Any factual allegations admitted below are admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any allegation.

Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure ("Rule"), allegations contained within the Crossclaim to which no responsive pleading is required shall be deemed denied. Defendant Singularity expressly reserves its right to amend and/or supplement its answer, and expressly reserve any and all defenses that may be available.

**FIRST CROSSCLAIM AGAINST SINGULRITY**

244.    The allegations set forth in Paragraph 244 of the Crossclaim contain Jie's statement of the case and legal arguments, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

245.    The allegations set forth in paragraph 245 of the Crossclaim are legal conclusions, and therefore do not require a response from Defendant Singularity.  In the alternative, Defendant Singularity denies the same.

**<u>AFFIRMATIVE DEFENSES</u>**

Without admitting any wrongdoing or any liability on its part, and without limiting its ability to raise additional argument or supplement, alter, and/or change its answer upon completion of appropriate discovery, Defendant Singularity alleges its separate affirmative defenses as follows:

## AFFIRMATIVE DEFENSES

For its affirmative defenses and avoidances to the Crossclaim, Defendant Singularity respectfully alleges as follows:

### First Affirmative Defense

Pursuant to Rule 12(b)(6), the Crossclaim fails to state a claim upon which relief may be granted.  Defendant Jie has not alleged facts sufficient to support a claim that he is devoid of any wrongdoing.

### Second Affirmative Defense

Jie's Crossclaim is barred, in whole or in part, because Defendant Jie failed to mitigate his damages.

### Third Affirmative Defense

Jie's Crossclaim is barred, in whole or in part, because Plaintiffs' injuries, if any, are the proximate result of Defendant Jie negligence.

### Fourth Affirmative Defense

Plaintiffs and Jie were comparatively negligent about the matters alleged in the Second Amended Complaint and said negligence was the proximate or legal cause of Plaintiffs' and the Defendant Jie's injuries, if any.

### DEMAND FOR TRIAL BY JURY

Defendant Singularity hereby demands a trial by jury as to all issues so triable.

**WHEREFORE**, Defendant Singularity respectfully request that all relief requested in Jie's Crossclaim be denied in its entirety.

DATED:        January 21, 2025
              Miami, Florida

                                        Respectfully Submitted,


                                        */s/ Mark David Hunter*
                                        Mark David Hunter, Esquire
                                        New York Bar No. 4017331
                                        Jenny Johnson-Sardella, Esquire
                                        New York Bar No. 4225850
                                        Hunter Taubman Fischer & Li LLC
                                        848 Brickell Avenue, Suite 200
                                        Miami, Florida 33131
                                        Tel:   (305) 629-1180
                                        Fax:  (305) 629-8099
                                        Email:  mhunter@htflawyers.com
                                                jsardella@htflawyers.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing electronically.

/s/ *Mark David Hunter*
Mark David Hunter