**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEN GAO, CONGLI HUO, RUIBIN WANG, LUXIAO XU, Individually and on behalf of all others similarly situated, | Case No: 1:22-cv-07499-BMC |
| Plaintiff, | **STIPULATION AND FEDERAL RULE OF EVIDENCE 502(d) ORDER** |
| v. | |
| SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, LEI NIE, JOHN LEVY, THOR MINER, INC., and GOLDEN MAINLAND, INC., | |
| Defendants. | |

In the course of this litigation, the Parties anticipate that it will be necessary to exchange materials containing confidential, private, and/or proprietary information. To facilitate the exchange of such information and avoid delay, the Parties, by and through the undersigned counsel, hereby stipulate to, and request that this Court enter, the following order pursuant to Federal Rule of Evidence ("FRE") 502(d).

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored FRE 502(d) order governing the pretrial phase of this action,

IT IS HEREBY ORDERED as follows:

1. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all

other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation as well as testimony adduced at trial or during any hearing (collectively "Information").

2. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other Information, whether inadvertent or otherwise, is not a waiver of any privilege or protection, including attorney-client privilege and the work product doctrine, from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

3. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other Information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

SO STIPULATED AND AGREED:

**BERGER MONTAGUE PC**

*/s/ Michael Dell'Angelo*
Michael Dell'Angelo (*pro hac vice*)
Alex B. Heller (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email:  mdellangelo@bm.net
           aheller@bm.net

*Lead Counsel for Lead Plaintiffs*

**HUNTER TAUBMAN FISCHER & LI LLC**

*/s/ Jenny Johnson-Sardella*
Mark David Hunter, Esquire
New York Bar No. 4017331
Jenny Johnson-Sardella, Esquire
New York Bar No. 4225850
848 Brickell Avenue, Suite 200
Miami, FL 33131
Tel:   (305) 629-1180
Fax:  (305) 629-8099
Email:mhunter@htflawyers.com
           jsardella@htflawyers.com

*Counsel for Defendant Singularity*
*Future Technology Ltd.*

**KIRBY McINERNEY LLP**
Ira M. Press
Sarah Flohr
250 Park Avenue, Suite 820

New York, NY 10177
Telephone: (212) 371-6600
Email: ipress@kmllp.com
     sflohr@kmllp.com

*Local Counsel for Lead Plaintiffs*

**BECKER NEW YORK, P.C.**

*/s/ Samantha Lesser*
James J. Mahon, Esquire
Samantha Lesser, Esquire
45 Broadway, 17th Floor
New York, NY 10006
Tel: (212) 599-3322
Email: jmahon@beckerlawyers.com
     salesser@beckerlawyers.com

*Counsel for Defendant Yang Jie*


IT IS SO ORDERED.


DATED: _____

THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT COURT JUDGE