# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SEN GAO, CONGLI HUO, RUIBIN WANG, LUXIAO XU, Individually and on behalf of all others similarly situated, | Case No: 1:22-cv-07499-BMC |
| Plaintiff, | ~~[PROPOSED]~~ **PROTECTIVE ORDER** |
| v. |  |
| SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, LEI NIE, JOHN LEVY, THOR MINER, INC., and GOLDEN MAINLAND, INC., |  |
| Defendants. |  |

Lead Plaintiffs Sen Gao, Congli Huo, Ruibin Wang, and Luxiao Xu ("Plaintiffs") and Defendants Singularity Future Technology, Ltd. (f/k/a Sinoglobal Shipping America Ltd.) and Yang Jie (collectively, "Defendants," and together with Plaintiffs, the "Parties") agree that it will likely be necessary during discovery to disclose certain confidential information relating to the subject matter of this action.

The Parties agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the Parties' request, they assert that protection of the identified categories of confidential information is necessary to protect the Parties from disclosure of potentially personal, medical, proprietary, competitive, and/or otherwise legally protected information.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the Parties' [Proposed] Protective Order:

1. **Scope.** All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), regardless of the medium or manner generated, stored or maintained, are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the Producing Party[1] designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the Disclosing Party[2] or Non-Parties.[3]  For purposes of this Order, the Parties will limit their designation of "Confidential Information" to the non-public information related to the following categories of information or documents:

(a)      financial information not otherwise disclosed to the public;

(b)      proprietary information, including, but not limited to, business plans, personnel-related information, product development, research information, marketing plans, commercial information or trade secrets not otherwise disclosed to the public;

(c)      any information of a personal or intimate nature regarding any individual;

(d)      any information entitled to confidential treatment under the Federal Rules of Civil Procedure or other applicable laws or regulations, including information that is subject to U.S. or foreign privacy, data protection, or secrecy laws; or

(e)      any other category of information hereinafter given confidential status by the Court.

Information or documents that are available to the public may not be designated as Confidential Information.

---

[1] "Producing Party" means a Party or Non-Party that produces any Discovery Material in this Action.

[2] "Designating Party" means a Party or Non-Party who designates any Discovery Material as Confidential in connection with this Action.

[3] "Non-Party" means a person or entity that is not a Party to this Action.

3.      **Form and Timing of Designation.**  The Designating Party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the document's legibility.  In the event that any documents are produced in native format, the Designating Party shall include the legend "Confidential" in the file name of the document or on a placeholder document produced in conjunction with the native file that states the Bates number of the document and that the document is being produced in native format.  In such cases where the marking of each piece of discovery material as "Confidential" is impractical or impossible, the Designating Party shall designate in writing the discovery materials that it regards as containing Confidential Information at the time the Designating Party produces those discovery materials.

As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  By marking a designated document as confidential, the designating attorney certifies that the document contains Confidential Information.

4.      **Inadvertent Failure to Designate.**  Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise

- 3 -

valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten (10) days after discovering the inadvertent failure.

5.    **Depositions.**  Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within ten (10) days after receipt of the final deposition transcript.  Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6.    **Protection of Confidential Material**.

(a)    **General Protections.**  Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the Parties to this litigation.

(b)    **Who May View Designated Confidential Information.**  Except with the Designating Party's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:

(1)    The Parties, including their employees, agents, and representatives;

(2)    Counsel for the Parties and their employees and agents;

(3)    The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)    Court reporters, recorders, and videographers engaged for depositions;

(5)    Any mediator appointed by the court or jointly selected by the Parties;

(6)    Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)    Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or

- 4 -

explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A or if a document is introduced during a deposition;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the Producing Party and on such conditions as the Parties may agree.

**(c)     Control of Documents.**  The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information.  Counsel for the Parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the Attachment A forms signed by those persons acknowledging their obligations under this Order.

7.     **Filing Confidential Information.**   A Party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document after coming to an agreement regarding redacting the Confidential Information with the Designating Party; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with the Local Rules of the United States District Court for the Eastern District of New York ("Local Rules") and the Honorable Judge Cogan's Individual Practices. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  Merely designating information as "Confidential" pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court filings.  The Parties understand that the confidential documents may be filed under seal only with the court's permission after proper motion.  If the motion is granted and the requesting

Party is permitted to file the confidential documents under seal, only counsel of record and Parties will have access to the sealed documents.

8.     **Challenging a Confidential Designation.**    Any Party may challenge the designation of any material or document as Confidential Information.  Before filing any motion[4] or objection to a confidential designation, though, the Objecting Party[5] must meet and confer in good faith to resolve the objection informally without judicial intervention.  A Party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge, but must first request a pre-motion conference as required by Local Rule 37.2.   The burden of proving the necessity of a confidentiality designation remains with the Designating Party.  Until the court rules on the challenge, all Parties must continue to treat the materials as Confidential Information.

9.     **Using Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.   A Party that intends to present or anticipates that another Party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

---

[4] Nothing in this section is meant to obviate the need to follow the Individual Practices of Judge Brian M. Cogan Rule III.B.

[5] "Objecting Party" means a Party or non-party that challenges the designation of discovery material as "Confidential," or challenges a failure to so designate.

10.    **Obligations on Conclusion of Litigation.**

(a)    **Order Remains in Effect.**    Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)    **Destroying or Returning Confidential Documents.**    Within sixty (60) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all persons having received documents designated as containing Confidential Information shall make commercially reasonable efforts to identify and destroy all such documents, including all copies thereof and information derived therefrom, or return such materials to counsel for the producing party.    In either event, on or before the sixty-day deadline, the receiving party shall certify its return or destruction of all Confidential Information by submitting a written certification to the producing party that affirms, to the best of the receiving party's knowledge after undertaking commercially reasonable efforts, that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information.

(c)    **Retaining Work Product.**    Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.    This work product will continue to be confidential under this Order.    An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

11.    **Modification.**    This Order may be modified by the court on its own or on motion of any Party or any other person with standing concerning the subject matter.    The Order must not,

- 7 -

however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

12. **Enforcement.** Even after the final disposition of this case, a Party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

13. **No Prior Judicial Determination.** This Order is entered based on the Parties' representations and agreements for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

14. **Persons Bound.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

15. **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

16. **Protections Extended to Third-Party's Confidential Information.** The Parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

17. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** A Receiving Party[6] that is served with a subpoena, or an order issued in other litigation

---

[6] "Receiving Party" means a Party that receives any Discovery Material from a Producing Party in this Action

that would compel disclosure of Confidential Information must so notify the Designating Party, in writing, immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The Designating Party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. The obligations in this paragraph remain in effect while the party has Confidential Information in its possession, custody, or control.

18. **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a Party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.

19.     Any party receiving any such information or document must return, sequester, or destroy it upon request to the producing party.  Upon receiving such a request as to specific information or documents, the Receiving Party must return, sequester, or destroy the information or documents to the producing party within ten (10) days, regardless of whether the Receiving Party agrees with the claim of privilege and/or work-product protection or asserts an objection as set forth below.  Within 10 days after receipt of a request to return, sequester, or destroy material designated as privileged, the Designating Party shall produce a privilege log with respect to the material.  In the event the Receiving Party asserts an objection to the request, then within 10 days of the receipt of such an objection, the Receiving Party and the Designating Party must meet and confer in an effort to resolve any disagreement regarding the designation of the material as privileged or protected.

20.     If the parties cannot resolve their disagreement, the parties shall within 10 days submit their dispute to the Court pursuant to Individual Practices of Judge Brian M. Cogan Rule III.B. Designating Party may present the information to the Court in camera for a determination of the Designating Party's claim of privilege.  The Designating Party has the burden of showing that the material at issue is privileged or protected.  If the Designating Party does not seek a determination by the Court, pursuant to Individual Practices of Judge Brian M. Cogan Rule III.B, regarding the material within 10 days following the failure of the parties' meet and confer efforts, the material in question will no longer be deemed privileged.  Disclosure of the information or document by the Receiving Party prior to such later designation will not be deemed a violation of this Order.

21.     Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum

protection provided by said rule, nothing in this Order limits a Party's right to review documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

     IT IS SO ORDERED.

DATED: _____February 24, 2025_____      _____*Brian M. Cogan*_____

                                                    THE HONORABLE BRIAN M. COGAN
                                                    UNITED STATES DISTRICT COURT JUDGE

Dated: February 24, 2025

| | |
|---|---|
| **BERGER MONTAGUE PC** | **HUNTER TAUBMAN FISCHER & LI LLC** |
| /s/ *Michael Dell'Angelo* | /s/ *Jenny Johnson-Sardella* |
| Michael Dell'Angelo (*pro hac vice*) | Mark David Hunter, Esquire |
| Alex B. Heller (*pro hac vice*) | New York Bar No. 4017331 |
| 1818 Market Street, Suite 3600 | Jenny Johnson-Sardella, Esquire |
| Philadelphia, PA 19103 | New York Bar No. 4225850 |
| Tel: (215) 875-3000 | 848 Brickell Avenue, Suite 200 |
| Email: mdellangelo@bm.net | Miami, FL 33131 |
|        aheller@bm.net | Tel:  (305) 629-1180 |
| | Fax:  (305) 629-8099 |
| *Lead Counsel for Lead Plaintiffs* | Email:mhunter@htflawyers.com |
| |        jsardella@htflawyers.com |
| **KIRBY McINERNEY LLP** | |
| Ira M. Press | *Counsel for Defendant Singularity* |
| Sarah Flohr | *Future Technology Ltd.* |
| 250 Park Avenue, Suite 820 | |
| New York, NY 10177 | **BECKER NEW YORK, P.C.** |
| Telephone: (212) 371-6600 | |
| Email: ipress@kmllp.com | /s/ *Samantha Lesser* |
|       sflohr@kmllp.com | James J. Mahon |
| | Samantha Lesser |
| *Local Counsel for Lead Plaintiffs* | 45 Broadway, 17th Floor |
| | New York, NY 10006 |
| | Tel: (212) 599-3322 |
| | Email: jmahon@beckerlawyers.com |
| |       salesser@beckerlawyers.com |
| | |
| | *Counsel for Defendant Yang Jie* |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEN GAO, CONGLI HUO, RUIBIN WANG, LUXIAO XU, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, LEI NIE, JOHN LEVY, THOR MINER, INC., and GOLDEN MAINLAND, INC.,<br><br>Defendants. | Case No. 1:22-cv-07499-BMC<br><br>CLASS ACTION |

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she/they has read the Protective Order attached hereto and dated February 24, 2025 in the above-captioned case, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of New York in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

- 1 -

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name:                      _____

Job Title:                 _____

Employer:                  _____

Business Address:          _____

                           _____

Email:                     _____


Date:  _____      _____
                                          Signature