

## HUNTER TAUBMAN FISCHER & LI LLC

NEW YORK     WASHINGTON, D.C.     MIAMI

JENNY JOHNSON-SARDELLA, ESQ.                                    E-MAIL: JSARDELLA@HTFLAWYERS.COM
(ADMITTED CA, NY, FL AND DC)

April 28, 2025

**VIA CM/ECF**

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        **Re:**    *Sen Gao, et al. v. Singularity Future Technology Ltd.,*
               **Case No. 1:22-cv-07499-BMC**

Dear Honorable Judge Cogan:

Defendant Singularity Future Technology Ltd. ("Singularity") and the Lead Plaintiffs, by and through their respective undersigned counsel, submit this joint letter in accordance with Rule III. B. 1. of Your Honor's *Individual Practices*. For the reasons set forth below, Singularity and Lead Plaintiffs respectfully submit this letter in advance of Singularity filing a motion for a protective order with respect to the following discovery dispute.

Lead Plaintiffs have noticed Singularity's deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). At Singularity's request, the deposition is scheduled for May 23, 2025. *See* attachment A, *Third Amended Notice of Deposition of the Designated Representative of Defendant Singularity Future Technology, Ltd. Pursuant to Federal Rule of Civil Procedure 30(b)(6)*. After several hours of discussions (detailed below) concerning disagreements about the scope of the topics of the deposition, Singularity and Lead Plaintiffs have narrowed their dispute to two topics.

The first disputed topic concerns the criminal history of Singularity's co-defendant Yang Jie, Singularity's former Chief Executive Officer. Lead Plaintiffs seek to question Singularity concerning:

57.    Jie's criminal history, including but not limited to whether You were aware, prior to publication of the Hindenburg Report and Peabody Report, of any criminal charges, investigations, or allegations against Jie.

The second disputed topic similarly concerns defendant Yang Jie:

Honorable Brian M. Cogan
April 28, 2025
Page 2 of 6

59.     The legal claims Jie asserted against Singularity, and the settlement of those claims, as disclosed in Your Form 8-K filed with the SEC on July 2, 2023.

**<u>Defendants' Arguments</u>**

Singularity objects to the above disputed topics on the grounds that they: (A) do not pertain to information that is relevant to the claims or defenses in this matter, as such claims exist after this Court's December 17, 2024, order on Defendant Singularity's Motion to Dismiss ("Motion to Dismiss Order"); and (B) do not pertain to information that is proportional to the needs of the case. This Court, in its Motion to Dismiss Order specifically held that "[P]laintiffs do not identify any positive law, like an SEC line item, requiring [Singularity] to disclose Jie's allegedly criminal background, and no statement about Jie was rendered misleading by [D]efendants' nondisclosure . . . Nowhere does Singularity represent that Jie had a clean record, and Singularity did not selectively omit Jie's experience at CCC."  This Court specifically held that only "[(1)] statements related to the Golden Mainland joint venture, and [(2)] statements related to the Rich Trading investment" "rise to an actionable Section 10(b) claim." ECF No. 79 at 6.

This Court has the discretion to limit discovery or issue a protective order if necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see, e.g., Fung-Schwartz v. Cerner Corp.,* No. 17-CV-233, 2020 WL 5253224, at *1 (S.D.N.Y. Sept. 2, 2020). When evaluating a Rule 30(b)(6) notice of deposition, the Court may consider whether the topics are "proportional to the needs of the case, not unduly burdensome or duplicative, and describe with 'reasonable particularity.'" *Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14-CV-09371 (KPF) (SN), 2017 WL 9400671, at *1 (S.D.N.Y. Apr. 27, 2017) (citation omitted) *see, e.g., Kemp v. CSX Transportation,* No. 19-CV-612, 2020 WL 8461515, at *1 (N.D.N.Y. Oct. 23, 2020) ("As with other forms of discovery, a Rule 30(b)(6) deposition notice is subject to the limitations under Federal Rule 26 - deposition topics should be proportional to the needs of the case, not unduly burdensome or duplicative, and described with 'reasonable particularity.'") (citation omitted).  "Where the topics are vaguely worded, <u>seek irrelevant information</u>, or are so overly broad as to make it impossible for the responding party to prepare its witness, courts may strike the topics." *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, No. 19 CV 226 (ILG) (CLP), 2022 WL 2702378, at *2 (E.D.N.Y. Feb. 11, 2022) (citing *Fung-Schwartz v. Cerner Corp.*, 2020 WL 5253224, at *2-4) (finding topics overbroad, disproportional to the needs of the case, and lacking the necessary particularity required to prepare the 30(b)(6) witness) (emphasis added); *Izzo v. Wal-Mart Stores, Inc.*, No. 15 CV 01142, 2016 WL 409694, at *3 (D. Nev. Feb. 2, 2016) (granting protective order where topics were overbroad and sought irrelevant information).

Here, as noted above, Defendant Yang Jie's criminal history is irrelevant to the remaining claims at issue in this case, particularly since this Court has already held that "Singularity's failure to disclose [Defendant Jie's] alleged criminal history cannot support a claim of securities fraud." ECF No. 79 at 9.  Additionally, although Plaintiffs' Notice Topic 59 appears to seek an inquiry into legal claims Jie asserted against Singularity, and the settlement of those claims, the above referenced Form 8-K, which was filed with the SEC on July 3, 2023 (not July 2, 2023),

solely pertains to Jie's irrelevant criminal history.  As such, Singularity respectfully requests that this Court enter a protective order precluding inquiry into Plaintiffs' Notice Topics 57 and 59.

### Lead Plaintiffs' Arguments

Singularity mistakenly contends that the Court's dismissal of a claim based on misrepresentations and omissions concerning Jie's criminal history precludes all discovery concerning Jie's criminal history. Lead Plaintiffs seek testimony from Singularity that may be probative of defendant Jie's credibility and what, if anything, Singularity knew about Jie's alleged criminal history, and when. Jie's credibility is highly relevant to this litigation and well within the proper scope of examination under Federal Rule of Civil Procedure 26(b)(1).

Jie, as Singularity's Chief Executive Officer, signed Singularity's SEC filings and issued public statements to the investing community concerning two sham transactions: (1) Singularity's joint venture with Golden Mainland to provide massive volumes of electricity to support crypto mining; and (2) Singularity's investment in Rich Trading, a purported computer equipment seller, which Singularity did not disclose was controlled by a related party, the husband of Singularity's Chief Financial Officer.

Jie's truthfulness and whether he lied to Singularity about his past is relevant and discoverable. "Inquiries concerning a witness['s] credibility are relevant and thus reasonably calculated to lead to the discovery of admissible evidence, even if the information sought is not directly related to the subject of the underlying litigation." *Gunning v. New York State Just. Ctr. for Prot. of People With Special Needs*, No. 19-cv-01446, 2022 WL 783226, at *11 (N.D.N.Y. Mar. 15, 2022) (internal citation omitted, parenthetical).

The Court's dismissal of a *claim* based on Singularity's failure to disclose Jie's criminal history is not dispositive of relevance or discoverability. Federal Rule of Civil Procedure 26(b)(1) governs the scope and limits of discovery. The Advisory Committee Notes (2000 Amendment) for the rule state explicitly that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action," and that "information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses, might be properly discoverable." *See also Upton v. McKerrow*, No. 94-cv-00353, 1996 WL 193807, at *3-4 (N.D. Ga. Feb. 20, 1996) ("Although the documents may relate to alleged misstatements that the Court has held are not actionable, this does not mean that they are 'completely irrelevant' to the claims remaining in this action. The Court finds that all the documents sought could contain, or could lead to the discovery of, information directly relating to issues remaining in the case.").

The Court implicitly acknowledged in its ruling on defendants' motions to dismiss that defendant Jie's *scienter* is a central issue in the case. *See* ECF No. 79 at *7-8 (discussing the scienter requirement and its application to this case). The Court recognized that a fact finder must decide whether "Jie was, at the very least, grossly reckless in representing that [Golden Mainland] a six-month-old company with almost no infrastructure owned the resource rights to power 5% of all American homes." *Id.* at *7. The Court similarly recognized that "the most cogent and compelling conclusion is that Jie either knew, or had easy access to information

revealing, that Rich Trading did not in fact operate as a computer-equipment dealer and that the investment was a related-party transaction." *Id.*

The Court also explained the relationship between Jie's scienter and that of Singularity: "By virtue of establishing Jie's scienter, the amended complaint also establishes corporate scienter for Singularity." *Id.* at *8. The Court continued "Jie was undoubtably acting in his official capacity as an agent of Singularity when he was signing SEC filings and making public announcements on behalf of the company." *Id.* Whether Jie had a criminal history and what Singularity knew about it and when goes directly to these issues.

Defendant Jie's credibility is particularly relevant in this case. As set forth in the Second Amended Complaint, serious questions about Jie's educational background and alleged criminal history pervade his time at Singularity and appear to be among the reasons Singularity terminated him. *See* ECF No. 58 at ¶¶ 49-95 (describing the extensive history of allegations and litigation concerning Jie's alleged criminal history). Singularity is a proper source – and possibly the only source – for information relevant to defendant Jie's credibility. In response to an interrogatory, Jie flatly denied any criminal history. In response to document requests concerning his criminal history, Jie has provided no documents, notwithstanding a report from Chinese police reflecting a significant criminal investigation concerning Jie. Similarly, Singularity produced no documents concerning its own investigation of Jie's criminal history and educational background. (Singularity denies having any documents responsive to more than 40 of Lead Plaintiffs' requests for documents.) Accordingly, a Rule 30(b)(6) deposition may be the only evidence from Singularity relating to these disputed issues.

Testimony bearing on Jie's credibility is relevant to the claims in this case under Federal Rule of Evidence 401. Jie's criminal history, including how and when Jie disclosed that history to Singularity, also is potentially admissible under Federal Rule of Evidence 404(b)(2). Testimony concerning Jie's background – and his efforts to conceal or misrepresent his background – reflects his character and character traits and may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident. Plainly, information about Jie's criminal history is within the scope of discovery in this case.

Singularity's contention that a potential witness's criminal history is not discoverable is hollow considering Singularity's discovery efforts. Singularity served document requests upon Lead Plaintiffs demanding production of "[a]ll Documents concerning any criminal charges, convictions, or criminal investigations involving You, including arrest records, court documents, sentencing records, and related correspondence." Lead Plaintiffs responded to Singularity's requests by stating no documents exist for any of the Lead Plaintiffs.

Lead Plaintiffs also dispute Singularity's objection based on proportionality. As described above, defendant Jie's criminal history is not peripheral to a jury's consideration of Lead Plaintiffs' claims. Moreover, Singularity provides (neither in its objections nor in this letter) any information supporting its argument that inquiry into Jie's criminal history would be unduly burdensome of otherwise disproportionate to the needs of this case. On the contrary, Singularity's knowledge about Jie's criminal background, and when and how Jie disclosed that

information, or whether he disputed the information when it became known from other sources, will not require significant effort by Singularity in the context of the Rule 30(b)(6) deposition and may lead to valuable evidence for a fact finder to reach a proper conclusion about the core issues in this case.

Finally, Lead Plaintiffs' inquiry into Jie's separation from Singularity and the resulting assertion of legal claims and settlement between Singularity and Jie is discoverable. Singularity suspended Jie on August 8, 2022, and separated him from employment on August 9, 2022. The suspension followed an investigation into allegations that Jie "was a fugitive on the run from the Chinese authorities" and that Chinese officials had issued a Red Notice with respect to Jie, which is a "request to law enforcement worldwide to locate and provisionally arrest a person pending extradition, surrender, or similar legal action." ECF No. 58 at ¶ 75 (Second Amended Complaint, quoting Singularity's SEC Form 8-K filed on or about July 3, 2022).

A year later, on July 3, 2023, Singularity filed another SEC Form 8-K in which it stated that Singularity's Special Committee investigating Jie "raised questions regarding the authenticity" of exculpatory documents provided by Jie to the Special Committee. Singularity's own Form 8-K states that Singularity had entered into a settlement agreement and release with Jie, which fully resolved Jie's claims against Singularity. Inquiry into these issues may reveal facts concerning Jie's background, Jie's credibility, and the true reasons for his separation from Singularity – all of which are discoverable.

### Defendant's Brief Rebuttal Argument

Lead Plaintiffs argue that they "seek testimony from Singularity that may be probative of defendant Jie's credibility and what, if anything Singularity knew about Jie's alleged criminal history and when."  As noted above, this Court has dismissed any claims regarding Defendant Jie's alleged criminal history and this Court held that "Singularity's failure to disclose [Defendant Jie's] alleged criminal history [does not] support a claim of securities fraud." "[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken...., unless the information sought is otherwise relevant to issues in the case." *Upton v. McKerrow*, No. CIV.A.1:94-CV-353MHS, 1996 WL 193807, at *3 (N.D. Ga. Feb. 20, 1996) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978)).

Although credibility is within the proper scope of examination under Federal Rule of Civil Procedure 26(b)(1), Lead Plaintiffs have not established that evidence of Jie's credibility should be sought from Singularity's Rule 30(b)(6) witness.  Unlike the cases cited by Lead Plaintiffs, Singularity's generally knowledge of Defendant Jie's alleged criminal history does not go to Defendant Jie's credibility because Lead Plaintiffs' Notice Topics do not narrowly address whether Defendant Jie lied to Singularity regarding his alleged criminal history.  They instead seek a broad inquiry into Singularity's knowledge of Jie's criminal history, regardless of whether it was learned through Jie.  Specifically, Notice Topic 57 seeks Singularity's knowledge of Jie alleged criminal history, including but not limited to all alleged charges, investigations, convictions, and allegations—not solely whether Singularity was aware of such matters.  "Rule 30(b)(6) does not require the organization to be pressed into the role of a private investigator for the plaintiff." *Harger Da Silva v. New York City Transit Auth.*, No. 17CIV4550FBVMS, 2023

Honorable Brian M. Cogan<br>
April 28, 2025<br>
Page 6 of 6

WL 8096925, at *4 (E.D.N.Y. Nov. 20, 2023) (quoting *TL Constr. Mgmt., LLC v. City of Green Bay*, No. 19-C-1077, 2020 WL 7698374, at *2 (E.D. Wis. Dec. 28, 2020)) (granting motion to quash Rule 30(b)(6) deposition where the plaintiff "had ample opportunity to obtain the information through discovery in the action").

### **Meet and Confer Requirement**

The Parties, through their undersigned counsel, have met and conferred on several occasions, including on the following dates and times, regarding the above issues:

March 18, 2025-approximately two-hour Video Conference with Counsel for Plaintiffs – Joel Sweet and Jon J. Lambiras, and Counsel for Defendant Singularity Future Technology Ltd. – Mark David Hunter and Jenny Johnson-Sardella.

April 8, 2025-aproximately 30-minute Video Conference with Counsel for Plaintiffs – Joel Sweet and Jon J. Lambiras, and Counsel for Defendant Singularity Future Technology Ltd. – Mark David Hunter and Jenny Johnson-Sardella.

Based on the foregoing, Singularity and Lead Plaintiffs respectfully request a telephone conference or pre-motion discovery conference with Your Honor to discuss the dispute set forth herein.

BERGER MONTAGUE PC

Dated:  April 28, 2025

By: */s/ Michael Dell'Angelo*
  Michael Dell'Angelo, Esquire
  Joel Sweet, Esquire
  Jon J. Lambiras, Esquire
  1818 Market Street, Suite 3600
  Philadelphia, PA 19103
  Tel: (215) 875-3000
  Email: mdellangelo@bm.net
      jsweet@bm.net
      jlambiras@bm.net

*Attorneys for Plaintiffs Sen Gao, Congli Huo, Ruibin Wang, Luxiao Xiu, Individually and on behalf of All others similarly situated.*

HUNTER TAUBMAN FISCHER & LI LLC

Dated:  April 28, 2025

By: */s/ Jenny Johnson-Sardella*
  Mark David Hunter, Esquire
  Jenny Johnson-Sardella, Esquire
  848 Brickell Avenue, Suite 200
  Coral Gables, Florida 33134
  Tel: (305) 629-1180
  Email: mhunter@htflawyers.com
      jsardella@htflawyers.com

*Attorneys for Defendant Singularity Future Technology, Ltd.*