UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                          :

PIERO CRIVELLARO, *et al.*,            :

                                     :   **ORDER**

                      Plaintiffs,      :

                                       :   22-cv-07499 (BMC)

            - against -               :

                                       :

                                       :

SINGULARITY FUTURE TECHNOLOGY   :
LTD., *et al.*,                           :

                                       :

                    Defendants.    :
------------------------------------------------------------- X

**COGAN**, District Judge.

      The parties have raised a discovery dispute concerning the order, timing, and subject matter of party depositions. Defendant Jie's position is ridiculous. If anything like it is asserted again, he and his attorneys should expect thousands of dollars in sanctions.

      The first component of the proposed protective order – that Jie's deposition take place after the lead plaintiffs' depositions – has no basis in law or fact. The Federal Rules do not require that depositions take place in the order they were noticed. Indeed, the district court case on which Jie primarily relies even recognizes that such a rule "was abolished in 1970 with the promulgation of Federal Rule of Civil Procedure 26(d)." Guidehouse LLP v. Shah, No. 19-cv-09470, 2020 WL 13927593, at *2 (S.D.N.Y. Oct. 27, 2020). Now, "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). The Court sees no compelling reason for any of the party depositions to be taken before the others. Jie might have served his notice first, but plaintiffs were the first to email about scheduling a deposition.

Jie's attorneys claim that they are unavailable on the noticed date of Jie's deposition, June 6, 2025, because they will be at a firm retreat, and they claim that "[d]ue to other case conflicts and planned summer travel, the undersigned attorneys are also largely unavailable until mid-July; Mr. Jie is available to sit for depositions from July 24 to 31." The Court is wholly unsympathetic. It is inexcusable for counsel to assert that Jie cannot be deposed until the week before the close of fact discovery. The Court entered its scheduling order nearly six months ago, and it afforded to the parties an unusually protracted period of fact discovery precisely to avoid situations like this. Defense counsel had plenty of time to schedule depositions, especially one as important as Jie's, around "case conflicts" and "planned summer travel." Neither is the type of emergency that justifies modifying a case management plan.

The parties are accordingly ordered to schedule Jie's deposition on or before June 27, 2025. If defense counsel has to miss their retreat, that's too bad.

Jie's second request is just as absurd. He asks that the Court limit his "deposition testimony to class certification issues." In support of this extraordinary request, he merely points out that courts have discretion to stay merits discovery pending class certification and then concludes that, "in the interests of conserving costs, promoting efficiency and fairness, and to prevent an undue burden on Jie," the Court should stay merits discovery here.

Tellingly, Jie does not explain why bifurcating discovery would conserve costs, promote efficiency and fairness, or prevent some undue burden. Each consideration points in the opposite direction. Jie suggests bifurcation because some of the plaintiffs are in China and may not show up for their depositions. If they don't meet their discovery obligations, they will be the ones who get sanctioned.

2

Defendants had no problem conducting discovery on both merits and class-certification issues for the first five months of the six-month discovery period.  The Court sees no reason why it should now bifurcate discovery at the eleventh hour.  Nor is there any conceivable explanation for why bifurcation should be limited only to Jie's deposition.  Doing so would lead to costly duplicative merits discovery, would be inefficient, would be unfair to plaintiffs, and would impose an undue burden on all other parties.  Jie's deposition shall be taken promptly, and it shall cover all the issues in this case.

**SO ORDERED.**

*Brian M. Cogan*

—————————————————————
U.S.D.J.

Dated: Brooklyn, New York
        May 29, 2025