# H | T | F | L

## HUNTER TAUBMAN FISCHER & LI LLC

NEW YORK     WASHINGTON, D.C.     MIAMI

MARK DAVD HUNTER, ESQ.                                      E-MAIL: MHUNTER@HTFLAWYERS.COM
(ADMITTED NY, FL AND DC)

June 27, 2025

**<u>Via CM/ECF</u>**

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** ***Sen Gao, et al. v. Singularity Future Technology Ltd.***
> **Case No. 1:22-cv-07499-BMC**

Dear Judge Cogan:

Our office represents Defendant Singularity Future Technology, Ltd. ("Singularity"). Pursuant to Rule III(C)(2) of Your Honor's *Individual Practices*, Singularity responds to Lead Plaintiffs Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo's ("Lead Plaintiffs") pre-motion letter, dated June 25, 2025 (Docket Entry (D.E.) 111) ("Lead Plaintiffs' Letter").

## PRELIMINARY STATEMENT

In Lead Plaintiffs' Letter, Lead Plaintiffs have requested this Court to approve Citibank N.A. ("Citibank") as Escrow Agent in connection with the settlement in this matter, **before Lead Plaintiffs and Citibank even have an operative Escrow Agreement in place that would govern Citibank's activities as Escrow Agent**. To support their premature request, Lead Plaintiffs have made knowing misstatements to this Court regarding Singularity's participation in editing the draft Escrow Agreement being circulated between Lead Plaintiffs and Singularity.

## THE SETTLEMENT TERM SHEET

As set forth in Lead Plaintiffs' Letter, Singularity and Lead Plaintiffs executed a Settlement Term Sheet ("Term Sheet"). The Term Sheet requires that both settlement amounts "be paid into an interest-bearing escrow accounts established for the settlement controlled by the Escrow Agent, <u>subject to the authority of the Court</u>, within fourteen (14) calendar days after the later of: (i) the Parties' full execution of this Term Sheet, or (ii) Defendants having received the information

necessary to effectuate a transfer of funds to the escrow accounts, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited." Settlement Term Sheet at § 3(b) (emphasis added). Section 7 of the Term Sheet further notes that the selection is "subject to Court approval." Singularity will provide a copy of the Term Sheet to the Court for review in this matter, if the Court would like to review the Term Sheet. Without Court approval of Citibank as Escrow Agent, no escrow account(s) can possibly exist.

## LEAD PLAINTIFFS FAIL TO EVEN HAVE AN ESCROW AGREEMENT IN PLACE WITH CITIBANK

While asking this Court to allow Lead Plaintiffs to file a motion seeking approval of Citibank as Escrow Agent in this matter, Lead Plaintiffs have conceded that they do not even have an operative Escrow Agreement in place with Citibank. *See* Lead Plaintiffs' Letter at 2 ("Lead Plaintiffs have provided Singularity with a proposed escrow agreement . . .") (emphasis added). Failing to even have an operative Escrow Agreement in place with Citibank, while asking this Court to approve Citibank as Escrow Agent, demonstrates the impracticality of Lead Plaintiffs' request.

## LEAD PLAINTIFFS' MISREPRESENTATIONS TO THIS COURT

In an attempt to unnaturally rush Singularity's settlement payments in connection with the settlement of this matter, Lead Plaintiffs have resorted to somewhat dishonest tactics. In Lead Plaintiffs' Letter, Lead Plaintiffs have alleged that Singularity has not provided any comments or edits to the draft Escrow Agreement that Lead Plaintiffs are preparing. *See* Lead Plaintiffs' Letter at 2 ("Nor has Singularity provided comments or edits to the Escrow Agreement."). One June 18, 2025, at 1:52 p.m. EST, the undersigned provided proposed edits to the draft Escrow Agreement. On June 23, 2025, at 5:33 a.m. EST, the undersigned provided further edits to the draft Escrow Agreement. Both emails contained requested edits in the bodies of the emails, and also attached the working draft of the Escrow Agreement. **If any doubt remains with the Court as to Lead Plaintiffs' conduct, Singularity will provide the email correspondence as a Notice of Filing or for the Court's review *in camera*, upon the Court's instruction to do so.**

## CONCLUSION

As Lead Plaintiffs concede, Lead Plaintiffs and Singularity are making progress in the settlement process in this matter. Upon preliminary approval of the settlement in this matter (which would be an appropriate and natural time for this Court to approve Citibank as Escrow Agent, assuming Lead Plaintiffs and Citibank have an operative Escrow Agreement in place by that time), Singularity will wire the settlement amounts within 14 days in a manner consistent

with the Term Sheet.  Lead Plaintiffs' attempt to prematurely seek approval of Citibank is a waste of the parties' and Court's resources.  Accordingly, Singularity respectfully requests that this Court: (1) deny Lead Plaintiffs' request for a pre-motion conference in this matter; (2) determine to simply address Citibank's appointment as Escrow Agent when the parties move for preliminary approval of the settlement in this matter; and (3) admonish Lead Plaintiffs for submitting knowingly and objectively false statements to the Court in Lead Plaintiffs' Letter.

Respectfully submitted,

*/s/ Mark David Hunter*
Mark David Hunter