## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| SEN GAO, CONGLI HUO, RUIBIN WANG, LUXIAO XU, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIAOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, LEI NIE, JOHN LEVY, THOR MINER, INC., and GOLDEN MAINLAND, INC.<br><br>Defendants. | Case No.: 1:22-cv-07499-BMC |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT, PRELIMINARILY CERTIFYING THE SETTLEMENT CLASS, APPOINTING SETTLEMENT CLASS COUNSEL, APPOINTING A CLAIMS ADMINISTRATOR AND ESCROW AGENT, APPROVING THE NOTICE PLAN, PRELIMINARILY APPROVING THE PLAN OF ALLOCATION, AND APPROVING THE PROPOSED <u>SCHEDULE FOR COMPLETING THE SETTLEMENT PROCESS</u>**

WHEREAS, Lead Plaintiffs Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo have moved for preliminary approval of the settlement (the "Settlement") reached with defendant Singularity Future Technology, Ltd. f/k/a Sino-Global Shipping America Ltd. ("Singularity") in the action *Gao v. Singularity Future Technology Ltd. et al.*, No. 1:22-cv-07499 (the "Action"), pursuant to Federal Rules of Civil Procedure 23(c)(2) and 23(e);

WHEREAS, on July 13, 2025, Lead Plaintiffs, both individually and on behalf of the Settlement Class (defined below), and Singularity entered into a settlement agreement (the "Settlement Agreement") setting forth the terms and conditions of their proposed Settlement and the release and dismissal with prejudice of Lead Plaintiffs' claims against Singularity;[1]

WHEREAS, on July 24, 2025, Lead Plaintiffs filed a Motion seeking an Order:

(i)     granting preliminary approval of the Settlement Agreement;

(ii)    preliminarily finding that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied for the Settlement Class;

(iii)   appointing Lead Plaintiffs as the Class Representatives for the Settlement Class under Federal Rule of Civil Procedure 23(g);

(iv)    appointing Berger Montague PC as Lead Counsel for the Settlement Class under Federal Rule of Civil Procedure 23(g);

(v)     authorizing dissemination of notice of the Settlement to the Settlement Class;

(vi)    preliminarily approving the proposed Plan of Allocation;

---

[1] The parties to the Settlement Agreement are Lead Plaintiffs and Singularity. In consideration for the payment by Singularity of the Cash Settlement Amount and the Settlement Shares, as well as the maintenance of the Escrow Component (as set forth in the Settlement Agreement), Lead Plaintiffs and the members of the Settlement Class are releasing claims as to other defendants, namely Yang Jie, Lei Cao, Zhikang Huang, Tuo Pan, Xiaohuan Huang, Jing Shan, Tieling Liu, Jing Wang, Lei Nie, and John Levy.

1

(vii)    appointing Simpluris, Inc. ("Simpluris") as Settlement Claims Administrator;

(viii)   appointing Citibank N.A. as Settlement Escrow Agent;

(ix)     approving the Escrow Agreement; and

(x)      setting a date for a final Fairness Hearing;

WHEREAS, Singularity consents to Lead Plaintiffs' Motion;

**NOW THEREFORE,** the Court being familiar with the record in this case, having reviewed the Settlement Agreement and supporting documents, and finding good cause to preliminarily approve the Settlement, **IT IS ORDERED THAT:**

## JURISDICTION

1.      This Court has jurisdiction to enter this Order as it has jurisdiction over the subject matter of this action and personal jurisdiction over Singularity, Lead Plaintiffs, and all members of the Settlement Class.

## THE SETTLEMENT CLASS

2.      The Court FINDS the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied for the below defined Settlement Class, including for settlement and judgment purposes.

3.      Pursuant to Federal Rules of Civil Procedure 23(e)(1)(B)(ii), the Court confirms that the Court will likely find that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for settlement and judgment purposes only. As to the requirements of Rule 23(a) for settlement purposes only, (i) the Settlement Class provisionally certified herein is comprised of thousands of investors such that joinder of all would be impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the Lead Plaintiffs' claims are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; and

(iv) the Lead Plaintiffs are adequate representatives of the Settlement Class. As to the requirements of Rule 23(b)(3) for settlement purposes only, questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member, and a class action on behalf of the Settlement Class is superior to other available means of settling and disposing of this dispute.

4.    The Settlement Class is defined as:

> All persons or entities who purchased or otherwise acquired Singularity securities between February 2, 2021, and February 24, 2023, inclusive (the "Class Period"), and were damaged thereby.

> Excluded from the Settlement Class are: (i) Singularity, including its current and former officers and directors; (ii) the Individual Defendant and members of his Immediate Family; (iii) the Group Defendants and members of their Immediate Families; (iv) the legal representatives, heirs, successors, or assigns of any and all of the foregoing; (v) any entity in which Singularity has or had a controlling interest; (vi) any trust of which the Individual Defendant and any Group Defendant is the settlor for or that is for the benefit of the Individual Defendant and any Group Defendant or their respective Immediate Families; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof.

> Also excluded from the Settlement Class are any persons and entities who or that validly exclude themselves by submitting a request for exclusion that is accepted by the Court.

5.    All members of the Settlement Class ("Class Members") who do not timely request to be excluded shall be bound by all determinations and judgments in the Action concerning the Settlement.

6.    The Court APPOINTS Lead Plaintiffs Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo as Class Representatives for the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(g).

7.    The Court APPOINTS Berger Montague PC as Lead Counsel for the Settlement

Class, pursuant to Federal Rule of Civil Procedure 23(g).

## **PRELIMINARY APPROVAL OF THE SETTLEMENT**

8.      Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), based on a "showing that the Court will likely (i) approve the proposal[s] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal[s]," the Court PRELIMINARILY APPROVES the Settlement, as embodied in the Settlement Agreement.

9.      The Court, being familiar with the record and having reviewed the settlement papers, FINDS the Settlement was entered into after more than three years of vigorous litigation. The Court FURTHER FINDS that Lead Plaintiffs and Singularity reached the Settlement only after extensive arm's length negotiations, including negotiations involving an experienced and highly qualified mediator. Accordingly, the Court further PRELIMINARILY FINDS the Settlement meets all factors under Rule 23(e)(2) and the Court will likely grant final approval, subject to further consideration at the Fairness Hearing. The Court PRELIMINARILY FINDS that the Settlement encompassed by the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class, raises no obvious reason to doubt its fairness, and raises a reasonable basis for presuming that the Settlement and its terms satisfy the requirements of Federal Rules of Civil Procedure 23(c)(2) and 23(e) and due process so that notice of the Settlement should be provided to the Settlement Class.

10.     The Court has reviewed and PRELIMINARILY APPROVES the Plan of Allocation.

11.     The Court APPOINTS Simpluris, Inc. as the Settlement Claims Administrator for the Settlement Class.

12.     The Court APPOINTS Citibank N.A. as the Escrow Agent for the Settlement.

13.     The Court APPROVES the Escrow Agreement;

14.     The Court APPROVES the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") (pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder) and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. In accordance with the Settlement Agreement, the Court AUTHORIZES Lead Counsel to withdraw funds from the QSF for the payment of reasonable costs of notice, payment of taxes, and settlement administration costs.

15.     All litigation activity against Singularity and the other defendants on behalf of Lead Plaintiffs and the Settlement Class is STAYED subject to further order of the Court. All hearings, deadlines, and other proceedings related to the Lead Plaintiffs' claims against Defendants, other than those incident to the settlement process, are STAYED subject to further order of the Court.

16.     In the event: (a) the Settlement fails to become effective in accordance with its terms; or (b) if an Order granting final approval to the Settlement and dismissing Lead Plaintiffs' claims against Defendants with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void.

17.     In the event the Settlement is terminated, not finally approved by the Court, or the Settlement otherwise does not become final pursuant to the terms of the Settlement, upon an application by Lead Plaintiffs, the litigation against Singularity and the other defendants shall resume in a reasonable manner as approved by the Court.

## APPROVAL OF THE NOTICE PLAN

18.    The Court APPROVES in form and substance Lead Plaintiffs' proposed notice plan, including the long-form notice, the short-form notice, and use of the Settlement website, as described herein. The Court FINDS that the proposed notice plan specified by Lead Plaintiffs and as supported by the Declaration of Jacob J. Kamenir of Simpluris, Inc., dated July 22, 2025 ("Kamenir Decl.") (hereinafter, the "Notice Plan"), is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the settlement of the Action (defined in the Settlement Agreement at ¶ 1(vv)) and of their right to participate in, opt out of, or object to the proposed Settlement; and (iii) reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing. The Court FURTHER FINDS that the notice plan fully satisfies the requirements of Federal Rule of Civil Procedure 23(e)(1) and due process and is a reasonable manner of distributing notice to Class Members who will be bound by the Settlement.

19.    Simpluris may modify the form and/or content of the targeted advertisements and banner notices as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications substantially comport with the notices attached to the Kamenir Declaration as Exhibits A, B, and C.

20.    Singularity shall provide notice of the Settlement to appropriate Federal and State officials as required by 28 U.S.C. § 1715 and as set forth in the Settlement Agreement.

## APPROVAL OF THE SCHEDULE

21.    Simpluris and the parties shall adhere to the following schedule:

   a.    No later than **14 days** after the date of this Order, Simpluris shall begin the process of providing notice to the Settlement Class in accordance with the Notice Plan.

6

b. No later than **45 days** prior to the Fairness Hearing, Lead Counsel shall file a motion in support of final approval of the Settlement and a motion for attorneys' fees, unreimbursed litigation costs and expenses, and service awards for the Class Representatives, pursuant to the terms of the Settlement Agreement.

c. No later than **14 days** prior to the Fairness Hearing, Class Members may submit a request to be excluded from the Settlement Class. All requests to be excluded from the Settlement Class must be in writing and provided to Simpluris, and include the following information: (1) the name of the case (*Gao, et al. v. Singularity Future Tech., Ltd., et al.*, Case No. 1:22-cv-07499 (E.D.N.Y.)); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of membership in the Settlement Class; and (4) a statement that the Class Member requests to be excluded from the Settlement Class. Furthermore, all requests for exclusion from the Settlement Class must be signed by the Class Member.

d. No later than **14 days** prior to the Fairness Hearing, Class Members may submit any objection to the proposed Settlement or to the proposed Plan of Allocation, or to the request for attorneys' fees, unreimbursed litigation costs and expenses, service awards to the Class Representatives, and/or any other aspect of the Settlement. All objections must be in writing and filed with the Court, with copies sent to Simpluris, and include the following information: (1) the name of the case (*Gao, et al. v. Singularity Future Tech., Ltd., et al.*, Case No. 1:22-cv-07499 (E.D.N.Y.)); (2) the individual's name and address and if represented by counsel, the name, address, and telephone number of counsel; (3) proof of membership in

the Settlement Class; (4) a statement detailing all objections to the Settlement; and (5) a statement of whether the individual will appear at the Fairness Hearing, either with or without counsel. Furthermore, all objections must be signed by the objecting Class Member.

e. No later than **5 days** prior to the Fairness Hearing, Lead Counsel shall file all reply briefs and materials in support of final approval of the Settlement and in support of the motion for attorneys' fees, unreimbursed litigation costs and expenses, and service awards for the Class Representatives.

f. A Fairness Hearing on final approval of the Settlement shall be held before this Court on December 17, 2025 at 10:00 am in Courtroom 10A South;

g. The Court may adjourn the Fairness Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may choose to hold the Settlement Hearing via telephone conference or video conference without further notice to the Settlement Class.

Dated:  Brooklyn, New York
        July 30, 2025

BY THE COURT:

*Brian M. Cogan*
_____
THE HONORABLE BRIAN M. COGAN
UNITED STATES DISTRICT COURT JUDGE

8