# H | T | F | L

## HUNTER TAUBMAN FISCHER & LI LLC

NEW YORK      WASHINGTON, D.C.      MIAMI

MARK DAVD HUNTER, ESQ.                                    E-MAIL: mhunter@htflawyers.com
(ADMITTED NY, FL AND DC)

August 19, 2025

**<u>Via CM/ECF</u>**

Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        **Re:**    ***Sen Gao, et al. v. Singularity Future Technology Ltd.***
                **Case No. 1:22-cv-07499-BMC**

Dear Judge Cogan:

Our office represents Defendant Singularity Future Technology, Ltd. ("**Singularity**"). Pursuant to Rule III(B)(2) of Your Honor's *Individual Practices*, Singularity responds to Lead Plaintiffs Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo's ("**Lead Plaintiffs**") pre-motion letter, dated August 18, 2025 (Docket Entry ("**D.E.**") 121) ("**Lead Plaintiffs' Letter**").

BACKGROUND AND PRELIMINARY STATEMENT

Pursuant to the written settlement agreement between Lead Plaintiffs and Singularity in this matter (the "**Settlement Agreement**") (*see* D.E. 119-3), Singularity was required to transfer $6.25 million to the Court-approved Escrow Agent no later than August 14, 2025. Due to ongoing limitations placed on Singularity's bank accounts caused by restraining notices by Zhikang Huang ("**Mr. Huang**"), Singularity has been unable to effectuate the transfer.[1] The undersigned advised counsel for Lead Plaintiffs both via telephone discussion and emails of the reason for Singularity's delay in payment, and that Singularity is attempting to resolve the issue with Mr. Huang in order to free up the funds in Singularity's accounts.

Notwithstanding the undersigned's communications with counsel for Lead Plaintiffs, Lead Plaintiffs' Letter now has requested a conference with this Court to seek the drastic remedy of a money judgment against Singularity, as well as an injunction against Singularity's plan of merger with British Virgin Islands subsidiary. Aside from Singularity's temporary delay in payment, Lead Plaintiffs have offered nothing beyond speculation in support of such sweeping relief. More

---

[1] Mr. Huang's counsel has filed a letter to the Court in this matter requesting a similar restraining notice. *See* D.E. 113. Accordingly, Lead Plaintiffs are well aware of the issue that Singularity faces.

importantly, as detailed herein, Lead Plaintiffs already possess a remedy in the event Singularity fails to make a timely settlement payment.

## THE SETTLEMENT TERM SHEET

As acknowledged in Lead Plaintiffs' Letter, Singularity and Lead Plaintiffs executed a Settlement Term Sheet ("**Term Sheet**") (attached hereto as "Exhibit A") on May 29, 2025.  In connection with Lead Plaintiffs' Letter, relevant provisions of the Term Sheet are as follows (all capitalized words below are defined terms in the Term Sheet):

1. "The Parties recognize that a formal, final settlement agreement will be drafted and executed by the Parties, but the Parties concur that all material settlement deal points are set forth herein and that this Term Sheet is intended to be binding and enforceable." *See* Term Sheet at § 1.

2. "If Defendants fail to cause the Settlement Amount . . . to be paid in accordance with the terms of the Stipulation . . . Lead Plaintiffs may apply to the Court and enforce the terms of the Settlement , and further request that the Court order Defendants to pay interest on the unfunded portion of the Settlement Amount for which it is obligated to fund at the Compounded Daily Secured Overnight Financing Rate ("SOFR"), plus 2%, from the time funding was due.  In the event the payment is more than forty-five (45) calendar days late, the interest rate shall be SOFR, plus 8%, from the time funding was due."  *See* Term Sheet at § 15 (entitled "Failure to Fund.")

Accordingly, the Term Sheet, which Singularity and Lead Plaintiffs both intended to be "binding and enforceable," contains an express provision for Lead Plaintiffs' remedies in the event Singularity is late with a settlement payment.  The Term Sheet even includes a provision for additional remedies if Singularity is more than forty-five (45) calendar days late.  Singularity is currently four (4) calendar days late with its payment in this matter.

## THE SETTLEMENT AGREEMENT

Recognizing that they are seeking remedies that are not supported by the law, the settlement documents in this matter, or common sense, Lead Plaintiffs have attempted to get ahead of the Term Sheet's plain language by suggesting that the Term Sheet is no longer operative.  *See* Lead Plaintiffs' Letter at 1-2, footnote 1.  Specifically, Lead Plaintiffs have directed this Court's attention to Paragraph 53 of the Settlement Agreement, which states that "[t]his Stipulation and its exhibits constitute the entire agreement among Lead Plaintiffs and Singularity concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, or its exhibits . . ." *See* Settlement Agreement at § 53 (all capitalized words are defined terms in the Settlement Agreement).

**Singularity concedes that the Settlement Agreement contains the entire agreement regarding the Settlement Agreement and its exhibits, and that no other agreements were made regarding those items.**  The Settlement Agreement contains no provision for delays in

Singularity's settlement payments in this matter, or for Lead Plaintiffs' remedies in that scenario. Even a cursory read of the Settlement Agreement by this Court will demonstrate that the Settlement Agreement was silent as to that issue.

As noted herein, the Term Sheet, which Singularity and Lead Plaintiffs both intended to be "binding and enforceable," contains an express provision for Lead Plaintiffs' remedies in the event Singularity is late with a settlement payment (the only express provision in the settlement documents in this matter), and even contains a further provision for additional remedies if Singularity is more than forty-five (45) calendar days late. Singularity is currently four (4) calendar days late, and Lead Plaintiffs are requesting a judgment and temporary restraining order against Singularity. **Since the Term Sheet contains the only remedies available for Lead Plaintiffs in the event of a delay in payment by Singularity, reliance on those remedies does not supersede or undermine any provision of the Settlement Agreement or its exhibits.**

Thus far, the settlement in this matter is proceeding in an orderly fashion. Singularity has taken steps to ensure timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 (as required by Paragraph 65 of the Settlement Agreement), and has provided to the Claims Administrator its list of Singularity shareholders of record during the Settlement Class Period (as require by Paragraph 27 of the Settlement Agreement). Any notion that Singularity is attempting to undermine its responsibilities in the resolution of this matter is unfounded.

Accordingly, Singularity respectfully requests that this Court: (1) deny Lead Plaintiffs' request for a pre-motion conference in this matter; and (2) simply direct Lead Plaintiffs to seek relief pursuant to Section 15 of the Term Sheet if Lead Plaintiffs choose to do so.

Respectfully submitted,

*/s/ Mark David Hunter*
Mark David Hunter