**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**Case No.: 1:22-cv-07499-BMC**

SEN GAO, CONGLI HUO, RUIBIN
WANG, LUXIAO XU, Individually and on
Behalf of all other similarly situated,

        Plaintiffs,

v.

SINGULARITY FUTURE TECHNOLOGY,
LTD. F/K/A SINO-GLOBAL SHIPPING
AMERICA LTD., YANG JIE, LEI CAO,
ZHIKANG HUANG, TUO PAN,
XIAOHUAN HUANG, JING SHAN,
TIELING LIU, JING WANG, LEI NIE,
JOHN LEVY, THOR MINER, INC., and
GOLDEN MAINLAND, INC.,

        Defendants.

                             /

## <u>RESPONSE TO SHOW CAUSE ORDER</u>

Defendant Singularity Future Technology, Ltd. f/k/a Sino-Global Shipping America Ltd. ("Singularity"), by and through undersigned counsel, respectfully submits this response to the Court's order to show cause as to why the Court should not enter a money judgment in the amount of $8,525,000, plus interest, or an alternative remedy, in favor of Lead Plaintiffs on behalf of the preliminarily certified class and against Defendant Singularity.

### I.      BACKGROUND AND PRELIMINARY STATEMENT

Pursuant to the written settlement agreement between Lead Plaintiffs and Singularity in this matter (the "Settlement Agreement") (Docket Entry ("D.E.") 119-3), Singularity was required

to transfer $6.25 million[1] ($3,000,000.00 Cash Settlement Amount plus $3,250,000.00 Escrow Component (as defined in the Settlement Agreement and below)) to the Court-approved Escrow Agent no later than August 14, 2025. Due to ongoing limitations placed on Singularity's bank accounts caused by restraining notices by Zhikang Huang ("Mr. Huang"), Singularity has been unable to effectuate the transfer.[2] During the course of the parties' settlement obligations in this matter, Singularity has actively worked to resolve Mr. Huang's judgment in order to free up the funds in Singularity's accounts. [3]

Notwithstanding Lead Plaintiffs' knowledge of the payment issues Singularity faced due to the Mr. Huang's judgment, Lead Plaintiffs seek the drastic remedy of a money judgment against Singularity. Aside from Singularity's temporary delay in payment, Lead Plaintiffs have offered nothing beyond speculation in support of such sweeping relief. Moreover, as detailed herein, Lead Plaintiffs already possess a remedy in the event Singularity failed to make a timely settlement payment.

THE SETTLEMENT TERM SHEET

Singularity and Lead Plaintiffs executed a Settlement Term Sheet ("Term Sheet") on May 29, 2025. The relevant provisions of the Term Sheet, as they relate to the matter herein, are as follows (all capitalized words below are defined terms in the Term Sheet):

---

[1] To mitigate the risk that Singularity is unable to satisfy the Put Option Component regarding the Settlement Shares (as defined in the Settlement Agreement), Singularity agreed to maintain a cash balance of $3,250,000.00 ("Escrow Component") in a dedicated Escrow Account held for the benefit of the proposed Settlement Class until the later of (i) the final sale of the Settlement Shares, or (ii) the Court entering an order granting final approval of the Settlement. *See* Settlement Agreement at ¶ 15. Lead Plaintiffs are not entitled to both the Settlement Shares and the $3,250,000.00 under the terms of the Settlement Agreement.

[2] Mr. Huang's counsel filed a letter with the Court in this matter requesting a similar restraining notice. *See* D.E. 113. Accordingly, Lead Plaintiffs are well aware of the issue that Singularity faces.

[3] Subsequently, payment has been made to satisfy Mr. Huan's judgment. Mr. Huang's counsel filed a letter with the Court "withdraw[ing] the request made in [the] June 25, 2025 letter (D.E. 113). *See* D.E. 125 ("I do not oppose Singularity making payments to Plaintiffs or consummating the settlement of the above-referenced class-action lawsuit."). The Court entered an order on August 26, 2025, vacating the portion of the Court's docket order stating that the "Court will not order Singularity to transmit money in violation of a restraining notice." *See* August 26, 2025 Docket Order.

2

1.    "The Parties recognize that a formal, final settlement agreement will be drafted and executed by the Parties, but the Parties concur that all material settlement deal points are set forth herein and that this Term Sheet is intended to be binding and enforceable." *See* Term Sheet ¶ 1.

15.    "**Failure to Fund.** If Defendants fail to cause the Settlement Amount . . . to be paid in accordance with the terms of the Stipulation . . . Lead Plaintiffs may apply to the Court and enforce the terms of the Settlement , and further request that the Court order Defendants to pay interest on the unfunded portion of the Settlement Amount for which it is obligated to fund at the Compounded Daily Secured Overnight Financing Rate ("SOFR"), plus 2%, from the time funding was due.  In the event the payment is more than forty-five (45) calendar days late, the interest rate shall be SOFR, plus 8%, from the time funding was due." *See* Term Sheet ¶ 15.

Accordingly, the Term Sheet, which Singularity and Lead Plaintiffs both intended to be "binding and enforceable," contains an express provision for Lead Plaintiffs' remedies in the event Singularity is late with a settlement payment. *See Palmer v. Cnty. of Nassau*, 977 F. Supp. 2d 161, 166 (E.D.N.Y. 2013) ("[A] 'preliminary agreement' is binding, despite the desire for a later formal document, 'when the parties have reached complete agreement (*including the agreement to be bound*) on all the issues perceived to require negotiation.  Such an agreement is preliminary *only in form*-only in the sense that the parties desire a more elaborate formalization of the agreement. . . . it is merely considered desirable.'").  The Term Sheet also includes a provision for additional remedies if Singularity is more than forty-five (45) calendar days late.  Whereas the Settlement Agreement contains no provision for delays in Singularity's settlement payments in this matter, or for Lead Plaintiffs' remedies in that scenario.  Since the Term Sheet contains the only remedies available for Lead Plaintiffs in the event of a delay in payment by Singularity, reliance on those remedies does not supersede or undermine any provision of the Settlement Agreement or its exhibits. *See Palmer*, 977 F. Supp. 2d at 166.  Accordingly, Singularity respectfully requests that this Court: (1) deny Lead Plaintiffs' request that this Court enter a money judgment in the amount

3

of $8,525,000, plus interest, against Singularity; and (2) simply direct Lead Plaintiffs to seek relief pursuant to paragraph 15 of the Term Sheet.

## II.   ARGUMENT

### a.   The Settlement Agreement Cannot be Breached Prior to the Court's Approval of the Proposed Class Action Settlement

Fed. R. Civ. P. 23(e)(2) states that "*[i]f the proposal would bind class members*, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate . . ." (emphasis added).  This language implies that an agreement is not binding until after the court approves it. Meaning "the settlement of a class action is not effective until judicially approved." *Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 178 (S.D.N.Y. 2014); *see generally Whelan v. Diligent Corp.*, 349 F.R.D. 79, 84 (S.D.N.Y. 2025)) ("Federal Rule of Civil Procedure 23(e) requires judicial approval of any class action settlement.").  In this matter, the Court has entered the Preliminary Approval Order (D.E. 120) but has not yet approved the Settlement Agreement in accordance with Fed. R. Civ. P. 23.  Since the Settlement Agreement is not yet approved, Singularity's nonpayment is not a breach but, if anything, a non-occurrence of a condition precedent to the Settlement Agreement taking effect.  *See generally Lizondro-Garcia*, 300 F.R.D. at 178; *Berkson v. Gogo LLC*, 147 F. Supp. 3d 123 (E.D.N.Y. 2015); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 490-91 (S.D.N.Y. 2018) ("Federal Rule of Civil Procedure 23(e)(2) provides that a court may approve a class action settlement only if it is 'fair, reasonable, and adequate.") (internal quotations omitted).  Moreover, Lead Plaintiffs' request that this Court enter a money judgment is a request that this Court circumvent the notice of a hearing requirement "given to the class members, [wherein] class members and settling parties are provided the opportunity to be heard on the question of final court approval." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 27 (E.D.N.Y. 2019) (quoting *In*

4

*re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-CV-5450, 2016 WL 7625708, at *2 (S.D.N.Y. Dec. 21, 2016)) (internal citations omitted).

Lead Plaintiffs contend that the Settlement Agreement is binding and can be breached prior to this Court's final approval of the proposed class action settlement. *See* D.E. 123-1 at 11-12. In reaching this a conclusion, Lead Plaintiffs rely on general principles of contract law, citing cases such as *Reich v. Best Built Homes, Inc.*, 895 F. Supp. 47, 49 (W.D.N.Y. 1995) ("A settlement, once reached, is a binding contract."); and *Rexnord Holdings, Inc., v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994) (A "settlement agreement is to be construed according to general principles of contract law."). However, while relying on these cases, Lead Plaintiffs ignore the fact that neither *Reich* nor *Rexnord Holdings, Inc.*, involved class action proceedings, which, importantly, require Court approval of proposed settlement agreements in order to be binding. *See* Fed. R. Civ. P. 23(e)(2); *Lizondro-Garcia*, 300 F.R.D. at 178. Not surprisingly, Lead Plaintiffs failed to provide any caselaw in support of the specific notion that a class action settlement agreement can be breached prior to a court's approval of the proposed class action settlement. *See* D.E. 123-1 at §§ III. (B)(a)-(b).

### b. A Money Judgment is Not the Proper Remedy

Neither the Settlement Agreement (D.E. 119-3) nor the Term Sheet (D.E. 122-1), upon which the Settlement Agreement is based, contemplated a money judgment in the event of Singularity's failure to provide the Cash Settlement Amount or Escrow Component to the escrow agent. In fact, the Settlement Agreement is silent as to a remedy in the event of a failure to fund. As set forth above, the binding Term Sheet, however, outlines a procedure for such an event in paragraph 15. While the parties clearly contemplated the possibility of a failure to fund (and even contemplated a situation in which payment might be more than forty-five (45) days late), at no

5

point did the parties contemplate or provide that the remedy for such a failure would be a money judgment. *See generally* Settlement Agreement and Term Sheet. Since the Settlement Agreement is devoid of any language regarding a relief for a failure to fund and "the [p]arties concur that all *material* settlement deal points are set forth [in the Term Sheet]," this Court should look to the binding terms of the Term Sheet for the proper remedy. *See* Term Sheet ¶¶ 1, 15 (emphasis added); *see also Vacold LLC v. Cerami*, 545 F.3d 114, 129 (2d Cir. 2008) ("In such a circumstance, the task of formalizing contract documentation does not negate the finding of a type I agreement, so long as the parties 'viewed their contract as . . . a binding Type I agreement . . . in which everything had been agreed and all that remained was the need for lawyers' embellishments.'").

Lead Plaintiffs cite *Dunston v. 243 Dekalb Ave., LLC*, 764 F. Supp. 3d 54 (E.D.N.Y. 2025) in support of their contention that a money judgment is the proper remedy for Singularity's failure to fund. However, unlike the defendants in *Dunston*, Singularity is not in breach of a contract because—as discussed above—the Settlement Agreement is not binding on the parties until the Court approves the proposed class action settlement. *See* 764 F. Supp. 3d at 55; *see also In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. at 27. Furthermore, unlike the plaintiffs in *Dunston*, who had obtained a final judgment, here, the Lead Plaintiffs cannot "proceed to execute a judgment like any other judgment creditor under Fed. R. Civ. P. 69(a) and N.Y. C.P.L.R. Article 52," because the Court has not yet finally approved the proposed class action settlement. *See Dunston*, 764 F.Supp.3d at 55.

Lead Plaintiffs reference *Dunston*, wherein this Court criticized the parties' excuses for nonperformance, shortly before a lengthy factual argument in which Lead Plaintiffs attempt to paint Singularity's behavior as flippant. *See* D.E. 123-1 at 9. However, Singularity does not claim that it "accidentally left a '0' off the amount owed," while later making inconsistent statements.

6

*See Dunston* 764 F. Supp. 3d 54.  Rather, Singularity was prepared to provide the Cash Settlement Amount and Escrow Component but was unable to do so due to frozen funds.  *See id.*  Furthermore, Singularity was aware of the Huang Judgment (as outlined above), but did not believe that the Judgment would be an obstacle to effectuating payment in this case.  Singularity has made every effort to satisfy the Huang Judgment and have the holds on its accounts lifted, but it has been at the mercy of Huang's counsel, who knew of this pending class action and continually used that fact to move the goalpost and demand more from Singularity.  In short, Singularity is not taking its obligations lightly, but has been acting to the best of its ability given the constraints on its funds.

<blockquote>c.  <u>The Court Cannot Order a Money Judgment That Gives Full Relief to the Settlement Class Without the Court Finally Approving the Settlement</u></blockquote>

To order a money judgment before finally approving a class action settlement would violate the procedural safeguards that Fed. R. Civ. P. 23(e) requires.  *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval"); *see also generally Hernandez v. Immortal Rise, Inc.*, 306 F.R.D. 91, 98-99 (E.D.N.Y. 2015).  As discussed above, because the Court has not yet finally approved the Proposed Class Action Settlement, the Settlement Agreement is not yet binding, and Singularity cannot be in breach.  *See* Fed. R. Civ. P. 23(e)(2); *Lizondro-Garcia*, 300 F.R.D. at 178; *Whelan*, 349 F.R.D. 79.  Moreover, the class members have yet to be provided notice of the settlement and an opportunity to object.  *See Hernandez*, 306 F.R.D. 91, 98-99 (The court must "direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.") (quoting Fed. R. Civ. P. 23(e)(1)); *see also Dover v. British Airways, PLC (UK)*, 323 F. Supp. 3d 338, 351 (E.D.N.Y. 2018) (setting a date for a final approval hearing and noting that "[a]ny Class member may appear at the Final Approval Hearing and show cause why the

proposed Settlement should or should not be approved as fair, reasonable, and adequate and in the best interests of the Class, or why judgment should or should not be entered").

Lead Plaintiffs' argument that the Court can enter a money judgment giving full relief without the Court having finally approved the settlement hinges on Lead Plaintiffs' contention that Singularity breached the Settlement Agreement. *See generally* D.E. 123-1. Here, as was the case with the Court's first question to Lead Plaintiffs—"*whether the settlement agreement can be breached prior to this Court's approval of the proposed class action settlement*"—Lead Plaintiffs completely failed to provide caselaw in support of their argument that the Court can order a money judgment that gives full relief to the class without having approved the settlement or provided the class with notice. *See id.* at 13-15. Instead, Lead Plaintiffs rely solely on duplicative factual arguments set forth in prior sections of their motion. *See id.* Finally, in their request that this Court enter a money judgment in the amount of $8,525,000.00, Lead Plaintiffs are also seeking to change the terms of the Settlement Agreement, which never contemplated a complete cash settlement. *See* Settlement Agreement ¶¶ 10-15. Therefore, this Court should find that it cannot order a money judgment that would give full relief to the settlement class without first finally approving the settlement.

8

**III.    CONCLUSION**

For the reasons stated herein, this Court should look to paragraph 15 of the Term Sheet for the appropriate relief contemplated by the parties for any failure to pay the Cash Settlement Amount and Escrow Component by the due date.  As such, Singularity respectfully requests that this Court (1) deny Lead Plaintiffs' request for the entry of a money judgment in the amount of $8,525,000.00, plus interest, against Singularity, and (2) order any other relief this Court deems just and proper.

DATED:        August 27, 2025
              Miami, Florida

                    Respectfully Submitted,

                    */s/ Jenny Johnson-Sardella*
                    Mark David Hunter, Esquire
                    New York Bar No. 4017331
                    Jenny Johnson-Sardella, Esquire
                    New York Bar No. 4225850
                    Hunter Taubman Fischer & Li LLC
                    848 Brickell Avenue, Suite 200
                    Miami, Florida 33131
                    Tel:   (305) 629-1180
                    Fax:  (305) 629-8099
                    Email:  mhunter@htflawyers.com
                            jsardella@htflawyers.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive Notices of Electronic Filing electronically.

**Service List**

**BERGER MONTAGUE PC**
Michael Dell'Angelo
Andrew D. Abramowitz
Alex B. Heller
Jon J. Lambiras
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bm.net
            aabramowitz@bm.net
            aheller@bm.net
            jlambiras@bm.net

*Lead Counsel for Lead Plaintiffs*

**KIRBY McINERNEY LLP**
Ira M. Press
Sarah E. Flohr
250 Park Avenue, Suite 820
New York, New York 10177
Telephone: (212) 371-6600
Email: ipress@kmllp.com

*Local counsel for Lead Plaintiffs*

**SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Tel: (310) 301-3335
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiffs*
*Ruibin Wang, Sen Gao, Luxiao Xu,*
*and Congli Huo*

10

**BECKER & POLIAKOFF**
James  Mahon
Jennifer Karnes
Samantha Lesser
45 Broadway, 17th Floor
New York, New York 10006
Tel: (212) 599-3322
Email: JMahon@beckerlawyers.com
        JKarnes@beckerlawyers.com
        SaLesser@beckerlawyers.com

*Counsel for Defendant Yang Jie*

**NATIONAL REGISTERED AGENTS, INC.**
4701 Cox Road, Suite 285
Glen Allen, VA 23060-6802

*Registered Agent of Singularity Future Technology Ltd.*
(Via U.S. Mail)

/s/ *Jenny Johnson-Sardella*

Jenny Johnson-Sardella