# Exhibit B



**MICHAEL DELL'ANGELO**
*EXECUTIVE SHAREHOLDER & GENERAL COUNSEL*
**d** 215.875.3080 **m** 610.608.8766 | mdellangelo@bm.net

August 29, 2025

**VIA EMAIL**
Mark Hunter, Esq.
Jenny Johnson-Sardella, Esq.
Hunter Taubman Fischer & Li, LLC
848 Brickell Avenue, Suite 200
Miami, FL 33131
jsardella@hftlawyers.com
mhunter@htflawyers.com

**RE:** *Gao, et al. v. Singularity Future Technology, Ltd. et al.*, **No. 1:22-cv-07499-BMC**

Dear Mr. Hunter and Ms. Johnson-Sardella:

Yesterday afternoon, the Court ordered Lead Plaintiffs to conduct a Rule 30(b)(6) deposition no later than September 4, 2025, at which "representatives for Singularity will testify to the status of the contested funds, the process by which they will be transferred to United States accounts, and Singularity's planned merger with its British Virgin Islands subsidiary."

The deposition will take place on September 4, 2025, at 10:00 a.m. (ET). We are securing a court reporter, who will provide a link for remote access. Please provide the email address for all counsel and witnesses appearing on behalf of Singularity. We intend to record the deposition by stenographic and visual means.

To facilitate the deposition, Lead Plaintiffs request that Singularity identify the corporate designee(s) who will provide testimony. Lead Plaintiffs also request that Singularity produce the following documents no later than Tuesday, September 2, 2025, at 5:00 pm (ET), for itself and any of its parents, subsidiaries, joint ventures or any other entity in which it has a controlling interest ("Singularity"):

**A. STATUS OF THE SETTLEMENT FUNDS**

1. Documents reflecting the locations and values of all of Singularity's assets (liquid and illiquid);

2. Documents reflecting all of Singularity's creditors (for amounts claimed more than



Page 2 of 4

$5,000);

3.  For each financial institution at which Singularity has maintained assets from January 31, 2025, has or had assets, all statements received after December 31, 2024;

4.  For each financial institution at which Singularity has assets, documents reflecting:

    a.  where the financial institution(s) is/are located;
    b.  the account number(s) of the accounts holding the assets;
    b.  the name of the branch holding the account(s);
    c.  the name(s) under which the account(s) is/are registered or held;
    d.  the daily balance(s) of the account(s) as of May 29, 2025, and thereafter through the date of this request; and
    e.  the signatory or signatories on each account(s).

5.  Documents sufficient to identify any digital wallets owned, controlled, or in which Singularity has an interest, the instrument(s) held therein, and the amounts of any such interest(s) in each instrument;

6.  All financial statements (annual and quarterly) for 2024 and 2025, whether accountant prepared, audited, or otherwise;

7.  All information Singularity provided to accountants, CPAs, or the like, for the preparation of Singularity's tax returns from 2023 to the present;

8.  A copy of Singularity's QuickBooks (or equivalent general ledger software) data files for the period January 1, 2023, to the present;

9.  Singularity's most recent profit/loss statement;

10. Singularity's general ledger for the period January 1, 2025, to the present;

11. Singularity's Federal and State tax returns for 2023 and 2024, including schedules and worksheets;

12. All loan applications completed by or on behalf of Singularity;

13. A copy of all judgments against Singularity entered after January 1, 2020, that Singularity has not fully satisfied;

14. The complaint or charging document for all lawsuits, arbitrations, legal proceedings and/or regularity proceedings against Singularity filed after January 1, 2024;



Page 3 of 4

15. Documents reflecting all payments to creditors made by Singularity after May 29, 2025;

16. Documents reflecting all investments made by Singularity after May 29, 2025;

17. Documents reflecting all dividends paid by Singularity after May 29, 2025;

18. Documents reflecting all executive compensation paid by Singularity after May 29, 2025; and

19. Documents reflecting all loans made by Singularity after May 29, 2025.

**B. THE PROCESS BY WHICH THE SETTLEMENT FUNDS WILL BE TRANSFERRED TO THE SETTLEMENT ESCROW ACCOUNTS**

20. All Board minutes concerning or reflecting the settlement of this lawsuit and/or Singularity's obligation to transfer the Cash Settlement Amount and the Escrow Amount (as those terms are used in the Settlement Agreement) to Citibank as the Escrow Agent;

21. All communications referencing or referring to Singularity's attempted payment of the Cash Settlement Amount and the Escrow Amount (as defined in the Settlement Agreement); and

22. All communications concerning Singularity's efforts to obtain and or make available funds to satisfy Singularity's obligations under the Settlement Agreement.

**C. SINGULARITY'S PLANNED MERGER WITH ITS BRITISH VIRGIN ISLANDS SUBSIDIARY**

23. All documents reflecting the timing of the anticipated shareholder vote concerning Singularity's merger with its subsidiary in the British Virgin Islands ("Merger") as described in its Preliminary Proxy Statement filed with the SEC on June 23, 2025;[1]

24. All documents provided to Singularity's Board of Directors concerning the purpose of

---

[1] *See* https://www.sec.gov/Archives/edgar/data/1422892/000121390025056395/ea0246312-pre14a_singularity.htm



Page 4 of 4

and/or reason for the Merger, including documents concerning the advantages and disadvantages of the Merger.

25. Documents sufficient to identify any escrow and/or closing agent for the Merger;

26. Documents sufficient to identify the identities of Singularity's ten (10) largest shareholders.

If you have any questions regarding the foregoing, please let us know so we can discuss in advance of the deposition.

Sincerely,

Michael Dell'Angelo