# Exhibit F

| | |
|---|---|
| **From:** | Mark Hunter |
| **To:** | Joel M. Sweet; Jenny Sardella |
| **Cc:** | Michael Dell"Angelo; David Langer; Joan Wu |
| **Subject:** | RE: SINGULARITY Proposed Consent Order(20761150.1) |
| **Date:** | Tuesday, September 16, 2025 6:55:09 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |

Joel,

I am writing to get back to you on your proposed consent order (described below and a draft of which was attached to that email).  Please be advised as follows:

1. Singularity agrees to the interest provision as detailed in the Term Sheet, which the parties have already agreed shall apply in the event of untimely settlement escrow payments.

2. Singularity does not agree to the remaining provisions included in your proposed consent order.  Those provisions are patently absurd in light of the relief already available to Plaintiffs in the event of untimely settlement escrow payments.

3. With regard to any your contemplated request for an injunction, we disagree with your assessment of Judge Kogan's guidance to the parties at the August 28, 2025, hearing.  Aside from that, Singularity's public filings demonstrate that nothing in Singularity's contemplated merger subject Plaintiffs to any further risk of Singularity not complying with the terms of the settlement when it is able to do so.  Ms. Yang's testimony was consistent with that notion.  Most of the terms in your proposed consent order amount to yet another attempt by Plaintiffs to achieve relief to which they are not entitled in this matter.

Please let me know if Plaintiffs are interested in entering into a consent order relating to the interest provision as detailed in the Term Sheet.  Singularity is prepared to move forward with that matter in an expedited fashion.

Regards,

**Mark David Hunter** | Partner



848 Brickell Avenue, Suite 200
Miami, Florida 33131
E-Mail : mhunter@htflawyers.com
T : 305-629-1180 | F : 305-629-8099 | M : 917-604-8328
www.htflawyers.com

Privileged Information: This message, together with any attachments, is intended only for the use of the individual or entity to which it is addressed and may contain information that is legally privileged, confidential and/or exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please delete this message, along with any attachments, from your computer or phone. Thank you.

**From:** Joel M. Sweet <jsweet@bergermontague.com>
**Sent:** Friday, September 12, 2025 4:43 PM
**To:** Mark Hunter <mhunter@htflawyers.com>; Jenny Sardella <jsardella@htflawyers.com>
**Cc:** Michael Dell'Angelo <mdellangelo@bergermontague.com>; David Langer <dlanger@bergermontague.com>
**Subject:** SINGULARITY Proposed Consent Order(20761150.1)

Mark and Jenny –

We are following up on the discussion I had with Mark shortly after the Rule 30(b)(6) deposition. Attached is a proposed consent order for joint submission to Judge Cogan. We believe the order would be the most favorable outcome Singularity could hope to achieve as a remedy for its breach of the settlement agreement.

1.      The order acknowledges Singularity's claim that it is not able immediately to fund the escrow accounts. The order provides a path for Singularity to continue to obtain funds from overseas to satisfy its obligations under the Settlement Agreement.

2.      An agreement to maintain the status quo with respect to the merger is not a concession by Singularity. Judge Cogan made clear that if asked he will enjoin Singularity's merger. Judge Cogan stated at the hearing on August 28, 2025, at page 12: "Because I want to make it clear to Singularity: If that transaction is going to denude Singularity of the ability to consummate the settlement, then I will issue whatever orders

I can to stop that transaction from happening" and warning of sanctions against Singularity personnel. On the contrary, the proposed consent order would avoid a preliminary injunction hearing that would be public, expensive, and intrusive for Singularity.

We further note that Ms. Yang's testimony was not aligned in all respects with Singularity's SEC filings, and the differences would be the subject of cross-examination at a preliminary injunction hearing. Moreover, Ms. Yang testified that there is no reason why the merger must proceed before the Final Approval Hearing.

3.    The interest provision is the same rate as Singularity agreed to in the Term Sheet and proposed to the Court as a remedy for Singularity's breach.

Please let us know by Tuesday at noon whether Singularity is interested in this consent order in lieu of further motion practice.

Thanks,

Joel

**Joel M. Sweet** / *Of Counsel*
215.875.3097    610.663.2349

1818 MARKET STREET, SUITE 3600
PHILADELPHIA, PA 19103

*-**External sender. Please use caution when clicking on any attachments or links** -*