**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEN GAO, CONGLI HUO, RUIBIN WANG, LUXIAO XU, Individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIAOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, LEI NIE, JOHN LEVY, THOR MINER, INC., and GOLDEN MAINLAND, INC.,<br><br>                    Defendants. | Case No.: 1:22-cv-07499-BMC<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] ORDER**

**AND NOW,** this _____ day of _____, 2025, upon consideration of Lead Plaintiffs Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo's Motion to Enforce Class Action Settlement Agreement, and any response filed thereto, it is **ORDERED** that the motion is **GRANTED**. It is **FURTHER ORDERED** that:

1.      Within one (1) business day of this order, Singularity shall take all actions necessary to transfer to the Escrow Agent the full amount of the Contested Funds, and to provide the Court with proof of compliance.

2.      Singularity shall direct the transfer of all funds it or its subsidiaries receive from any source to the Escrow Agent within twelve (12) hours of receipt of such funds until the full amount of the Contested Funds is transferred to the Escrow Agent.

3.      No later than September 26, 2025, Singularity shall file with the Court under seal and produce to Lead Plaintiffs: (a) bank statements establishing the existence of the Contested Funds; (b) documents establishing that Singularity has instructed Silk Road Bank to transfer an amount equal to the Contested Funds to Singularity's account at Bank of America, including the wire transfer number (often referred to as UETR number); and (c) all communications with Silk Road Bank concerning Singularity's instruction to transfer the Escrow Agent or to a Singularity controlled bank account in the United States an  amount equal to the Contested Funds.

4.      Singularity shall pay interest on the Contested Funds in the amount of the Compounded Daily Secured Overnight Financing Rate ("SOFR"), plus 2 percent, from August 14, 2025, until the date of payment to the Escrow Agent. If the Contested Funds (in full) are not deposited with the Escrow Agent by the close of business on September 28, 2025, Singularity shall pay interest on the Contested Funds in the amount SOFR plus 8 percent from August 14, 2025, until the date the Contested Funds (in full) are deposited with the Escrow Agent.

5.      Singularity is PRELIMINARILY ENJOINED from taking any action to complete its merger described in its Schedule 14A (Preliminary Proxy Statement) filed with the Securities and Exchange Commission, or any other transaction that may have the effect of divesting this Court of jurisdiction over Singularity and its assets, until further order of the Court.

6.      Singularity shall file a report by 12:00 p.m. every Friday, starting the first Friday after the date of this Order, providing the status of Singularity's effort to transfer funds equal to the amount of the Contested Funds to the Escrow Agent and its compliance with this Order, and

shall attach to its report all documents reflecting communications in furtherance of its efforts to

comply with this order. The report shall be signed under penalty of perjury by Singularity's Chief

Executive Officer.

**SO ORDERED:**

_____
**HONORABLE BRIAN M. COGAN**
**UNITED STATES DISTRICT JUDGE**