**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SEN GAO, CONGLI HUO, RUIBIN WANG, LUXIAO XU, Individually and on behalf of all others similarly situated, | Case No.: 1:22-cv-07499-BMC |
| Plaintiffs, | JURY TRIAL DEMANDED |
| v. | |
| SINGULARITY FUTURE TECHNOLOGY, LTD. F/K/A SINO-GLOBAL SHIPPING AMERICA LTD., YANG JIE, LEI CAO, ZHIKANG HUANG, TUO PAN, XIAOHUAN HUANG, JING SHAN, TIELING LIU, JING WANG, LEI NIE, JOHN LEVY, THOR MINER, INC., and GOLDEN MAINLAND, INC. | |
| Defendants. | |

**[PROPOSED] ORDER OF AN AWARD OF ATTORNEYS' FEES,**
**LITIGATION EXPENSES, AND SERVICE AWARDS**

WHEREAS, Lead Plaintiffs Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo have moved for an award of attorneys' fees, litigation expenses, and service awards for the Class Representatives (the "Motion");

WHEREAS, the Court having considered (a) the Settlement Agreement, dated July 13, 2025 (ECF No. 119-3); (b) the Court's July 30, 2025 Order preliminarily approving the Settlement[1] reached with defendant Singularity Future Technology, Ltd. f/k/a Sino-Global Shipping America Ltd. ("Singularity") in the action *Gao v. Singularity Future Technology Ltd. et al.*, No. 1:22-cv-07499 (the "Action"); (c) Lead Plaintiffs' Motion and accompanying Memorandum of Law; (d) the Declaration of Michael C. Dell'Angelo in Support of Motion for Final Approval of the Settlement and for an Award of Attorneys' Fees, Litigation Expenses, and Service Awards for the Class Representatives (the "Dell'Angelo Decl."), filed concurrently with the Motion; and (e) all other papers and proceedings herein;

WHEREAS, on July 30, 2025, the Court granted preliminary approval of the Settlement, preliminarily approved the Plan of Allocation, preliminarily certified the Settlement Class, appointed Berger Montague PC as Lead Counsel for the Settlement Class, appointed the Lead Plaintiffs as Class Representative for the Settlement Class, approved the Notice Plan, and approved the schedule for the settlement process (ECF No. 120);

WHEREAS, on December 17, 2025, the Court held a fairness hearing concerning the Settlement; and

---

[1] The parties to the Settlement Agreement are Lead Plaintiffs and Singularity. In consideration for the payment by Singularity of the Cash Settlement Amount and the Settlement Shares, as well as the maintenance of the Escrow Component (as set forth in the Settlement Agreement), Lead Plaintiffs and the members of the Settlement Class are releasing claims as to other defendants, namely Yang Jie, Lei Cao, Zhikang Huang, Tuo Pan, Xiaohuan Huang, Jing Shan, Tieling Liu, Jing Wang, Lei Nie, and John Levy.

WHEREAS, the Court is fully familiar with the record in this case, and having reviewed the Settlement and supporting documents, has found good cause for entering the following Order.

**NOW THEREFORE,** the Court being familiar with the record in this case, having reviewed the Settlement Agreement and supporting documents, and finding good cause to preliminarily approve the Settlement, **IT IS ORDERED THAT:**

## JURISDICTION

1. This Court has jurisdiction to enter this Order as it has jurisdiction over the subject matter of this action and personal jurisdiction over Singularity, Lead Plaintiffs, and all members of the Settlement Class. Without affecting the finality of this Order in any respect, this Court reserves jurisdiction over any matters related to or ancillary to this Order.

2. All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement (ECF No. 119-3) or the Court's July 30, 2025 Order preliminarily approving the Settlement (ECF No. 120), unless otherwise noted.

## AWARD OF ATTORNEYS' FEES

3. Upon review of the record, the Court finds that Class Counsel's requested award of attorneys' fees in the amount of one third (plus accrued interest) of the cash value of the Settlement Amount is well within the applicable range of reasonable attorneys' fees percentage-of-recovery awards established by relevant precedent. For clarity, the agreed cash value of the Settlement Amount is the total of (i) the $3,000,000 in cash from Singularity (*i.e.*, the Cash Settlement Amount) paid to the Settlement Fund <u>plus</u> (ii) the cash paid to the Settlement Fund from the sale of the 6,500,000 freely tradable shares (pursuant to Section 3(a)(10) of the Securities Act of 1933) of Singularity common stock provided by Singularity (*i.e.*, the Settlement Shares) <u>plus</u> (iii) the accrued interest earned by the Settlement Fund. To date, Singularity has funded $2,000,000 of the

Cash Settlement Amount.

4.      The percentage-of-recovery method of calculating attorneys' fees is appropriate in this Action, as the percentage-of-recovery method is the prevailing practice in the Second Circuit in determining the award of attorneys' fees in common fund cases.

5.      In evaluating Class Counsel's request for an award of attorneys' fees, courts in the Second Circuit consider the factors set forth in Rule 23(h) of the Federal Rules of Civil Procedure and in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In making this award of fees to Class Counsel, this Court has considered these factors and finds that:

a.  the Settlement Agreement provides for the creation of minimum fund of at least $6,250,000 in cash and may exceed that amount based on the sale of the Settlement Shares for the benefit of the members of the Class;

b.  Class Counsel pursued the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy on behalf of the Settlement Class;

c.  Class Counsel are experienced litigators who understand the claims and defenses and class action issues of the Action;

d.  Class Counsel undertook numerous and significant risks on behalf of the Class with no guarantee that they would be compensated;

e.  the Action involves complex factual and legal issues and, in the absence of the Settlement, would involve lengthy proceedings whose resolution would be uncertain;

f.  had the Settlement Agreement not been reached, there would remain a significant risk that Lead Plaintiffs and the Settlement Class may have recovered less or nothing from Defendants;

g.  Class Counsel expended substantial time and effort pursuing the litigation on behalf of the Settlement Class wherein Class Counsel submitted approximately 3,283.7 hours from inception of the case through October 30, 2025 with a lodestar value of approximately $3,090,498.50 in support of the attorneys' fee application resulting in a negative "multiplier" (*See* Dell'Angelo Decl. ¶¶ 116-24);

h.  Copies of the Notice were mailed to members of the Settlement Class, stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed one third percent of the Settlement Fund and no Settlement Class Member objected;

i.  Numerous Settlement Class Members who or which submit valid claim forms will benefit from the Settlement that was reached through the efforts of Co-Lead Counsel; and

j.  the amount of attorneys' fees is appropriate to the specific circumstances of this Action, and consistent with awards in similar cases.

6.  Accordingly, Class Counsel's request for an award of attorneys' fees in the amount of one third (plus accrued interest) of the cash value of the Settlement Amount actually recovered is GRANTED. Because the full value of the Settlement Amount will occur in installments (*e.g.*, when Singularity transfer funds owed under the Settlement Agreement or after the sale of a portion of the Settlement Shares), the Court authorizes Lead Counsel to similarly draw the Court-award attorneys' fees in the amount one third fee (including accrued interest) of the Settlement Amount from each such installment upon notice to the Court and only when the Settlement is Final as set forth in the Settlement Agreement. *See* SA ¶ 1(u).

**REIMBURSEMENT OF LITIGATION EXPENSES**

7. The Court finds that Class Counsel's request for reimbursement of their reasonably incurred expenses should be granted. From the inception of litigation through October 30, 2025, Class Counsel have incurred $103,764.16 in unreimbursed litigation out-of-pocket expenses, litigation fund disbursements, and outstanding invoices due while prosecuting the Action. *See* Dell'Angelo Decl. ¶¶ 125-27. The expenses for the prosecution of the Action included regular e-discovery and data hosting costs, computer research, court reporting and deposition transcripts, subpoena services, mediation costs, travel and accommodations, printing, filing fees, and costs associate with trial preparation. *See id.* These collective expenses were reasonably incurred and expended for the direct benefit of the Settlement Class and should therefore be reimbursed.

8. Notice to the Settlement Class indicated that Class Counsel would seek reimbursement of reasonable litigation costs and expenses not to exceed $300,000.

9. Accordingly, Class Counsel's request for reimbursement of litigation costs and expenses in the amount of $103,764.16 is GRANTED.

10. Class Counsel are authorized to apply to this Court for the reimbursement of additional reasonable costs and expenses incurred to collected the remaining settlement consideration and to administer the Settlement in the near term and even after the Settlement is approved, including, by way of example, the submission of any reply brief(s) in support of approval of the Settlement, filing motions and other work to ensure enforcement of the Settlement terms and the payment of the Settlement consideration, appearing at the final Settlement Hearing, supervising notice and claims administration, overseeing the sale of the Settlement Shares, monitoring the investment of the Settlement Fund, communicating with claimants, and moving for and overseeing the distribution of settlement proceeds to Settlement Class Members.

## SERVICE AWARDS TO THE CLASS REPRESENTATIVES

11.     The Court finds that Class Counsel's request for service awards in the amount of $5,000 for each of the four Class Representatives is appropriate.

12.     In making these service awards to the four Class Representatives, this Court finds that each of the Class Representatives expended considerable time and effort to aid in the prosecution of this Action, including:

   a.   filing suit to protect the interests of absent class members;

   b.   working with Lead Counsel to identify documents responsive to Defendants' discovery requests and ultimately producing responsive documents;

   c.   working with Lead Counsel to develop, write, and review their responses to Defendants' interrogatories and requests for admissions to ensure their accuracy; and

   d.   preparing for their depositions and working closely with Lead Plaintiffs to apply for visas from a United States Consulate in China, which process required significant to collect and complete substantial paperwork for the visas, as well scheduling interview at the United States Consulate and retaining immigration counsel to assist with the visa process.

*See* Dell'Angelo Decl. ¶¶ 5-10, 36-39.

13.     Notice to the Settlement Class indicated that Class Counsel would seek service awards of up to $5,000 for each of the four Class Representatives.

14.     Accordingly, Class Counsel's request for service awards of $5,000 for each of the four Class Representatives is granted.

**LEAD COUNSEL IS AUTHORIZED TO DISTRIBUTE ATTORNEYS' FEES**

15.     Lead Class Counsel shall allocate the fees and expenses among all the Class Counsel representing Lead Plaintiffs and the Settlement Class based upon Lead Counsel's evaluation of the respective contributions of such counsel to the prosecution and resolution of this litigation.


Dated: _____, 2025          BY THE COURT:


                                       _____
                                       THE HONORABLE BRIAN M. COGAN
                                       UNITED STATES DISTRICT COURT JUDGE