# Exhibit 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PIERO CRIVELLARO, *et al.*,

Plaintiffs,

v.

SINGULARITY FUTURE TECHNOLOGY, LTD., *et al.*,

Defendant.

Case No. 22-cv-07499

Honorable Brian M. Cogan

**AMENDED STIPULATION AND AGREEMENT OF SETTLEMENT**

This Amended Stipulation and Agreement of Settlement, dated as of June 22, 2026 (the "Amended Stipulation") is entered into between: (a) lead plaintiffs Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and the Settlement Class (defined below), and (b) defendant Singularity Future Technology, Ltd. f/k/a Sino-Global Shipping America Ltd. ("Singularity" or the "Company") (collectively, the "Parties"). The Stipulation embodies the terms and conditions of the settlement of the above-captioned action (the "Action").[1]

Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Singularity and the Releasees.

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

**WHEREAS**

A. On December 9, 2022, a class action complaint was filed in the United States District Court for the Eastern District of New York (the "Court"), styled *Crivellaro v. Singularity Future Technology Ltd. et al.*, No. 1:22-cv-07499 (ECF No. 1).

B. By Order dated June 13, 2023, the Court appointed Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo as Lead Plaintiffs for the Action and approved Lead Plaintiffs' selection of Berger Montague PC as Lead Counsel and Kirby McInerney LLP as Local Counsel for the putative class. (ECF No. 18.)

C. On July 13, 2025, the Parties, through their respective authorized counsel, entered into the Stipulation and Agreement of Settlement ("Original Stipulation") (ECF No. 119-3).

D. This Amended Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties (the "Settlement") and supersedes the terms of the Original Stipulation.

**NOW THEREFORE**, it is hereby **STIPULATED AND AGREED**, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Singularity, by and through their respective undersigned attorneys, subject to the Court's approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all the Parties' claims shall be settled and released, upon and subject to the terms and conditions set forth below.

**DEFINITIONS**

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the securities class action in the matter styled, *Crivellaro v. Singularity Future Technology Ltd. et al.*, No. 1:22-cv-07499-BMC (E.D.N.Y.).

(b) "Administration Tranche" means the $250,000 portion of the Cash Settlement Amount that may be used to pay for claims administration exclusive of the Supplemental Notice Costs.

(c) "Alternate Judgment" means a form of final judgment acceptable to both Lead Plaintiffs and Singularity that the Court at its discretion may enter in a form other than the form of judgment provided for in this Stipulation.

(d) "Authorized Claimant" means a Settlement Class Member who submits a Claim Form to the Claims Administrator that is approved by the Court for a distribution from the Net Settlement Fund.

(e) "Cash Settlement Amount" means $5,800,000.00 in cash to be paid by Singularity.

(f) "Cash Settlement Fund" means the Cash Settlement Amount plus any interest accrued thereon while in the Escrow Account.

(g) "Claim" means a Claim Form submitted to the Claims Administrator.

(h) "Claim Form" or "Proof of Claim Form" means the form that a Claimant or Settlement Class Member must complete and submit to the Claims Administrator should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

(i) "Claimant" means a person or entity who or that submits a Claim Form to the Claims Administrator seeking to share in the proceeds of the Settlement Fund.

(j) "Claims Administrator" means the firm retained by Lead Plaintiffs and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(k) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to qualified Claimants.

(l) "Complaint" means the Second Amended Class Action Complaint for Violations of the Federal Securities Laws filed by Lead Plaintiffs in the Action on October 6, 2023 (ECF No. 58).

(m) "Court" means the United States District Court for the Eastern District of New York.

(n) "Defendant Releasees" means Singularity, Defendant Yang Jie ("Jie"), and Group Defendants, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, insurers, reinsurers, employees, and attorneys, in their capacities as such.

(o) "Effective Date" of the Settlement means the first date by which all of the events and conditions specified in ¶ 34 of this Stipulation have been met and have occurred or have been waived.

(p) "Escrow Account" the accounts maintained by the Escrow Agent wherein the Cash Settlement Amount shall be deposited and held in escrow under the control of the Escrow Agent.

(q) "Escrow Agent" means Citibank.

(r) "Escrow Agreement" means the agreement(s) between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Accounts. For clarity, the "Escrow Agreement" refers to the agreement reached between Lead Counsel and the Escrow Agent in connection with the Original Stipulation. Pursuant to the Original Stipulation, Singularity previously deposited $2 million which is held in an Escrow Account, which funds (plus accrued interest) constitute a portion of the "Settlement Amount" (*see* ¶ 1(ss) and fn.2 *infra*).

(s) "Escrow Amount" means the $3,800,000.00 in cash that Singularity will transfer to the Escrow Agent to be held in an escrow account for the benefit of the proposed Settlement Class.

(t) "Excluded Claims" means: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or that submits a request for exclusion that is accepted by the Court.

(u) "Final" with respect to the Judgment, the Alternate Judgment, or any other court order, means when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure has passed without any such motion having been filed; (ii) the expiration of the time provided for filing or noticing any appeal without any appeal having been taken, *i.e.*, thirty (30) days after entry of the judgment; or (iii) if a motion to alter or amend is filed or if an appeal is taken (a) the date of final dismissal of all such motions or appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of

review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of the Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(v) "Group Defendants" means Lei Cao, Zhikang Huang, Tuo Pan, Xiaohuan Huang, Jing Shan, Tieling Liu, Jing Wang, Lei Nie, and John Levy.

(w) "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(x) "Individual Defendant" means Yang Jie.

(y) "Judgment" means the final judgment in the form of Order to be entered by the Court approving the Settlement.

(z) "Lead Counsel" means the law firm Berger Montague PC.

(aa) "Lead Plaintiffs" mean Ruibin Wang, Sen Gao, Luxiao Xu, and Congli Huo.

(bb) "Local Counsel" means the law firm Kirby McInerney LLP.

(cc) "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(dd) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any Service Award awarded by the Court.

(ee) "Notice" means the notice(s) of: (i) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees, the Reimbursement of Litigation Expenses, and Service Awards to the Class Representatives which is to be mailed to Settlement Class Members.

(ff) "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(gg) "Parties" means Singularity and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(hh) "Person" means an individual, corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, limited liability company or corporation, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

(ii) "Plaintiffs' Counsel" means Lead Counsel, Local Counsel, and all other legal counsel who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

(jj) "Plaintiff Releasees" means Lead Plaintiffs, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(kk) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund.

(ll) "Preliminary Approval Order" means the form of Order to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(mm) "Released Claims" means all Released Defendant's Claims and all Released Plaintiffs' Claims.

(nn) "Released Defendant's Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action, that Singularity has or may have against Lead Plaintiffs, Plaintiffs' Counsel, or members of the Settlement Class. Released Defendant's Claims do not include any claims relating to the enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion from the Settlement Class that is accepted by the Court.

(oo) "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: asserted in the Complaint arising out of or are based upon the allegations, transactions,

facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition of Singularity common stock during the Settlement Class Period. However, Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or that submits a request for exclusion that is accepted by the Court.

(pp) "Releasee(s)" means each and any of the Defendant Releasees and each and any of the Plaintiff Releasees.

(qq) "Releases" means the releases set forth in ¶¶ 4-8 of this Stipulation.

(rr) "Settlement" means the settlement between Lead Plaintiffs and Singularity on the terms and conditions set forth in this Stipulation.

(ss) "Settlement Amount" means: $5,800,000.00[2] in cash (Cash Settlement Amount) from Singularity.

(tt) "Settlement Class" means all persons and entities who purchased or otherwise acquired Singularity securities between February 2, 2021 and February 24, 2023, inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) Singularity, including its current and former officers and directors; (ii) the Individual Defendant and members of his Immediate Family; (iii) the Group Defendants and members of their Immediate Families; (iv) the legal representatives, heirs, successors, or assigns of any and all of the foregoing; (v) any entity in which any Singularity has or had a controlling interest; (vi) any trust of which the Individual Defendant and any Group Defendant is the settlor or that is for the benefit of the Individual Defendant and any Group Defendant or their respective Immediate

[2] The Settlement Amount includes the $2,000,000.00 currently held in the Escrow Account in connection with the Original Stipulation.

Families; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (v) hereof. Also excluded from the Settlement Class are any persons and entities who or that validly exclude themselves by submitting a request for exclusion that is accepted by the Court.

(uu) "Settlement Brokerage Account" means a brokerage account controlled by the Escrow Agent for purposes of effectuating the terms of this Stipulation.

(vv) "Class Member" means each person and entity who or that is a member of the Settlement Class.

(ww) "Class Period" means the period between February 2, 2021 and February 24, 2023, inclusive.

(xx) "Settlement Fund" means the Cash Settlement Amount plus any and all interest accrued thereon while in the Escrow Account (the "Cash Settlement Fund"). The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation §1.468B-1.

(yy) "Settlement Hearing" (or "Fairness Hearing") means the hearing set by the Court under Federal Rules of Civil Procedure 23(e)(2) and/or Section 3(a)(10) of the Securities Act of 1933 to consider final approval of the Settlement.

(zz) "Settling Defendant" means Singularity.

(aaa) "Singularity" or the "Company" means Singularity Future Technology, Ltd. f/k/a Sino-Global Shipping America Ltd.

(bbb) "Singularity's Counsel" means Mark David Hunter, Esq., of the law firm Hunter Taubman Fischer & Li LLC.

(ccc) "Summary Notice" means the Summary Notice of: (i) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement; (ii) Settlement Fairness Hearing; and (iii) Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards to the Class Representatives.

(ddd) "Supplemental Notice Costs" means all notice, publication, administration and other costs arising from provision of notice of this Amended Stipulation and Agreement of Settlement pursuant to and administration and publication costs arising from the provision of supplemental notice, subject to the provisions in ¶ 16 below.

(eee) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(fff) "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendant's Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, that, if known by him, her, or it, might have affected his, her or its decision(s) with respect to this Settlement.

## CLASS CERTIFICATION

2. Solely for purpose of the Settlement and for no other purpose, Singularity stipulates and agrees to: (a) certification of the Action as a class action pursuant to Rules 23(a)

and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

**PRELIMINARY APPROVAL OF SETTLEMENT**

3. Within fourteen (14) calendar days of execution of this Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, certification of the Settlement Class for settlement purposes only, and the scheduling of a hearing for consideration of final approval of the Settlement, which motion Singularity shall not oppose. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Singularity shall consent to, entry of the Preliminary Approval Order. Singularity shall have a right to review Plaintiffs' proposed Preliminary Approval Order before it is filed. Singularity may suggest revisions, which Plaintiffs agree to consider in good faith, as long as Singularity provides its suggested revisions or comments within three (3) business days of having received any such document or documents from Plaintiffs, or such other time as the Settling Parties may agree.

**RELEASE OF CLAIMS**

4. The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Singularity, the Individual Defendant, and the Group Defendants; and (ii) the Releases provided for herein.

5. Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall

be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Claim against Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Claims against any Defendant Releasees. This release shall not apply to any Excluded Claim.

6. Pursuant to the Judgment, or the Alternate Judgment (if applicable), without further action by anyone, upon the Effective Date of the Settlement, Singularity on its own behalf and on behalf of its officers, directors, executors, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every claim Singularity has or may have against Lead Plaintiff and members of the Settlement Class, and shall forever be barred and enjoined from prosecuting any or all of the Plaintiff Releasees.

7. This release shall not apply to any person or entity who or that submits a request for exclusion from the Settlement Class that is accepted by the Court.

8. In addition to the provisions of Paragraphs 4-7, each Lead Plaintiff and each of the other Settlement Class Members, and Singularity expressly waive and release, upon final approval of this Settlement Agreement, any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or by any law of any state or territory of the U.S., or principle of common law, which is similar,

comparable, or equivalent to § 1542 of the California Civil Code.

9. Notwithstanding ¶¶ 4-8 above, nothing in the Judgment, or the Alternate Judgment (if applicable), shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment (if applicable).

## CONSIDERATION FOR THE SETTLEMENT

10. In consideration of the settlement of the Released Plaintiffs' Claims for the benefit of the Defendant Releasees, Singularity shall pay or cause to be paid the Cash Settlement Amount into the Escrow Account(s) established for the Settlement and controlled by Lead Counsel, subject to the authority of the Court, as follows: (a) no later than fifteen (15) calendar days after the execution of this Amended Stipulation and Singularity's Counsel's receipt from Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account (including wiring instructions that include the bank name and ABA routing number, account name and number, the contact information of an individual who can verbally confirm the wire instructions, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited), Singularity shall deposit $1,500,000.00 (the "Initial Payment"), provided, however, that (i) Singularity shall have an additional grace period of up to fifteen (15) calendar days solely to account for any banking, wire transfer, or processing delays not caused by Singularity, and (ii) if Singularity fails to make the Initial Payment within such fifteen (15) day grace period, Singularity shall be deemed to be in breach of this Amended Stipulation; and (b) deposit the remaining $2,300,000.00 within sixty (60) days of the Initial Payment.

(a) Any failure by Defendant Singularity to make any payment as set forth above in ¶ 10 when due shall constitute a material breach of this Stipulation by Singularity.

Plaintiffs shall have the right, in their sole discretion, to: (a) terminate the Settlement; and/or (b) declare the entire unpaid balance of the Settlement Amount, together with any accrued interest, immediately due and payable. If Plaintiffs elect to terminate this Settlement Agreement pursuant to this paragraph, then this Settlement Agreement shall be null and void, and Plaintiffs shall be entitled to file and enforce the Confession of Judgment executed by Defendant Singularity in the form attached hereto as Exhibit A, for the unpaid balance of the Settlement Amount, less any amounts previously paid pursuant to this Stipulation, together with any applicable interest, costs, and attorneys' fees recoverable hereunder.

(b) Notwithstanding any other provision of this Settlement Agreement, the release granted to Defendant Jie shall be expressly conditioned upon Singularity's full and timely performance of all payment obligations under this Settlement Agreement. In the event of any uncured default by Singularity, no release shall become effective as to Defendant Jie, and Plaintiffs reserve all rights and remedies against Defendant Jie.

(c) So long as Singularity is not in default of this Stipulation and continues to comply with the settlement payment schedule set forth in ¶ 10, Plaintiffs will not take any action that would be reasonably expected to interfere with or adversely affect Singularity's operational and financing activities.

**USE OF SETTLEMENT FUND**

11. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any Service Award to the Lead Plaintiffs awarded by the Court; and (e) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants.

12. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. The Escrow Agent shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury bills, a U.S. Treasury Fund, or a bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation; or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. Singularity shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

13. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Upon written request, Singularity will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause

the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. For clarity, all interest or other economic benefits derived from the Qualified Settlement Fund shall be included in the Settlement Amount and shall not be used to provide benefits or income to any third parties.

14. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendant Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

15. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, neither Singularity nor any Defendant Releasee, nor any other person or entity who or that paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

16. Upon preliminary approval of the proposed settlement, notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Defendant Singularity shall pay for any incurred Supplemental Notice Costs arising from the need to provide notice in

connection with this Amended Stipulation and Agreement of Settlement and administration and publication costs arising from the provision of supplemental notice, subject to the following terms: (a) Defendant Singularity shall be responsible only for reasonable and necessary administrative expenses that are either (i) required by the Court or applicable law, including Rule 23 due process requirements, or (ii) otherwise agreed to by the parties hereto in writing; (b) Plaintiffs shall provide Defendant Singularity with the Claims Administrator's detailed breakdown of such expenses, including the supporting basis and any third-party quotes or invoices, prior to finalization; and (c) except as otherwise provided herein, any amount in excess of $58,397.90 shall require Defendant Singularity's prior written approval. Notwithstanding the foregoing, additional costs associated with supplemental postcard notices or mailers requested by absent class members, to the extent required to comply with Rule 23, Court requirements, or applicable due process obligations, shall not require Defendant Singularity's prior written approval, provided that Plaintiffs promptly provide Defendant Singularity with supporting documentation and a detailed breakdown of such additional costs. Class Counsel may pay up to $250,000 from the Administration Tranche without further approval from Singularity or further order of the Court, all Escrow Agent Costs and Notice and Administration Costs actually incurred and paid or payable, exclusive of any Supplemental Notice Costs.

17. Such Notice and Administration Costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant

to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Singularity, any of the other Defendant Releasees, or any other person or entity who or that paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

18. Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid from (and out of) the Settlement Fund, including the *pro rata* portion of any interest earned thereon. Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, including the *pro rata* portion of any interest earned thereon, which may include a request for reimbursement of Plaintiff's Counsel's costs and expenses directly related to the representation of the Settlement Class, to be paid from (and out of) the Settlement Fund. Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Singularity and Lead Plaintiffs other than what is set forth in this Stipulation.

19. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Singularity's Counsel

notice of the termination of the Settlement; (b) Lead Plaintiffs terminate the Settlement; or (c) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

20. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner that they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendant Releasees shall have no authority, responsibility for, or liability, whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses, including any interest thereon, that are awarded to Plaintiffs' Counsel shall be payable solely from the Settlement Fund.

## **NOTICE AND SETTLEMENT ADMINISTRATION**

21. As part of the Preliminary Approval Order, Lead Plaintiffs shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than Singularity's obligation to provide its securities holders records as provided in ¶ 22 below, none of the Defendant Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to,

Lead Plaintiffs, any other Settlement Class Members, or Lead Counsel in connection with the foregoing. Singularity's Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within fourteen (14) calendar days of the date of entry of the Preliminary Approval Order, Singularity shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) its list(s) (consisting of names and addresses) of Singularity shareholders of record during the Settlement Class Period.

23. The Claims Administrator shall receive Claims and determine: (a) whether the Claim is a valid Claim, in whole or part; and (b) each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation to be submitted to the Court for approval).

24. The Plan of Allocation is not a necessary term of the Settlement or of this Stipulation, and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendant

Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action. No Defendant Releasee shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

25. Any Settlement Class Member who does not submit a timely and valid Claim Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment, or the Alternate Judgment (if applicable), to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendant Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

26. Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant Releasee shall be permitted to review, contest, or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

27. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the

validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

28. Lead Counsel shall apply to the Court, with notice to Singularity's Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment from the Escrow Account of any administration fees and expenses associated with the administration of the Settlement; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund from the Escrow Account to Authorized Claimants.

29. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment (if applicable) to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendant Releasees with respect to any and all of the Released Plaintiffs' Claims.

30. No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendant Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Singularity, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the

determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the exclusive jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations. Lead Counsel, in their sole discretion, may authorize the Claims Administrator to consider late claims.

## TERMS OF THE JUDGMENT

32. In the event the Court enters an order preliminarily approving the Settlement, Lead Plaintiffs shall draft a motion for final approval of the Settlement and all necessary supporting documents. Singularity shall have a right to review Lead Plaintiffs' motion for final approval, Lead Plaintiffs' memorandum of law in support of final approval, and the proposed form of order. Singularity may request the opportunity to review Lead Plaintiffs' memorandum of law in support of final approval, and the proposed form of order and suggest revisions, which Lead Plaintiffs agree to consider in good faith, as long as Singularity provides its suggested revisions or comments within seven (7) business days of having received any such document or documents from Lead Plaintiffs, or other such time as the Settling Parties may agree. Lead Plaintiffs will file the motion for final approval pursuant to the schedule ordered by the Court. The final approval motion shall seek entry of a final approval order, including:

i. finding that the notice given to members of the Settlement Class as part of the Notice Plan constitutes due, adequate, and sufficient notice and meets the requirements of due process and the Federal Rules of Civil Procedure;

ii. finding the Settlement to be fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23, and directing consummation of the Settlement pursuant to its terms;

iii. finding that all members of the Settlement Class, who did not timely and validly opt out, and all Lead Plaintiffs, shall be bound by the Settlement Agreement and all of its terms;

iv. finding that the Plaintiff Releasees and Defendant Releasees shall be bound by the release as set forth in Paragraphs 4-8 of this Settlement Agreement;

v. directing that the Action be dismissed with prejudice as to Defendant Releasees and without costs as to any Plaintiff Releasees;

vi. retaining exclusive jurisdiction over the Settlement, including the administration, enforcement, and consummation of the Settlement in the Action; and

vii. determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal of the Action as to the Defendant Releasees shall be final.

33. If the Settlement contemplated by this Stipulation is approved by the Court, Plaintiffs' Counsel, and Singularity's Counsel shall jointly request that the Court enter a Judgment.

**CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION**

34. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a) the Court has entered the Preliminary Approval Order, as required by ¶ 3 above;

(b) the Cash Settlement Amount  have been placed into the Escrow Accounts (as provided by instructions from Lead Counsel) in accordance with the provisions of ¶ 10 above;

(c) Singularity has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d) Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e) the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and neither Lead Plaintiffs nor Singularity have sought to terminate the Settlement and the Alternate Judgment has become Final.

35. Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of Singularity in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

36. If: (i) Singularity exercises its right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a) The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b) Lead Plaintiffs and Singularity shall revert to their respective positions in the Action as of May 29, 2025 (term sheet execution date for the Original Stipulation).

(c) The terms and provisions of this Stipulation, with the exception of this ¶ 36 and ¶¶ 14, 16, 31, and 39, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment (if applicable), or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d) Within five (5) business days after joint written notification of termination is sent by Singularity's Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Lead Counsel consistent with ¶ 10 above), less any Notice and Administration Costs actually incurred, paid, or payable and less any Taxes paid, due, or owing, and less any Escrow Agent fees actually incurred, paid, or payable shall be refunded by the Escrow Agent to the funding parties of the Settlement. In the event that the funds received by Lead Counsel consistent with ¶ 10 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to the funding parties of the Settlement immediately upon their deposit into the Escrow Account consistent with ¶ 10 above.

37. It is further stipulated and agreed that Lead Plaintiffs and Singularity shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to the other Party to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court, and the provisions of ¶ 36 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees, service awards to the Lead Plaintiffs, or reimbursement of Litigation Expenses, or with respect to any Plan of Allocation, shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment (if applicable) and shall not be grounds for termination of the Settlement.

## NO ADMISSION OF WRONGDOING

38. Neither this Stipulation (whether or not consummated), including any exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by

Singularity with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by Singularity, or in any way referred to for any other reason as against Singularity, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff Releasees that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided*, *however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

**MISCELLANEOUS PROVISIONS**

39. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or

inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40. Singularity warrants that, as to the payments made or to be made by or on behalf of Singularity, at the time of entering into this Stipulation and at the time of such payment, Singularity is not insolvent, nor will the payment required to be made render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by Singularity itself not by Singularity's Counsel.

41. In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Singularity to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Singularity shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment (if applicable), entered in favor of Singularity and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment (if applicable), shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 36 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 36.

42. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Lead Plaintiffs and all Settlement Class Members against Singularity, the Individual Defendant, and the Group Defendants. Accordingly, Lead Plaintiffs and their counsel and Singularity and its counsel agree not to assert

in any forum that this Action was brought by Lead Plaintiffs or defended by Singularity in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Federal Rule of Civil Procedure 11 relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Mr. Robert Herschman, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43. Singularity and its counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiffs and their counsel and Singularity and its counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Singularity (or their successors-in-interest).

45. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel, Service Awards to Lead Plaintiffs, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

47. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48. This Stipulation and its exhibits constitute the entire agreement among Lead Plaintiffs and Singularity concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, or its exhibits, other than those contained and memorialized in such documents.

49. This Stipulation may be executed in one or more counterparts, including by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

51. The construction, interpretation, operation, effect, and validity of this Stipulation, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that this Stipulation is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55. Lead Counsel and Singularity's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Lead Plaintiffs or Lead Counsel:

Berger Montague PC
Attn: Michael Dell'Angelo
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bergermontague.com

If to Singularity: Hunter Taubman Fischer & LI LLC
Attn: Mark D. Hunter
848 Brickell Avenue, Suite 200
Miami, FL 33131
Tel: (305) 629-1180
Email: mhunter@htflawyers.com

57. Except as otherwise provided herein, each Party shall bear its own costs.

58. Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

59. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60. Singularity shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"). Singularity shall provide a copy of such notices as well as proof of service of such notices to Lead Counsel. In accordance with 28 U.S.C. § 1715(d), the Settlement Hearing shall not be held earlier than ninety (90) days after any such requisite notices are served. Singularity shall bear all cost and expenses associated with providing CAFA notice.

61. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of June 16, 2026.

**BERGER MONTAGUE PC**

By:________________________
Michael Dell'Angelo

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: mdellangelo@bergermontague.com

***Lead Counsel for Lead Plaintiffs and the Class***

**HUNTER TAUBMAN FISCHER & LI LLC**

By: Mark David Hunter
Mark D. Hunter

848 Brickell Avenue, Suite 200
Miami, FL 33131
Tel: (305) 629-1180
Email: mhunter@htflawyers.com

***Counsel for Singularity***